Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com

Attorneys for Defendant Armando Saldate, Jr.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Debra Jean Milke<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix; Maricopa County; and Detective Armando Saldate, Jr. and Sergeant Silverio Ontiveros, in their individual capacities,<br><br>Defendants. | Case No. 2:15-cv-00462-ROS<br><br>**REPLY TO DEFENDANT MARICOPA COUNTY'S RESPONSE TO MOTION FOR RULING THAT DETECTIVE SALDATE WILL NOT WAIVE HIS FIFTH AMENDMENT PRIVILEGE AS TO OTHER ALLEGED MISCONDUCT BY RESPONDING TO QUESTIONS RELATED TO THE C.M. INVESTIGATION**<br><br>**(Oral Argument Requested)** |

Defendant Detective Armando Saldate, Jr. ("Detective Saldate"), through undersigned counsel, files this Reply to Defendant Maricopa County's ("Maricopa County") Response to his Motion for Ruling that He Will Not Waive His Fifth Amendment Privilege as to Other Alleged Misconduct by Responding to Questions Related to the C.M. Investigation.

. . .

1

I. **DEFENDANT MARICOPA COUNTY DOES NOT ADDRESS THE ISSUE OF WAIVER AND THUS DOES NOT OBJECT TO DETECTIVE SALDATE'S REQUEST THAT THE COURT RULE THAT HE WILL NOT BE WAIVING HIS FIFTH AMENDMENT RIGHTS BY TESTIFYING SOLELY AS TO THE C.M. INVESTIGATION.**

In its Response, Defendant Maricopa County does not address the issue of waiver, which is the sole basis for Detective Saldate's Motion. Instead, the Response reads like a motion to compel Detective Saldate to testify regarding all matters at issue in this case, and to prohibit him from invoking Fifth Amendment protection as to any questions that are put to him during discovery. However, Maricopa County has not filed a motion (or cross-motion) seeking such affirmative relief. Accordingly, this argument by Maricopa County is irrelevant and should be disregarded.

By failing to address the issue of waiver in its Response, Maricopa County has conceded that the ruling Detective Saldate has requested from the Court is appropriate and that the Court should grant Detective Saldate's motion.

II. **IMMMUNITY FROM PROSECUTION WOULD ALLOW DETECTIVE SALDATE TO TESTIFY ON ALL SUBJECTS.**

The only way to ensure that Detective Saldate will not face the possibility of criminal prosecution based on testimony he gives in this case is through a grant of immunity. If both the State of Arizona and the United States of America grant testimonial immunity to Detective Saldate, then he would not be able to assert the Fifth Amendment in response to questioning in this case because he would have no basis to fear prosecution from any answers that he gives. See United States v. Cappetto, 502 F.2d 1351, 1359 (7th Cir. 1974) ("A defendant of course has the right under the Fifth Amendment to refuse to answer a specific question on the ground that the answer may tend to incriminate him. The

2

right disappears, however, if use immunity is granted under 18 U.S.C. §§ 6002 and 6003"); United States v. Benjamin, 1986 WL 15567, at *6 (E.D. Cal. 1986) ("Further, the government may immunize witnesses in both civil and criminal cases, pursuant to the plain language of § 6003(A), as a number of courts have recognized"); State v. Ott, 167 Ariz. 420, 426, 808 P.2d 305, 311 (App. 1990) (holding that the Constitution permits the state to grant immunity to witnesses in both civil and criminal cases to protect the witness from criminal prosecution). In order to ensure that Detective Saldate is fully immune for all testimony he provides in this case, he would need to be granted immunity by both the State of Arizona and the United States Government. See Murphy v. Waterfront Comm'n of N.Y. Harbor, 378 U.S. 52, 79 (1964) abrogated on other grounds by United States v. Balsys, 524 U.S. 666 (1998) (holding that a witness who has only been granted immunity under state law may not be compelled to give testimony by a state court because his privilege against self-incrimination protects him from giving testimony that would incriminate him under federal law and further holding that unless the witness is also granted immunity under federal law, he cannot be compelled to testify by the state court).

Detective Saldate, through undersigned counsel, has communicated a request for immunity by the State of Arizona to Maricopa County's counsel. Maricopa County's counsel has advised that the request is under consideration.

. . .

. . .

. . .

### III. DETECTIVE SALDATE HAS A REASONABLE BASIS FOR BELIEVING THERE IS A POSSIBILITY HE WILL BE PROSECUTED FOR CONDUCT UNRELATED TO THE C.M. INVESTIGATION.

