Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com

Attorneys for Defendant Armando Saldate, Jr.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| Debra Jean Milke | Case No. 2:15-cv-00462-ROS |
|---|---|
| Plaintiff, | **REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR RULING THAT DETECTIVE SALDATE WILL NOT WAIVE HIS FIFTH AMENDMENT PRIVILEGE AS TO OTHER ALLEGED MISCONDUCT BY RESPONDING TO QUESTIONS RELATED TO THE C.M. INVESTIGATION** |
| vs. | |
| City of Phoenix; Maricopa County; and Detective Armando Saldate, Jr. and Sergeant Silverio Ontiveros, in their individual capacities, | |
| Defendants. | |
| | **(Oral Argument Requested)** |

Defendant Detective Armando Saldate, Jr. ("Detective Saldate"), through undersigned counsel, files this Reply to Plaintiff Debra Milke's ("Plaintiff") Response to his Motion for Ruling that Detective Saldate Will Not Waive His Fifth Amendment Privilege as to Other Alleged Misconduct by Responding to Questions Related to the C.M. Investigation.

. . .

. . .

1

I. **PLAINTIFF DOES NOT DISPUTE THAT DETECTIVE SALDATE CAN ANSWER QUESTIONS ABOUT THE C.M. INVESTIGATION WITHOUT WAIVING HIS FIFTH AMENDMENT PRIVILEGE AS TO OTHER ALLEGED MISCONDUCT.**

In her Response, Plaintiff states that she does not contend that by answering questions about the C.M. investigation, Detective Saldate "would necessarily waive any right he has to invoke his privilege as to other misconduct." (Doc. 122, pp. 1-2). She also agrees that Detective Saldate can invoke Fifth Amendment protection as to some questions and not others. (Doc. 122, pp. 5-6). The only issue before the Court is whether Detective Saldate can testify regarding actions he took in the C.M. Investigation without waiving his Fifth Amendment privilege in connection with actions he took outside the C.M. Investigation, i.e. actions he took in other investigations, as well as his general procedures and practices, including his training. Plaintiff apparently agrees that Detective Saldate can testify regarding his involvement in the C.M. Investigation without waiving his Fifth Amendment privilege as to any other matters, but Detective Saldate wants to be assured of that by an Order of this Court.

II. **RULING ON THIS ISSUE NOW WILL NOT BE AN IMPERMISSIBLE ADVISORY OPINION.**

Plaintiff's only objection to Detective Saldate's Motion is that she believes the motion is premature because the Court currently does not have enough information to rule on the issue and it therefore constitutes an advisory opinion.[1] That is not the case. In the

---

[1] Plaintiff's argument that Detective Saldate's assertion that his Answer was not made under oath conflicts with his argument that there is a ripe controversy on which the Court can rule is without merit. Plaintiff does not dispute that Detective Saldate's Answer was not made under oath and is not a binding admission or waiver. As set forth in detail in this section of the Reply, there is a controversy before the Court because Detective Saldate

2

case of <u>In re Commercial Fin. Servs., Inc.</u>, 247 B.R. 828, 836–37 (N.D. Okla. 2000), which Detective Saldate cites in his Motion, the court held that it could issue findings of fact and legal conclusions on the issue of whether the bankruptcy debtor would be waiving its attorney-client privilege as to some categories of unidentified documents **if** other categories of documents were produced in response to discovery requests and that its ruling would not be an advisory opinion. That case is instructive and applicable here because in that case, just as in this case, the debtor was seeking guidance from the court as to what the consequences of responding to discovery in a particular way would be before it responded.[2]

Plaintiff cites numerous cases in her Response that she claims support her argument that Detective Saldate's motion is premature and is a request for an advisory opinion. However, none of those cases address the scenario present in this case, namely whether Detective Saldate can seek a ruling from the Court addressing whether, by providing

---

has set forth in his Answer the specific areas of inquiry to which he would like to respond if he is assured he will not be waiving his right to assert the Fifth Amendment as to other areas of inquiry. He faces serious consequences, including the possibility of having his Answer stricken and default entered if he does not receive guidance from the Court on the issue of waiver.