Detective Saldate has a reasonable basis for believing it is possible[1] he could be prosecuted as a result of information he provides during discovery based on the allegations in Plaintiff's Second Amended Complaint that are unrelated to the actions he took in the C.M. Investigation. Maricopa County argues that all criminal civil rights violation prosecutions and all criminal conspiracy prosecutions under federal law that could be brought against Detective Saldate are barred by the five-year statute of limitations. However, for the reasons set forth below, prosecution remains a possibility.

In arguing that the statute of limitations for all possible criminal prosecutions of Detective Saldate has passed and that there is no possibility of any prosecution, Maricopa County overlooks several issues. First, the Arizona Court of Appeals has ruled that there are "possible conspiracy claims under federal law that may not be time barred" based on the "cases and incidents discussed by the Ninth Circuit." State ex rel. Montgomery v. Mroz, 2014 WL 1516585, at *1 ¶ 5 (Ariz. App. Apr. 17, 2014); (Doc. 113, p. 5). Maricopa County argues that Detective Saldate erroneously relies on the Ninth Circuit's discussion in its opinion about "hypothetical testimony" that was never elicited for his belief that it is possible he could be subject to prosecution for his testimony in this case. (Doc. 121, pp. 8-

---

[1] In its Response, Maricopa County erroneously states that the standard for whether a party in a civil case can assert the Fifth Amendment privilege is that there must be "a real and appreciable danger of criminal prosecution." (Doc. 121, p. 4). In fact, the law is clear that a party can invoke Fifth Amendment protection in a civil proceeding if there is a possibility of criminal prosecution. Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1263 (9th Cir. 2000). The "real and appreciable danger" standard is applicable only in criminal cases.

9). However, nowhere in Detective Saldate's Motion does he state that he is relying on the quoted language from the Ninth Circuit in reaching the conclusion that by testifying to other instances of alleged misconduct he could be subject to prosecution. Rather, Detective Saldate has made it clear that part of his concern over possible prosecution is based on the language contained in the Arizona Court of Appeals decision that he quoted in his Motion that "with respect to the cases and incidents discussed by the Ninth Circuit in its decision, see Milke v. Ryan, 711 F.3d 998 (9th Cir. 2013), possible conspiracy claims under federal law may not be time barred" and that the letters furnished by the United States Attorney for the District of Arizona and the U.S. Department of Justice "do not conclusively negate a real and appreciable risk of prosecution" of Detective Saldate. State ex rel. Montgomery v. Mroz, 2014 WL 1516585, at *1 ¶ 5 (Ariz. App. Apr. 17, 2014). The Arizona Court of Appeals decision makes it clear that it is possible that Detective Saldate's testimony regarding actions he took in other investigations could reveal information that prosecutors construe to be overt acts in furtherance of an on-going conspiracy and thus the statute of limitations would not have run on a prosecution for conspiracy.

Additionally, Maricopa County argues without any explanation that "because no co-conspirator exists" Detective Saldate could not be prosecuted for conspiracy to violate civil rights. (Doc. 121, p. 7). However, Plaintiff makes numerous allegations in her Second Amended Complaint that other members of the City of Phoenix Police Department and/or Maricopa County prosecutors were complicit and conspired in the alleged unconstitutional tactics of Detective Saldate. (Doc. 74, ¶¶ 35-49, 168-226). Thus, Detective Saldate's responses to questions regarding other investigations he conducted could reveal the identity

5

of one or more individuals that the government could contend was a co-conspirator, subjecting Detective Saldate to prosecution for conspiracy.

Moreover, the United States Supreme Court has held that the relevant date for determining when a conspiracy concludes for purposes of the statute of limitations is the date "on which the conspiracy concludes or a date on which that defendant withdrew from that conspiracy." Smith v. United States, ____ U.S. ____, 133 S. Ct. 714, 718 (2013). In order to demonstrate withdrawal from a conspiracy, a criminal defendant must prove that he took affirmative actions inconsistent with the goals of the conspiracy more than five years before the prosecution for conspiracy commenced. Id. By answering questions about his involvement in other investigations, information could be revealed that prosecutors might contend constitutes continuing involvement in a conspiracy during the limitations period or that prosecutors contend shows that Detective Saldate did not withdraw from the alleged conspiracy prior to the commencement of the limitations period.

Next, Maricopa County admittedly disregards any alleged misconduct by Detective Saldate that occurred subsequent to the C.M. Investigation because it contends such conduct cannot form the basis of civil liability as to Maricopa County. (Doc. 121, p. 4 n.4). Plaintiff may or may not agree with that. Moreover, the scope of what is discoverable is considerably more broad than what is ultimately admissible. Thus, given the allegations in Plaintiff's Second Amended Complaint, Detective Saldate will be asked questions about those subsequent investigations. Additionally, it is clear from the allegations contained in Plaintiff's Second Amended Complaint that some of Plaintiff's questioning will pertain to practices and procedures of Detective Saldate, some of which could relate to investigations

6

that took place after the C.M. Investigation. Criminal charges relating to those subsequent investigations may not be time barred, and therefore it is possible that responding to questions related to Detective Saldate's practices and procedures, and subsequent investigations, could lead to the prosecution of Detective Saldate.