[2]Plaintiff's reliance on <u>United States v. Bright</u>, 596 F.3d 683, 691–92 (9th Cir. 2010), in an attempt to distinguish this case from <u>In re Commercial Fin. Servs.</u>, on the basis that <u>In re Commercial Fin. Servs.</u> involved production of documents whereas this case involves oral testimony, is misplaced. In <u>Bright</u>, the court was simply stating that a blanket assertion of privilege to a request for production of documents was the same as a repeated assertion of the privilege to each category of documents requested. The court stated that it would not have the same information available to make a ruling if a blanket assertion of the Fifth Amendment had been made by a taxpayer refusing to testify at all on all subject areas. Here, Detective Saldate is not asking for the Court's blessing to assert his Fifth Amendment privilege to all questions. He is merely asking for a ruling as to whether he will be waiving his Fifth Amendment privilege if he answers questions related only to actions he took in the C.M. Investigation. Additionally, as set forth below, Plaintiff has already propounded written discovery requests to Detective Saldate asking for documents related to other investigations in which Plaintiff alleges he engaged in misconduct. Therefore, <u>Bright</u> does not support Plaintiff's argument that a ruling in this case would be premature.

testimony regarding a particular subject, he will be waiving his Fifth Amendment privilege as to other subject areas. Indeed, all of the cases Plaintiff cites are distinguishable from this case and one actually supports Detective Saldate's request. In United States v. Bounos, 693 F.2d 38, 39 (7th Cir. 1982), the court held that it was proper for the district court to rule that the defendants would not be waiving their Fifth Amendment rights if they confessed guilt for the purpose of making out their double jeopardy claim. The request by the defendants that was premature in that case was their request for a grant of immunity from the district court before they decided whether to testify in the double jeopardy hearing. Id. In this case, Detective Saldate is asking the Court to make precisely the ruling that the Seventh Circuit held was permissible—whether Detective Saldate will be waiving his Fifth Amendment privilege if he responds to questions regarding his involvement in the C.M. Investigation. Therefore, based on the holding in Bounos, Detective Saldate is not asking the Court for a premature advisory opinion.

In Communist Party of U.S. v. Subversive Activities Control Bd., 367 U.S. 1, 106-107 (1961), the court held that the request to rule on the issue of whether communist party officers would be incriminating themselves by filing paperwork with the Subversive Activities Control Board was premature because the paperwork at issue would only need to be filed if the party failed to register as required by federal regulations within a certain timeframe and the controversy had not yet arisen because the party had not failed to register. In this case, Detective Saldate will be deposed and will be asked questions regarding his involvement in the C.M. Investigation and regarding claims of alleged misconduct as set forth in the Second Amended Complaint that are unrelated to the C.M.

Investigation. Indeed, Plaintiff is already seeking discovery related to all of the allegations in the Second Amended Complaint because she recently propounded a Request for Production of documents to Detective Saldate in which she asks him to produce documents related to the C.M. Investigation, documents related to allegations of misconduct unrelated to the C.M. Investigation, and documents related to whether Detective Saldate might be prosecuted for any alleged criminal conduct. (See Plaintiff's First Request for Production of Documents and Things to Defendant Armando Saldate, dated November 4, 2016, Nos. 1-9, 15-16, attached hereto as Exhibit 1). Therefore, it is clear that there is an existing controversy between the parties and it is not premature for this Court to rule on what the consequences will be if Detective Saldate responds to discovery regarding his actions in the C.M. Investigation.

In Herron v. E.P.A., 163 F.3d 606 (9th Cir. 1998) (unpublished), the court ruled that a corporation president's lawsuit based on his refusal to answer two information requests from the EPA without explaining the basis for his Fifth Amendment objection was premature and properly dismissed by the district court. Again, in this case, it is certain that Detective Saldate will be deposed and that Plaintiff's counsel will ask him questions regarding his involvement in the C.M. Investigation. It is not premature for the Court to rule on whether Detective Saldate will be waiving his Fifth Amendment privilege if he responds to those questions.