Finally, Maricopa County does not address the fact that Detective Saldate could be prosecuted for state law crimes that have a seven-year statute of limitations after actual discovery or discovery "that should have occurred with the exercise of reasonable diligence" by the prosecuting entity. A.R.S. § 13-107(B)(1). For example, it is possible that Detective Saldate could be prosecuted for obstruction of justice pursuant to A.R.S. § 13-2409, for actions he took in investigations unrelated to the C.M. investigation, particularly if prosecutors claim, based on information he provides during discovery regarding actions he took during investigations in other cases, that they just discovered the alleged crime. Arizona Revised Statutes section 13-2409 provides:

> A person who knowingly attempts by means of bribery, misrepresentation, intimidation or force or threats of force to obstruct, delay or prevent the communication of information or testimony relating to a violation of any criminal statute to a peace officer, magistrate, prosecutor or grand jury or who knowingly injures another in his person or property on account of the giving by the latter or by any other person of any such information or testimony to a peace officer, magistrate, prosecutor or grand jury is guilty of a class 5 felony.

Therefore, Maricopa County's conclusion that prosecution for all possible crimes for which Detective Saldate could be prosecuted is barred by the statute of limitations is incorrect because prosecution remains a possibility.

For all of these reasons, Detective Saldate believes that he faces the possibility of criminal prosecution arising out of, and related to, the matters alleged in the Plaintiff's

7

Second Amended Complaint to which he asserted his Fifth Amendment privilege in his Answer.

## IV. CONCLUSION.

For the reasons set forth above and in Detective Saldate's Motion for Ruling that He Will Not Waive His Fifth Amendment Privilege as to Other Alleged Misconduct by Responding to Questions Related to the C.M. Investigation, Detective Saldate respectfully requests that the Court issue an Order ruling that if Detective Saldate responds to questions during discovery related solely to his involvement in the C.M. Investigation, he will not be waiving his Fifth Amendment privilege to remain silent as to all other alleged crimes or misconduct.

DATED this 22nd day of November, 2016.

**BERKE LAW FIRM, PLLC**


By  s/ Jody C. Corbett
   Lori V. Berke
   Jody C. Corbett
   Attorneys for Defendant Armando
      Saldate, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2016 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Anna Benvenutti Hoffmann | Anna@nsbcivilrights.com |
| Christina Gail Retts | cretts@swlfirm.com |
| | lpiasecki@swlfirm.com |
| | swolford@swlfirm.com |
| Daniel J. O'Connor | caseadmin@occlaw.com |
| Farhang Heydari | Farhang@nsbcivilrights.com, |

8

| | | |
|---|---|---|
| | Jacob Brady Lee | madhu@nsbcivilrights.com jlee@swlfirm.com, arowley@swlfirm.com |
| | James A. Eaves | artie.eaves@sanderssparks.com michele.logan@sanderssparks.com |
| | James Edward Doman, Jr. | eddy.doman@occlaw.com allison.moore@occlaw.com |
| | Jesse Morgan Showalter | jshowalter@hoklaw.com gzappia@hoklaw.com jesses@gmail.com pkelly@hoklaw.com traymond@hoklaw.com |
| | Jody Campbell Corbett | jody@berkelawfirm.com laine@berkelawfirm.com, shirley@berkelawfirm.com |
| | Kathleen L. Wieneke | kwieneke@swlfirm.com lpiasecki@swlfirm.com |
| | Lori V. Berke | lori@berkelawfirm.com laine@berkelawfirm.com shirley@berkelawfirm.com |
| | Michael D. Kimerer | MDK@kimerer.com jpak@kimerer.com mwallingsford@kimerer.com |
| | Nicholas Daniel Acedo | NAcedo@swlfirm.com swolford@swlfirm.com |
| | Nick J. Brustin | nick@nsbcivilrights.com david@nsbcivilrights.com elizabeth@nsbcivilrights.com |
| | Rhonda Elaine Neff | rneff@kimerer.com mwallingsford@kimerer.com rhondaneff@cox.net |
| | Robin Elyce Burgess | robin.burgess@sanderssparks.com michele.logan@sanderssparks.com |
| | Sally Ann Odegard | sodegard@hoklaw.com gzappia@hoklaw.com |
| | Shane Paul Dyet | Shane.Dyet@occlaw.com |

  s/ Jody C. Corbett