The remainder of the cases cited by Plaintiff are equally inapposite. See In re Citroen, 267 F.2d 915, 916 (2nd Cir. 1959) (holding that it was premature for the court to rule on the scope of statutory immunity that could be granted by the grand jury to a grand

jury witness when the witness had not even appeared to testify and the grand jury had not offered the witness immunity); In re Wright, 220 B.R. 543, 545 (S.D.N.Y. 1998) (denying a bankruptcy debtor's request for a protective order that all documents he would be producing and all testimony he would be giving in the bankruptcy proceeding would not constitute a waiver of his Fifth Amendment rights because a protective order was not the appropriate procedure to use to obtain such a ruling and the debtor had not specified what documents he would produce and what his testimony would be); S.E.C. v. Acree, 1992 WL 427369, at *1 (D.D.C. 1992) (stating that the defendant's motion for a protective order based on his Fifth Amendment rights was premature because he was asking for the court to order that he did not need to respond to the discovery requests at all); In re Commonwealth Fin. Corp., 288 F. Supp. 912, 913 (E.D. Pa. 1968) (denying the bankruptcy petitioner's application for a stay pending appeal of the court's order directing the petitioner to be deposed as premature because the petitioner failed to indicate which areas of inquiry he considered protected by the Fifth Amendment). Therefore, Plaintiff has failed to provide the Court with any applicable authority to show that ruling on this Motion would be a premature advisory opinion.

Plaintiff simply asserts that the Court cannot rule on Detective Saldate's request at this time because the Court does not know the precise questions that will be posed to Detective Saldate at his deposition and how Detective Saldate will respond. However, Detective Saldate has specifically laid out the topic areas to which he would like to testify—his involvement in the C.M. Investigation—if the Court rules that he will not be waiving his Fifth Amendment privilege as to all other alleged misconduct. Additionally,

Plaintiff fails to provide an alternative time or method for the Court to address this issue. Indeed, Plaintiff appears to be proposing that the Court be on standby during Detective Saldate's entire deposition so that every time Detective Saldate asserts his privilege, the Court can rule on whether the privilege was properly asserted or whether it was waived by previous questions. Alternatively, Plaintiff appears to be proposing that Detective Saldate's deposition be conducted piecemeal over many weeks while the parties go back and forth to the Court to obtain rulings on waiver and privilege as to specific areas of questions. Either process would be extremely inefficient and would result in an enormous waste of judicial resources.

Without a ruling from this Court on the issue of waiver before any questioning occurs, Detective Saldate will be left with no choice but to assert the Fifth Amendment as to nearly all questions asked of him. Therefore, it is essential that the Court rule on this issue at this time so that Detective Saldate can make an informed decision as to how he should proceed with responding to discovery and so the parties can proceed with unencumbered discovery in an efficient manner.

**III. THIS COURT CAN AND SHOULD RULE THAT BY ANSWERING QUESTIONS REGARDING HIS ACTIONS IN THE C.M. INVESTIGATION, DETECTIVE SALDATE WILL NOT BE WAIVING HIS FIFTH AMENDMENT PRIVILEGE AS TO OTHER ALLEGED UNLAWFUL OR CRIMINAL CONDUCT.**

As set forth in his Motion, Detective Saldate does not intend to testify regarding his involvement in the C.M. Investigation if doing so would constitute a waiver of his Fifth Amendment privilege as to other alleged unlawful or criminal conduct. Detective Saldate believes that he faces the possibility of criminal prosecution arising out of, and related to,

other investigations in which he was involved. Plaintiff does not dispute that Detective Saldate can testify regarding the C.M. Investigation without waiving his Fifth Amendment privilege as to other alleged misconduct. However, at the same time, Plaintiff argues that if Detective Saldate answers questions only related to the C.M. Investigation, he may "open the door" to answering questions in areas that are "unrelated" to the C.M. Investigation. Specifically, Plaintiff questions how Detective Saldate will respond to "a great many other questions, including, for example, his prior interrogation training, interactions with and reporting to police supervisors, misconduct of other Homicide detectives . . ., or what information he and others conveyed to Assistant County Attorneys on a range of cases." (Doc. 122, p. 2). Plaintiff also asserts that if Detective Saldate answers questions regarding "prior training or practices," he may "inadvertently" waive his privilege as to his conduct that is unrelated to the C.M. Investigation. (Doc. 122, p. 6). However, Detective Saldate made it very clear in his Answer to the Second Amended Complaint that he currently intends to assert his Fifth Amendment privilege as to questions regarding alleged misconduct unrelated to the actions he took in the C.M. Investigation, his procedures, his practices, and his training. (See Doc. 120, ¶¶ 42-43, 71, 77, 168-169, 182-187, 191, 252). For example, in response to paragraph 71 of the Second Amended Complaint, which alleges that "[i]t was Saldate's practice to conduct his interrogations alone, without any witnesses, and without creating any recording" and that Detective Saldate used "unconstitutional practices during interrogations" (Doc. 74, ¶ 71), he stated:

> Responding to Paragraph 71 of the SAC, Defendant Saldate asserts that to the extent the allegations may be read to concern or relate to acts or omissions of Defendant Saldate concerning or relating to events other than the investigation of Plaintiff's criminal case, Defendant Saldate respectfully invokes his Fifth

8

Amendment Privilege against self-incrimination and declines to respond to those allegations, since the possibility of criminal prosecution still exists.

(Doc. 120, ¶ 71).

Detective Saldate faces serious consequences if he asserts his Fifth Amendment privilege on all issues, and this Court later rules that he did not have a good faith basis to do so. Plaintiff fails to cite any case law to the contrary. In her Response, Plaintiff simply argues that because in <u>Industrial Indem. Co. v. Niebling</u>, 844 F. Supp. 1374, 1378 (D. Ariz. 1994), the court ultimately held that it would not strike the defendant's answer and enter default judgment as a sanction, that is not a risk that Detective Saldate faces in this case because "there is no reasonable fear that any court will find Saldate in *default* in this action." (Doc. 122, p. 5, n.3). However, Plaintiff fails to demonstrate that Detective Saldate faces no risk that the Court could find that his invocation of the Fifth Amendment was not made in good faith and, in consequence, could strike his Answer and enter default judgment against him. Indeed, there are numerous cases in which that exact scenario occurred. See <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981) (holding that the defendant's blanket claim of privilege in response to the plaintiff's interrogatories was made in bad faith because he failed to adequately support his assertion of the privilege with the possibility of criminal prosecution for his responses and affirming the district court's order striking the defendant's answer and entering default judgment in favor of the plaintiff); <u>Baker v. Limber</u>, 647 F.2d 912, 918 (9th Cir. 1981) (upholding the district court's sanction of striking an answer and entering default against a defendant who improperly asserted the privilege); <u>North River Ins. Co., Inc. v. Stefanou</u>, 831 F.2d 484, 486 (4th Cir. 1987) (affirming the district court's grant of judgment on the pleadings when defendant

9

improperly asserted the privilege with respect to the entire complaint); United States v. Carroll, 567 F.2d 955, 957 (10th Cir. 1977) (affirming the district court's imposition of sanctions in civil contempt proceeding because the respondent tax protestor refused "to answer simple and specific questions" without providing a basis to show how his answers would incriminate him). To navigate the conflict between his Fifth Amendment privilege not to incriminate himself and the consequence of possibly having his Answer stricken and default judgment entered against him (or other sanctions imposed), Detective Saldate needs guidance from this Court. Detective Saldate needs the assurance of this Court that if he provides testimony concerning his involvement in the C.M. Investigation, his Fifth Amendment privilege will not be waived as to any other alleged crimes or instances of misconduct. Therefore, it is vital that this Court make a ruling on this issue before discovery commences and before Detective Saldate faces questions on all topics, including those regarding his involvement in the C.M. Investigation.

## VI. DETECTIVE SALDATE HAS ALREADY PROVIDED PLAINTIFF WITH THE INFORMATION HE HAS REGARDING HIS RIGHT TO INDEMNIFICATION BY THE CITY OF PHOENIX AND HIS DUTY TO COOPERATE.

Plaintiff argues that Detective Saldate has changed his position since 2013 and 2014 when he sought to invoke his Fifth Amendment privilege as to all questions asked him as a witness in Plaintiff's criminal retrial. Plaintiff speculates that this alleged change in position is based on Detective Saldate's fear that damages could be awarded against him in this case. Plaintiff is incorrect. The position Detective Saldate has taken with respect to asserting his Fifth Amendment privilege in this case takes into account that this is a civil case and not a criminal case, and a party in a civil case is not permitted to make a blanket

assertion of the Fifth Amendment, but must instead assert the privilege question by question. Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1263 (9th Cir. 2000). A witness in a criminal case is allowed to make a blanket assertion of his Fifth Amendment privilege to all questions asked of him. State v. Rosas-Hernandez, 202 Ariz. 212, 217, ¶ 17, 42 P.3d 1177, 1182 (App. 2002).

Additionally, under City Phoenix Code Section 42-16, the City of Phoenix is required to provide a defense and indemnification to Detective Saldate, and under City of Phoenix Code Section 42-17 Detective Saldate has a duty of cooperation in defending the claims that have been brought against him. In accordance with that duty of cooperation, and in light of the Arizona Court of Appeals decision vacating the superior court's ruling that Detective Saldate could make a blanket assertion of his Fifth Amendment privilege in the retrial of Plaintiff's criminal case, and ruling that he would be required to testify, Detective Saldate is unable to make a blanket assertion of his Fifth Amendment privilege as he did in the retrial of Plaintiff's criminal case.

## V. **CONCLUSION.**

For all of the reasons set forth above and in his Motion for Ruling that Detective Saldate Will Not Waive His Fifth Amendment Privilege as to Other Alleged Misconduct by Responding to Questions Related to the C.M. Investigation, Detective Saldate respectfully requests that the Court issue an Order ruling that if Detective Saldate responds to questions during discovery related solely to his actions in the C.M. Investigation, he will not be waiving his Fifth Amendment privilege to remain silent as to all other alleged crimes or misconduct.

11

DATED this 22nd day of November, 2016.

BERKE LAW FIRM, PLLC


By  s/ Jody C. Corbett
   Lori V. Berke
   Jody C. Corbett
   Attorneys for Defendant Armando
   Saldate, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Anna Benvenutti Hoffmann | Anna@nsbcivilrights.com |
| Christina Gail Retts | cretts@swlfirm.com |
| | lpiasecki@swlfirm.com |
| | swolford@swlfirm.com |
| Daniel J. O'Connor | caseadmin@occlaw.com |
| Farhang Heydari | Farhang@nsbcivilrights.com, |
| | madhu@nsbcivilrights.com |
| Jacob Brady Lee | jlee@swlfirm.com, |
| | arowley@swlfirm.com |
| James A. Eaves | artie.eaves@sanderssparks.com |
| | michele.logan@sanderssparks.com |
| James Edward Doman, Jr. | eddy.doman@occlaw.com |
| | allison.moore@occlaw.com |
| Jesse Morgan Showalter | jshowalter@hoklaw.com |
| | gzappia@hoklaw.com |
| | jesses@gmail.com |
| | pkelly@hoklaw.com |
| | traymond@hoklaw.com |
| Jody Campbell Corbett | jody@berkelawfirm.com |
| | laine@berkelawfirm.com, |
| | shirley@berkelawfirm.com |
| Kathleen L. Wieneke | kwieneke@swlfirm.com |
| | lpiasecki@swlfirm.com |
| Lori V. Berke | lori@berkelawfirm.com |
| | laine@berkelawfirm.com |
| | shirley@berkelawfirm.com |

| | | |
|---|---|---|
| Michael D. Kimerer | MDK@kimerer.com | |
| | jpak@kimerer.com | |
| | mwallingsford@kimerer.com | |
| Nicholas Daniel Acedo | NAcedo@swlfirm.com | |
| | swolford@swlfirm.com | |
| Nick J. Brustin | nick@nsbcivilrights.com | |
| | david@nsbcivilrights.com | |
| | elizabeth@nsbcivilrights.com | |
| Rhonda Elaine Neff | rneff@kimerer.com | |
| | mwallingsford@kimerer.com | |
| | rhondaneff@cox.net | |
| Robin Elyce Burgess | robin.burgess@sanderssparks.com | |
| | michele.logan@sanderssparks.com | |
| Sally Ann Odegard | sodegard@hoklaw.com | |
| | gzappia@hoklaw.com | |
| Shane Paul Dyet | Shane.Dyet@occlaw.com | |

  s/ Jody C. Corbett