Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com

Attorneys for Defendant Armando Saldate, Jr.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jean Milke<br><br>                    Plaintiff,<br><br>     vs.<br><br>City of Phoenix; Maricopa County; and Detective Armando Saldate, Jr. and Silverio Ontiveros, in their individual capacities,<br>                    Defendants. | Case No. 2:15-cv-00462-ROS<br><br>**SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Armando Saldate, through undersigned counsel, admits, denies and affirmatively alleges as follows:

## **INTRODUCTION**

1.      Responding to <u>Paragraph 1</u> of the SAC, Defendant Saldate admits only that on December 2, 1989, C.M. disappeared and that, the next day, his body was found; he had been shot in the head, and his body had been left in the desert.  Defendant Saldate further admits that he interviewed Plaintiff.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 1</u> of the SAC.

1

2.    Responding to Paragraph 2 of the SAC, Defendant Saldate admits only that Plaintiff spent twenty-three years on death row.  Defendant Saldate denies the remaining allegations contained in Paragraph 2 of the SAC.

3.    Defendant Saldate denies the allegations contained in Paragraph 3 of the SAC.

4.    Defendant Saldate denies the allegations contained in Paragraph 4 of the SAC.

5.    Responding to Paragraph 5 of the SAC, Defendant Saldate admits that Jim Styers and Roger Scott were involved in the murder of C.M.  Defendant Saldate further admits that Scott made statements implicating himself and Jim Styers in C.M.'s murder. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation that Styers made statements implicating himself and Roger Scott in C.M.'s murder.  Defendant Saldate affirmatively alleges that Roger Scott also implicated Plaintiff in C.M.'s murder.   Defendant Saldate denies the remaining allegations contained in Paragraph 5 of the SAC.

6.    Responding to Paragraph 6 of the SAC, Defendant Saldate denies all allegations except that following Plaintiff's conviction, she was sent to death row. Defendant Saldate specifically denies the allegation that he fabricated Plaintiff's confession. Defendant Saldate also specifically denies the allegation that there were no other witnesses or direct evidence linking Plaintiff to the crime.

7.    Defendant Saldate denies the allegations contained in Paragraph 7 of the SAC.

8.    Responding to Paragraph 8 of the SAC, to the extent the allegations concern or relate to acts or omissions of Defendant Saldate concerning or relating to the investigation of Plaintiff's criminal case and/or the investigation of other criminal cases, Defendant Saldate denies the allegations contained in Paragraph 8 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the SAC, and therefore denies those allegations and demands strict proof thereof.

9.     Responding to Paragraph 9 of the SAC, Defendant Saldate admits only that the Ninth Circuit issued an opinion related to Plaintiff's habeas petition and that the quoted language is contained in the Ninth Circuit's ruling. To the extent the allegations concern or relate to acts or omissions of Defendant Saldate concerning or relating to the investigation of Plaintiff's criminal case and/or any of the other cases mentioned in the Ninth Circuit's opinion, Defendant Saldate denies the allegations contained in Paragraph 9 of the SAC. Defendant Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

10.     Responding to Paragraph 10 of the SAC, Defendant Saldate admits that Plaintiff's conviction was ordered vacated on March 14, 2013. Defendant Saldate lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the date of Plaintiff's release, and therefore denies those allegations and demands strict proof thereof. To the extent the allegations concern or relate to alleged misconduct on the part of Defendant Saldate, Defendant Saldate denies the allegations contained in Paragraph 10 of the SAC. Defendant Saldate denies the allegation that Plaintiff was wrongly imprisoned for the murder of her son. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the SAC, and therefore denies those allegations and demands strict proof thereof. Defendant Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

3

**JURISDICTION AND VENUE**

11. Responding to <u>Paragraph 11</u> of the SAC, Defendant Saldate admits that Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1983 and that she alleges violations of her constitutional rights. Defendant Saldate denies the remaining allegations contained in <u>Paragraph 11</u> of the SAC.

12. Responding to <u>Paragraph 12</u> of the SAC, Defendant Saldate admits that the Court has subject matter jurisdiction over Plaintiff's claims, but in so admitting does not make any admissions regarding the sufficiency of Plaintiff's allegations.

13. Responding to <u>Paragraph 13</u> of the SAC, Defendant Saldate admits that venue in this district is proper, but in so admitting does not make any admissions regarding the sufficiency of Plaintiff's allegations.

**JURY TRIAL DEMAND**

14. Responding to <u>Paragraph 14</u> of the SAC, Defendant Saldate admits that Plaintiff has demanded a trial by jury. Defendant Saldate also requests a jury trial on all issues and claims set forth in the SAC.

**PARTIES**

15. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 15</u> of the SAC and therefore denies same and demands strict proof thereof.

16. The allegations contained in <u>Paragraph 16</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.

17. The allegations contained in <u>Paragraph 17</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.

18. Responding to <u>Paragraph 18</u> of the SAC, Defendant Saldate admits that he joined the Phoenix Police Department "around 1970" and affirmatively alleges it was in June of 1969. Defendant Saldate further admits that his assignment at the time of the investigation into the murder of C.M. was detective in the homicide unit of the Phoenix Police Department. Defendant Saldate further admits that he participated in the

4

investigation into the disappearance and murder of C.M.  Defendant Saldate further admits that all actions he took in connection with the investigation into C.M.'s disappearance and murder, and the subsequent prosecution of Plaintiff for same were within the course and scope of his employment and/or prior employment with the City of Phoenix, and were under color of state law.  Defendant Saldate denies the remaining allegations contained in Paragraph 18 of the SAC.

19.     The allegations contained in Paragraph 19 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.

20.     Defendant Saldate admits the allegations contained in Paragraph 20 of the SAC as they relate to him.  To the extent the allegations contained in Paragraph 20 of the SAC are not directed at Defendant Saldate, they require no response from Defendant Saldate.

### FACTUAL ALLEGATIONS

21.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the SAC and therefore denies same and demands strict proof thereof.

22.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the SAC and therefore denies same and demands strict proof thereof.

23.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the SAC and therefore denies same and demands strict proof thereof.

24.     Defendant Saldate denies the allegations contained in Paragraph 24 of the SAC.

25.     Responding to Paragraph 25 of the SAC, Defendant Saldate admits that police officers, including PPD Detective Charles Masino, responded to the mall and searched for C.M. who had been reported missing.  Defendant Saldate is without sufficient knowledge or

information to admit or deny the remaining allegations contained in Paragraph 25 of the SAC and therefore denies same and demands strict proof thereof.

26. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the SAC that Plaintiff's neighbors and friends came by the apartment, trying to comfort her, and that she was acting distraught and was crying, and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 26 of the SAC.

27. Responding to Paragraph 27 of the SAC, Defendant Saldate admits that police went to Plaintiff's apartment and that they asked her questions, including questions about what C.M. was wearing, in an attempt to aid in the search for C.M. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 27 of the SAC that Plaintiff cooperated with the officers and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 27 of the SAC.

28. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of the SAC and therefore denies same and demands strict proof thereof.

29. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the SAC and therefore denies same and demands strict proof thereof.

30. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the SAC and therefore denies same and demands strict proof thereof.

31. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the SAC and therefore denies same and demands strict proof thereof.

32. Responding to Paragraph 32 of the SAC, Defendant Saldate admits that detectives investigating the missing person report had interviewed Styers, and his friend,

Roger Scott, regarding the disappearance of C.M. and that Scott had shown up at the mall during the search. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 32</u> of the SAC as to Plaintiff's actions and state of mind during this timeframe and therefore denies same and demands strict proof thereof. Defendant Saldate admits that he was asked to assist with the investigation. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in <u>Paragraph 32</u> of the SAC and therefore denies same and demands strict proof thereof.

33. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 33</u> of the SAC as to the reasons Sergeant Ontiveros requested that Defendant Saldate participate in the investigation into C.M.'s disappearance, and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in <u>Paragraph 33</u> of the SAC.

34. The allegations contained in <u>Paragraph 34</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, to the extent that the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, Defendant Saldate denies those allegations.

35. Responding to <u>Paragraph 35</u> of the SAC, Defendant Saldate admits that the Ninth Circuit ruled in Plaintiff's favor on her motion for habeas corpus relief and that the Ninth Circuit ruling contains purported summaries of various cases in which Defendant Saldate was involved in the criminal investigation. Defendant Saldate denies the allegation that he "lied or misrepresented facts under oath to grand juries, coerced confessions, and/or violated *Miranda* rights in order to obtain confessions" in any of the eight cases identified in <u>Paragraph 35</u> of the SAC. He further disputes the accuracy and/or context and/or completeness of the summaries contained in the Ninth Circuit's ruling regarding the eight cases mentioned in <u>Paragraph 35</u> of the SAC. Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession. Defendant Saldate further affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and

7

cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

36.     The allegations contained in Paragraph 36 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  Notwithstanding, to the extent that the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, Defendant Saldate denies those allegations.

37.     Responding to Paragraph 37 of the SAC, Defendant Saldate admits that for part of the time that he was interviewing Sean Running Eagle, he was positioned 6 to 12 inches away from him.  Defendant Saldate further admits that at one point during the interview, he poked Running Eagle in the chest several times simply to get his attention. Defendant Saldate further admits that he did not tape record his interview of Running Eagle and that he testified as follows at the voluntariness hearing in that case that took place on June 20, 1988: "I don't believe it's very good, a taped confession or an interview with someone, especially since it involves such a serious crime.  Because I think it hinders that person from coming out, discussing what he really wants to say.  I think that maybe that tape kind of keeps them from wanting to talk to us."  Defendant Saldate denies the remaining allegations contained in Paragraph 37 of the SAC.  Defendant Saldate affirmatively alleges that at the voluntariness hearing, the trial court found that the touching was nothing "beyond a means of getting Mr. Running Eagle's attention" and that the Court had observed that "Mr. Running Eagle does have a tendency to divert and get on to tangential matters."  Defendant Saldate further affirmatively alleges that at the voluntariness hearing, the Court found there had been "no promises, no threats, no force" and that the statements made by Running Eagle were "knowingly, intelligently, voluntarily made" and were therefore admissible.  Defendant Saldate further affirmatively alleges that at the trial of Running Eagle and co-defendant Corey Tolden, he further explained as follows:

> What I am telling you is that a tape sometimes or most of the time is, my opinion, if you use a tape, all it does is cause that person to feel uncomfortable, causes that person not to relate to you exactly what he may

want to tell you, because it's being taped. He feels some fear over that tape player. For that reason I don't use a tape player. I believe a one-on-one contact with a person, if you are honest and concerned about that person and you approach him with that, I think that that person feels comfortable. He feels like he can tell you what happened, and he feels that you and him can have a one-on-one conversation just like it would be out in the street with a friend or someone else.

Defendant Saldate further affirmatively alleges that in each of the investigations identified in Paragraph 37 of the SAC, the information contained in the reports he prepared was truthful. Defendant Saldate further affirmatively alleges that in each of those investigations where he testified, his testimony was truthful.

38. The allegations contained in Paragraph 38 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, to the extent that the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, Defendant Saldate denies the allegations contained in Paragraph 38 of the SAC.

39. The allegations contained in Paragraph 39 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, to the extent that the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, Defendant Saldate denies the allegations contained in Paragraph 39 of the SAC.

40. Responding to Paragraph 40 of the SAC, Defendant Saldate admits that at the time of the investigation into the murder of C.M., the homicide unit of the Phoenix Police Department generally consisted of approximately 20 detectives and approximately 3 sergeants. Defendant Saldate further admits that while he was assigned to the homicide unit, generally speaking, the sergeants in the homicide unit directly supervised detectives in the homicide unit. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 40 of the SAC and therefore denies same and demands strict proof thereof.

41.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 41</u> of the SAC and therefore denies same and demands strict proof thereof.

42.     Responding to <u>Paragraph 42</u> of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation that he and Antonio Morales, Jr. were both involved in the investigation of the December 1987 homicide of an individual named Herbert Williams and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 42</u> of the SAC.

43.     The allegations contained in <u>Paragraph 43</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  Notwithstanding, to the extent the allegations may be read to concern or relate to alleged misconduct on the part of Defendant Saldate, Defendant Saldate denies the allegations contained in <u>Paragraph 43</u> of the SAC.  Defendant Saldate further asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 43</u> of the SAC that homicide detectives voiced concerns about Detective Saldate to homicide supervisors, and therefore denies those allegations and demands strict proof thereof.

44.     Responding to <u>Paragraph 44</u> of the SAC, Defendant Saldate admits that Defendant Ontiveros was a sergeant in the homicide unit at the time of the investigation into C.M.'s murder, and that while assigned to the homicide unit, Defendant Ontiveros had supervisory responsibilities over homicide detectives.  Defendant Saldate further admits that Defendant Ontiveros had supervisory responsibilities over him in the investigation of C.M.'s murder.  Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the precise period of time that Defendant Ontiveros had supervisory responsibilities over homicide detectives, and therefore denies those allegations and demands strict proof thereof.  Defendant Saldate denies the allegation that he engaged in misconduct in *King*, *Reynolds*, *Rangle*, *Conde*, and/or *Jones*.  To the extent the allegations

10

concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 44 of the SAC.

45.     Responding to Paragraph 45 of the SAC, Defendant Saldate admits that Lamont Reynolds was charged with first degree murder in connection with the homicide of Deborah McKee.  Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 45 of the SAC that Sergeant Ontiveros was personally involved in the September 1988 investigation of the homicide of Deborah McKee, and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in Paragraph 45 of the SAC.

46.     Responding to Paragraph 46 of the SAC, Defendant Saldate admits that Kevin Blackerby was prosecuted for a number of crimes, including armed robbery and first degree murder of two individuals, including Lawrence Young.  Defendant Saldate further admits that on November 4, 1988, Kevin Blackerby filed a Motion to Suppress Statements. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 46 of the SAC that Sergeant Ontiveros was personally involved in the April 1988 investigation of the homicide of Lawrence Young, and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in Paragraph 46 of the SAC.  Defendant Saldate affirmatively alleges that in the Motion to Suppress Statements filed by Kevin Blackerby, he claimed that Detective Saldate questioned him without making any attempt to determine his intellectual capacity or his ability to read and write, and Blackerby argued that based on the totality of the circumstances, his statements were not voluntary and his will was overborne.  He further argued it was clear he could not knowingly and intelligently waive his constitutional rights due to his limited mental ability and his psychological problems.  Defendant Saldate further affirmatively alleges that by Minute Entry dated August 25, 1989, the Court denied the Motion to Suppress Statements.  The court explained its ruling as follows:

> On the evidence before me I find that the police did not use inappropriate pressure to elicit statements from the defendant.  I further find that the

defendant's personality disorder did not contribute to any inability to resist pressure. If anything, it appears that the defendant is a strong willed individual. Accordingly, I find (1), that the defendant was properly and fully advised of his constitutional rights, (2), that the defendant understood those rights, (3), that the defendant knowingly, intelligently and voluntarily waived those rights, and (4), that the defendant's statements were knowingly and voluntarily made.

47. Responding to <u>Paragraph 47</u> of the SAC, Defendant Saldate admits that he was involved in the investigation into the August 1989 homicide of Edward Wade. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in <u>Paragraph 47</u> of the SAC, and therefore denies same and demands strict proof thereof.

48. Responding to <u>Paragraph 48</u> of the SAC, Defendant Saldate admits that on one occasion in August of 1973, when he was a young, married patrol officer, he was found to have engaged in conduct unbecoming an officer when he accepted a female motorist's offer to kiss him as a showing of gratitude for having not arrested her on an outstanding traffic warrant, and then having deliberately made further advances and "taken liberties" with her. Defendant Saldate further admits that when he was interviewed about that incident by his supervisors in August 1973, he denied going to meet the female motorist after completing his shift, after she had offered, and he agreed, to meet later for the purpose of engaging in sexual intercourse, even though he had gone to meet her, and he omitted some details of the incident regarding the liberties he took with the female motorist. Defendant Saldate affirmatively alleges that when a polygraph was administered to him concerning the incident, he admitted the complete details of his involvement in the incident and took full responsibility for his actions. Defendant Saldate further admits that he was suspended for five days (September 5, 1973 through September 9, 1973) in connection with this incident. Defendant Saldate further admits that the disciplinary write-up contains the following language: "Officer Saldate, your past performance as a police officer has been satisfactory. However, because of this incident, your image of honesty competency, and overall reliability must be questioned." Detective Saldate is without sufficient knowledge

or information to admit or deny the allegation contained in Paragraph 49 of the SAC that the write-up was signed by the police chief and the city manager, and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 48 of the SAC.

49. Defendant Saldate denies the allegations contained in Paragraph 49 of the SAC.

50. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 50 of the SAC that "[b]y the time the PPD finally was ordered to produce Saldate's personnel file, years after conviction, they reported that almost all of that file had been destroyed" and therefore denies same and demands strict proof thereof. Detective Saldate is also without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 50 of the SAC regarding what information was disclosed to Ms. Milke before her trial, and therefore denies same and demands strict proof thereof. Detective Saldate is also without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 50 of the SAC regarding research that was conducted by Plaintiff's post-conviction counsel, and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 50 of the SAC, including the allegation that he engaged in a "striking pattern of serious misconduct."

51. Defendant Saldate denies the allegations contained in Paragraph 51 of the SAC.

52. Responding to Paragraph 52 of the SAC, Defendant Saldate admits that after he was called in by Sergeant Ontiveros, he was briefed regarding the investigation into the disappearance of C.M. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 52 of the SAC and therefore denies same and demands strict proof thereof.

53. Responding to Paragraph 53 of the SAC, Defendant Saldate admits that he was the case agent assigned to the investigation into the homicide of C.M. Defendant

13

Saldate further admits that he interviewed Jim Styers and that Detective Mills initially interviewed Roger Scott. Defendant Saldate further admits that when he interviewed Styers, Styers denied having any involvement in the disappearance of C.M. Upon information and belief, when Detective Mills initially interviewed Roger Scott, Scott denied having any involvement in the disappearance of C.M. Defendant Saldate denies the remaining allegations contained in Paragraph 53 of the SAC.

54. Responding to Paragraph 54 of the SAC, Defendant Saldate admits that he interviewed Roger Scott. Defendant Saldate denies the remaining allegations contained in Paragraph 54 of the SAC and therefore denies same and demands strict proof thereof.

55. Responding to Paragraph 55 of the SAC, Defendant Saldate admits that both Jim Styers and Roger Scott were involved in the murder of C.M. Defendant Saldate denies the remaining allegations contained in Paragraph 55 of the SAC.

56. Responding to Paragraph 56 of the SAC, Defendant Saldate admits that during a portion of his interview of Roger Scott, nobody else was present. Defendant Saldate further admits that he did not audio or video record his interview of Roger Scott. Defendant Saldate further admits that during his interview of Roger Scott, Scott confessed to his involvement and Jim Styers' involvement in the murder of C.M., and Scott led Defendant Saldate to C.M.'s body. Defendant Saldate denies the remaining allegations contained in Paragraph 56 of the SAC.

57. Responding to Paragraph 57 of the SAC, Defendant Saldate admits that Roger Scott implicated Jim Styers in the murder of C.M. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 of the SAC regarding what Plaintiff knew about Jim Styers and/or what mental health issues Styers may have had at the time of the murder of C.M., and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 57 of the SAC.

58. Responding to Paragraph 58 of the SAC, Defendant Saldate admits that Roger Scott led police to the body of C.M. which was located in a desert wash, and that C.M. had

14

been shot in the head multiple times. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 58 of the SAC and therefore denies same and demands strict proof thereof.

59. Responding to Paragraph 59 of the SAC, Defendant Saldate admits that by directing police to C.M.'s body, Roger Scott proved he had guilty knowledge about the crime. Defendant Saldate further admits that Roger Scott implicated Jim Styers, who had falsely reported that C.M. had disappeared from the mall. Defendant Saldate further admits that subsequent evidence would corroborate both Styers' and Scott's involvement in the murder, including statements from both men and evidence that Styers had recently purchased a gun, later found in Scott's home, of the same caliber as the one that killed C.M. Defendant Saldate denies the remaining allegations contained in Paragraph 59 of the SAC.

60. Defendant Saldate denies the allegations contained in Paragraph 60 of the SAC.

61. Responding to Paragraph 61 of the SAC, Defendant Saldate admits that when he traveled to Florence, Arizona to interview Plaintiff, Detective Mills remained in Phoenix and obtained a recorded statement from Roger Scott. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of the SAC regarding what Detective Mills never reported and therefore denies same and demands strict proof thereof. Defendant Saldate admits that he testified Roger Scott first implicated Plaintiff in the murder of C.M. during the drive to locate C.M.'s body. Defendant Saldate denies the remaining allegations contained in Paragraph 61 of the SAC. Defendant Saldate affirmatively alleges that his testimony that Roger Scott first implicated Plaintiff in the murder of C.M. during the drive to locate C.M.'s body is consistent with his report. Defendant denies the remaining allegations contained in Paragraph 61 of the SAC, including the allegation that he fabricated evidence in the investigation of C.M.'s murder.

62. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 of the SAC as to Plaintiff's whereabouts when he was interviewing Roger Scott and Jim Styers in Phoenix and therefore denies same

15

and demands strict proof thereof.  Defendant Saldate is also without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 of the SAC as to the amount of sleep Plaintiff had gotten and/or whether she slept and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in Paragraph 62 of the SAC.

63.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 63 of the SAC and therefore denies same and demands strict proof thereof.

64.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 of the SAC and therefore denies same and demands strict proof thereof.

65.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 65 of the SAC and therefore denies same and demands strict proof thereof.

66.    Responding to Paragraph 66 of the SAC, Defendant Saldate admits that arrangements were made for him to travel to Florence by helicopter to interview Plaintiff. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 66 of the SAC as to who made the arrangements for him to travel to Florence by helicopter and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in Paragraph 66 of the SAC.

67.    Responding to Paragraph 67 of the SAC, Defendant Saldate admits that prior to interviewing Plaintiff on December 3, 1989, he had never met Plaintiff.   Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 67 of the SAC and therefore denies same and demands strict proof thereof.

68.     Responding to Paragraph 68 of the SAC, Defendant Saldate admits that he had made the decision to arrest Plaintiff prior to beginning his interview of her.  Defendant Saldate denies the remaining allegations contained in Paragraph 68 of the SAC.

69.     Responding to Paragraph 69 of the SAC, Defendant Saldate admits only that Sergeant Ontiveros gave him a directive to tape record his interview of Plaintiff.  Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 69 of the SAC and therefore denies same and demands strict proof thereof.  Defendant Saldate affirmatively alleges that the Constitution does not require now, and did not require in 1989, the electronic recording of custodial interrogations.  Defendant Saldate further affirmatively alleges that he asked Plaintiff if she wanted her interview to be audio recorded, and she responded that she did not.

70.     Responding to Paragraph 70 of the SAC, Defendant Saldate admits that Sergeant Ontiveros requested that he audio record his interview of Plaintiff.  Defendant Saldate further admits that he did not bring any audio or video recording devices with him to Florence.  Defendant Saldate affirmatively alleges that the Constitution does not require now, and did not require in 1989, the electronic recording of custodial interrogations.  Defendant Saldate further affirmatively alleges that he asked Plaintiff if she wanted her interview to be audio recorded, and she responded that she did not.  Defendant Saldate further affirmatively alleges that he was not given a directive by a superior to video record his interview of Plaintiff.  Defendant Saldate further affirmatively alleges that he had no capability to bring video recording equipment to the interview of Plaintiff.

71.     Defendant Saldate denies the allegations contained in Paragraph 71 of the SAC except the allegations that he did not typically have witnesses present during interviews he conducted and that he did not audio record interviews.  Defendant Saldate affirmatively alleges that the Constitution does not require now, and did not require in 1989, the electronic recording of custodial interrogations and/or for interrogations to be witnessed by a third party.  Defendant Saldate further affirmatively alleges that he asked Plaintiff if she wanted her interview to be audio recorded, and she responded that she did not.

Detective Saldate further affirmatively alleges that it was not uncommon for another detective to be present during Detective Saldate's interviews of suspects and witnesses.

72. Responding to Paragraph 72 of the SAC, Defendant Saldate denies that he was "ordered" to audio record his interview of Plaintiff. Defendant Saldate admits that he was not disciplined for having not audio recorded his interview of Plaintiff. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 72 of the SAC and therefore denies same and demands strict proof thereof. Defendant Saldate affirmatively alleges that while Sergeant Ontiveros requested that he audio record his interview of Plaintiff, when he asked Plaintiff if she wanted her interview to be audio recorded, she responded that she did not, so he decided not to do so.

73. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73 of the SAC that the female in the room was Plaintiff's friend or that the female accompanied Plaintiff to the station and therefore denies same and demands strict proof thereof. Defendant Saldate admits that when he entered the room where he interviewed Plaintiff, he requested that the female who was in the room with her leave the room. Defendant Saldate further admits that after the female exited the room, the door was shut, and the only two people remaining in the room were Detective Saldate and Plaintiff. Defendant Saldate denies the remaining allegations contained in Paragraph 73 of the SAC.

74. Defendant Saldate denies the allegations contained in Paragraph 74 of the SAC.

75. Responding to Paragraph 75 of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations regarding what Plaintiff was thinking at any point in time during his interview of her and therefore denies same and demands strict proof thereof. Defendant Saldate admits that he told Plaintiff he would not tolerate her crying, which did not appear to him to be genuine due to the fact that there were no tears. Defendant Saldate further admits that he read Plaintiff her *Miranda*

18

rights from a rights card issued by the Phoenix Police Department, including that she had the right to remain silent and a right to an attorney. Defendant Saldate denies the remaining allegations contained in Paragraph 75 of the SAC.

76. Defendant Saldate denies the allegations contained in Paragraph 76 of the SAC.

77. Responding to Paragraph 77 of the SAC, Defendant Saldate denies Plaintiff's allegations that he ignored a request by her for an attorney and that he continued to question Plaintiff after she had requested an attorney. Defendant Saldate affirmatively alleges that at no time during his interview with Plaintiff did she request an attorney or invoke her right to remain silent. As to the remaining allegations contained in Paragraph 77 of the SAC, Defendant Saldate admits that in the *Mahler* case, the Arizona Court of Appeals issued a Memorandum Decision in 1992—two years after Detective Saldate had retired from the Phoenix Police Department—in which it found that he violated Mahler's right to remain silent. Defendant Saldate affirmatively alleges, however, that the Arizona Court of Appeals did not make an express finding of misconduct on his part. Defendant Saldate further affirmatively alleges that previously, on June 11, 1990, one month before Defendant Saldate retired from the Phoenix Police Department, the trial court in *Mahler* found that the statements made by Mahler to Defendant Saldate were made by Mahler "knowingly, voluntarily and intelligently after [Mahler] had been advised of his rights and after he had waived them, and therefore, the statements are admissible." Defendant Saldate denies the remaining allegations contained in Paragraph 77 of the SAC. Defendant Saldate further affirmatively alleges that he accurately reported the details of his interview of Mahler in the report he prepared summarizing his interview of Mahler.

78. Responding to Paragraph 78 of the SAC, Defendant Saldate admits that during his interview of Plaintiff, she was sitting in a chair. Defendant Saldate further admits that at the beginning of the interview, he put his hands on Plaintiff's knees and sat 6 to 12 inches away from her for a short amount of time in order to get her attention. Defendant Saldate affirmatively alleges that once he had her attention, he backed up.

Defendant Saldate further affirmatively alleges that his placing of his hands on Plaintiff's knees was not done in a sexual or otherwise inappropriate manner, and the purpose was to get Plaintiff to focus on what Defendant Saldate was there to discuss with Plaintiff. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 78 of the SAC that Plaintiff's back was to the wall while she was sitting in the chair and therefore denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 78 of the SAC.

79. Responding to Paragraph 79 of the SAC, to the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the SAC, and therefore denies those allegations and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 79 of the SAC.

80. Responding to Paragraph 80 of the SAC, Defendant Saldate admits that when he interviewed Plaintiff, he told her that he wanted her to tell the truth about her involvement in the murder of C.M. Defendant Saldate denies the remaining allegations contained in Paragraph 80 of the SAC.

81. Defendant Saldate denies the allegations contained in Paragraph 81 of the SAC.

82. Defendant Saldate denies the allegations contained in Paragraph 82 of the SAC.

83. Responding to Paragraph 83 of the SAC, Defendant Saldate admits that Plaintiff provided information about her background, her ex-husband Mark Milke, her knowledge of Jim Styers and Roger Scott, and her relationship with C.M. Defendant Saldate denies the remaining allegations contained in Paragraph 83 of the SAC.

84. Responding to Paragraph 84 of the SAC, Defendant Saldate admits that his interview of Plaintiff, in which he was alone with her, lasted approximately 30 minutes. Defendant Saldate denies the remaining allegations contained in Paragraph 84 of the SAC.

85.     Defendant Saldate denies the allegations contained in <u>Paragraph 85</u> of the SAC.

86.     Defendant Saldate denies the allegations contained in <u>Paragraph 86</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.  Defendant Saldate further affirmatively alleges that he did not make charging decisions and was not the prosecutor in Plaintiff's case.

87.     Responding to <u>Paragraph 87</u> of the SAC, Defendant Saldate admits that nobody else was present to observe his interview of Plaintiff; that he did not electronically record the interview; that he did not request that Plaintiff sign or write a statement; that he did not request that Plaintiff agree to be re-interviewed on tape; that he did not request that Plaintiff sign a *Miranda* waiver form; and that Sergeant Ontiveros requested that he audio record his interview of Plaintiff.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 87</u> of the SAC.  Defendant Saldate affirmatively alleges that the Constitution did not require in 1989 the electronic recording of custodial interrogations, the signing or writing of a statement or a confession, the re-interviewing on tape of an individual who has confessed to a crime, or the signing of a *Miranda* waiver form. Defendant Saldate further affirmatively alleges that the City of Phoenix Police Department did not utilize *Miranda* waiver forms while he was employed there.  Defendant Saldate further affirmatively alleges that he asked Plaintiff if she wanted her interview to be audio recorded, and she responded that she did not.

88.     Defendant Saldate denies the allegations contained in <u>Paragraph 88</u> of the SAC.  Defendant Saldate affirmatively alleges that the Constitution does not require now, and did not require in 1989, the electronic recording of custodial interrogations or witnesses to be present for same.  Defendant Saldate further affirmatively alleges that while Sergeant Ontiveros requested that he audio record his interview of Plaintiff, when he asked Plaintiff if she wanted her interview to be audio recorded, she responded that she did not, so he decided not to do so.

89.     Defendant Saldate denies the allegations contained in <u>Paragraph 89</u> of the SAC.

90.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 90</u> of the SAC and therefore denies same and demands strict proof thereof.

91.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 91</u> of the SAC and therefore denies same and demands strict proof thereof.

92.     Defendant Saldate denies the allegations contained in <u>Paragraph 92</u> of the SAC.

93.     Responding to <u>Paragraph 93</u> of the SAC, Defendant Saldate admits that when he traveled to Florence, Arizona to interview Plaintiff, Detective Mills remained in Phoenix and obtained a recorded statement from Roger Scott.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 93</u> of the SAC.

94.     Defendant Saldate denies the allegation in <u>Paragraph 94</u> of the SAC that any statements Roger Scott made to him implicating Plaintiff were false, fabricated and/or coerced.  Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in <u>Paragraph 94</u> of the SAC and therefore denies same and demands strict proof thereof.

95.     Responding to the allegations in <u>Paragraph 95</u> of the SAC, Defendant Saldate admits he took contemporaneous notes during his interview of Plaintiff and that he incorporated those notes into the formal report he prepared, after which he placed the notes in a shredding container utilized by the Phoenix Police Department whereupon the notes were later shredded.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 95</u> of the SAC.  Detective Saldate affirmatively alleges that it is (and was in 1989) common practice for police officers to destroy their notes after preparing their reports.  Indeed, such practice is (and was in 1989) expressly permitted under Rule 15.4(a)(2) of the Arizona Rules of Criminal Procedure.  In 1989, that Rule provided that

22

hand written notes which are substantially incorporated into a formal report "shall no longer themselves be considered a statement" and may therefore be destroyed. *State v. Miller,* 135 Ariz. 8, 1, 658 P.2d 80, 17 (Ct. App. 1982). This practice was expressly authorized by the United States Supreme Court in *Killian v. United States,* 368 U.S. 231, 242 (1961).

96.     Defendant Saldate denies the allegations contained in Paragraph 96 of the SAC.

97.     Defendant Saldate denies the allegations contained in Paragraph 97 of the SAC.

98.     Defendant Saldate denies the allegations contained in Paragraph 98 of the SAC.

99.     Defendant Saldate denies the allegations contained in Paragraph 99 of the SAC.

100.    Responding to the allegations in Paragraph 100, Defendant Saldate admits that Plaintiff confessed to her involvement in the murder of C.M. with no improper pressure from Defendant Saldate, that the written report he prepared summarizing his interview of Plaintiff at the Pinal County Sheriff's Office is five pages in length single-spaced, and that Plaintiff shared information with Defendant Saldate during the interview about Plaintiff's involvement in the murder, her alleged motivation, her life during high school, her marriage, that she was worried her family would disown her, and that she was not "crazy." Defendant Saldate further admits that during the drive from Florence to Phoenix, Plaintiff told him that she was starting to feel better and thought she was getting her self-esteem back. Defendant Saldate denies the remaining allegations contained in Paragraph 100 of the SAC. Defendant Saldate affirmatively alleges that some of what is contained in his report summarizing his interview of Plaintiff are his observations of Plaintiff.

101.    Defendant Saldate denies the allegations contained in Paragraph 101 of the SAC.

102.    Defendant Saldate denies the allegations contained in Paragraph 102 of the SAC.

103.   Defendant Saldate denies the allegations contained in Paragraph 103 of the SAC.

104.   Defendant Saldate denies the allegations contained in Paragraph 104 of the SAC as they relate to him.   Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 104 of the SAC and therefore denies same and demands strict proof thereof.

105.    Defendant Saldate admits that Defendant Ontiveros requested that he audio record his interview of Plaintiff, and that Defendant Saldate did not do so.   Defendant also admits that he did not hide from Sergeant Ontiveros the fact that he did not audio record his interview of Plaintiff.   Defendant Saldate affirmatively alleges that he asked Plaintiff if she wanted her interview to be audio recorded, and she responded that she did not. The remaining allegations contained in Paragraph 105 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the remaining allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the remaining allegations contained in Paragraph 105 of the SAC.

106.   The allegations contained in Paragraph 106 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 106 of the SAC.

107.   The allegations contained in Paragraph 107 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, to the extent the allegations concern or relate to acts or omissions of Defendant Saldate concerning or relating to the investigation of Plaintiff's criminal case, Defendant Saldate denies the allegations contained in Paragraph 107 of the SAC.

108.   Responding to Paragraph 108 of the SAC, to the extent the allegations are not directed at Defendant Saldate, they require no response from Defendant Saldate.   Defendant

Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 108</u> of the SAC. Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

109. Defendant Saldate denies the allegations contained in <u>Paragraph 109</u> of the SAC. Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

110. Defendant Saldate denies the allegations contained in <u>Paragraph 110</u> of the SAC.

111. Responding to <u>Paragraph 111</u> of the SAC, Defendant Saldate admits that he did not record his interview of Ms. Pickenpaugh and that Ms. Pickenpaugh recorded portions of the interview. Defendant Saldate denies the remaining allegations contained in <u>Paragraph 111</u> of the SAC.

112. Defendant Saldate denies the allegations contained in <u>Paragraph 112</u> of the SAC.

113. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 113</u> of the SAC regarding whether witness Pickenpaugh was subpoenaed to testify at trial and/or whether she induced labor one week early in order to attend trial and/or whether investigators contacted Ms. Pickenpaugh during Plaintiff's post-conviction proceedings and/or whether Plaintiff's representatives were contacted by the Arizona Assistant Attorney General and advised that Ms. Pickenpaugh had been designated a "victim" in Plaintiff's criminal case and/or whether Ms. Pickenpaugh offered false evidence against Plaintiff, and therefore he denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in <u>Paragraph 113</u> of the SAC, including the allegation that he used inappropriate tactics in interviewing Ms. Pickenpaugh.

114. Defendant Saldate denies the allegations contained in <u>Paragraph 114</u> of the SAC.

115.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 115</u> of the SAC and therefore denies same and demands strict proof thereof.

116.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 116</u> of the SAC and therefore denies same and demands strict proof thereof.

117.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 117</u> of the SAC and therefore denies same and demands strict proof thereof.

118.    Responding to <u>Paragraph 118</u> of the SAC, Defendant Saldate admits only that Scott and Styers did not agree to testify in Plaintiff's case.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 118</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not learn that Scott and Styers did not testify at Plaintiff's trial until years after her conviction, and possibly after this lawsuit was filed.

119.    Defendant Saldate denies the allegations contained in <u>Paragraph 119</u> of the SAC.

120.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 120</u> of the SAC and therefore denies same and demands strict proof thereof.

121.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 121</u> of the SAC and therefore denies same and demands strict proof thereof.

122.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 122</u> of the SAC and therefore denies same and demands strict proof thereof.

123.    Responding to <u>Paragraph 123</u> of the SAC, Defendant Saldate admits that PPD officers investigating C.M.'s disappearance conducted an extensive search for C.M. at Metrocenter mall, including in the parking lot.  Defendant Saldate is without sufficient

knowledge or information to admit or deny the remaining allegations contained in Paragraph 123 of the SAC and therefore denies same and demands strict proof thereof.

124. Responding to Paragraph 124 of the SAC, Defendant Saldate admits that he and Detective Mills took Roger Scott to Metrocenter Mall, and Scott directed them to a planter in which they recovered a pair of black-and-gray Nike tennis shoes which Scott advised Styers had worn when he shot C.M. Defendant Saldate denies the remaining allegations contained in Paragraph 124 of the SAC.

125. Defendant Saldate denies the allegations contained in Paragraph 125 of the SAC.

126. Responding to the allegations in Paragraph 126 of the SAC, Defendant Saldate admits that Detective Mills requested that the Nike shoes recovered from the Metrocenter planter be forensically examined. Defendant Saldate further admits that Detective Mills arranged for casts and prints to be taken of the feet of both Styers and Scott. Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 126 of the SAC and therefore denies same and demands strict proof thereof.

127. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 127 of the SAC and therefore denies same and demands strict proof thereof.

128. Responding to Paragraph 128 of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation that the Phoenix Crime Detection Laboratory was requested to examine the outsole pattern of the Nikes and compare it to the footwear impressions depicted in the photographs Detective House had taken at the murder scene and the allegation concerning who made that request, and therefore he denies same and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 128 of the SAC.

129.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 129</u> of the SAC and therefore denies same and demands strict proof thereof.

130.    Defendant Saldate denies the allegations contained in <u>Paragraph 130</u> of the SAC.

131.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 131</u> of the SAC and therefore denies same and demands strict proof thereof.

132.    Responding to <u>Paragraph 132</u> of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in sentence 1 and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 132</u> of the SAC.

133.    Defendant Saldate denies the allegations contained in <u>Paragraph 133</u> of the SAC.

134.    Responding to <u>Paragraph 134</u> of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation that Wolslagel examined several firearms and conducted ballistics comparisons of the bullets, shell casings and test-fired bullets and casings from a firearm recovered from Scott's home and linked to Styers and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 134</u> of the SAC as argumentative.

135.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 135</u> of the SAC and therefore denies same and demands strict proof thereof.

136.    Defendant Saldate denies the allegations contained in <u>Paragraph 136</u> of the SAC.

137.    Defendant Saldate denies the allegations contained in <u>Paragraph 137</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

138.     Responding to <u>Paragraph 138</u> of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation that Phillip Wolslagel and Dr. Walter Birkby testified at Plaintiff's criminal trial and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 138</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

139.     Defendant Saldate denies the allegations contained in <u>Paragraph 139</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

140.     Defendant Saldate denies the allegations contained in <u>Paragraph 140</u> of the SAC.

141.     Defendant Saldate denies the allegations contained in <u>Paragraph 141</u> of the SAC.

142.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 142</u> of the SAC and therefore denies same and demands strict proof thereof.

143.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 143</u> of the SAC and therefore denies same and demands strict proof thereof.

144.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 144</u> of the SAC and therefore denies same and demands strict proof thereof.

145.     Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 145</u> of the SAC and therefore denies same and demands strict proof thereof.

146.     Defendant Saldate admits the allegations contained in <u>Paragraph 146</u> of the SAC.

147.   Defendant Saldate admits the allegations contained in Paragraph 147 of the SAC.

148.   Responding to Paragraph 148 of the SAC, Defendant Saldate admits that Plaintiff moved to suppress the statements obtained by him during his interview of Plaintiff and that the Court denied Plaintiff's motion to suppress.   Defendant Saldate denies the remaining allegations contained in Paragraph 148 of the SAC.

149.   Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 149 of the SAC and therefore denies same and demands strict proof thereof.

150.   Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 150 of the SAC that during trial, Plaintiff's defense attorney subpoenaed his personnel file from the Phoenix Police Department and therefore he denies same and demands strict proof thereof.   Defendant Saldate asserts that to the extent the remaining allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 150 of the SAC.

151.   Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 151 of the SAC and therefore denies same and demands strict proof thereof.   Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

152.   Defendant Saldate admits the allegations contained in Paragraph 152 of the SAC.  Defendant Saldate affirmatively alleges that he did not learn that Scott and Styers did not testify at Plaintiff's trial until years after her conviction, and possibly after this lawsuit was filed.

153.   Defendant Saldate denies the allegations contained in Paragraph 153 of the SAC.   Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

154.    Responding to <u>Paragraph 154</u> of the SAC, Defendant Saldate admits that the jury did not believe Plaintiff.  Defendant Saldate asserts that to the extent the remaining allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 154</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

155.    Defendant Saldate denies the allegations contained in <u>Paragraph 155</u> of the SAC.  Defendant Saldate affirmatively alleges that he did not fabricate Plaintiff's confession.

156.    Responding to <u>Paragraph 156</u> of the SAC, Defendant Saldate admits that he did not audio or videotape his interview of Plaintiff, that she did not sign a statement and that there were no witnesses to his interview of Plaintiff.  Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 156</u> of the SAC regarding statements made by Deputy County Attorney Noel Levy during closing argument and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 156</u> of the SAC.

157.    Defendant Saldate admits the allegations contained in <u>Paragraph 157</u> of the SAC.

158.    Responding to <u>Paragraph 158</u> of the SAC, Defendant Saldate admits that after a sentencing hearing, Judge Cheryl K. Hendrix of the Maricopa County Superior Court entered a judgment against Plaintiff and sentenced her to death.  Defendant Saldate further admits that Plaintiff was imprisoned and placed on death row.  Defendant Saldate denies the remaining allegations contained in <u>Paragraph 158</u> of the SAC.

159.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 159</u> of the SAC and therefore denies same and demands strict proof thereof.

31

160.    Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 160 of the SAC and therefore denies same and demands strict proof thereof.

161.    Responding to Paragraph 161 of the SAC, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations regarding the results of the research allegedly performed by Plaintiff's researchers and therefore denies same and demands strict proof thereof.  Defendant Saldate denies the allegation that a state court made findings of misconduct by him in *Rangel*, *Rodriguez*, *Reynolds*, *Conde*, *Yanes*, *Jones*, and *King*.  Defendant Saldate admits that in the *Mahler* case, the Arizona Court of Appeals issued a Memorandum Decision in 1992—two years after Detective Saldate had retired from the Phoenix Police Department—in which it found that he violated Mahler's right to remain silent.  Defendant Saldate affirmatively alleges, however, that the Arizona Court of Appeals did not make an express finding of misconduct on his part.  Defendant Saldate further affirmatively alleges that previously, on June 11, 1990, one month before Defendant Saldate retired from the Phoenix Police Department, the trial court in *Mahler* found that the statements made by Mahler to Defendant Saldate were made by Mahler "knowingly, voluntarily and intelligently after [Mahler] had been advised of his rights and after he had waived them, and therefore, the statements are admissible."  Defendant Saldate denies the remaining allegations contained in Paragraph 161 of the SAC.  Defendant Saldate further affirmatively alleges that he accurately reported the details of his interview of Mahler in the report he prepared summarizing his interview.

162.    Responding to Paragraph 162 of the SAC, Defendant Saldate responds that he is without sufficient knowledge or information to admit or deny the allegations regarding an order that was made by the district court in Plaintiff's habeas case regarding his personnel file and/or what Plaintiff's defense was provided with from that file, and therefore he denies same and demands strict proof thereof.  Defendant Saldate admits that a disciplinary write-up concerning an incident that occurred in 1973 contains the following language: "Officer Saldate, your past performance as a police officer has been satisfactory.  However, because

32

of this incident, your image of honesty competency, and overall reliability must be questioned." Defendant Saldate denies the remaining allegations contained in Paragraph 162 of the SAC.

163. Defendant Saldate admits the allegations contained in Paragraph 163 of the SAC.

164. Responding to Paragraph 164 of the SAC, Defendant Saldate admits that on March 14, 2013, the Ninth Circuit issued an Order pertaining to Plaintiff's convictions and sentence. Defendant Saldate further admits that the Ninth Circuit's ruling contains the language quoted in Paragraph 164 of the SAC. Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 164 of the SAC. Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

165. Responding to Paragraph 165 of the SAC, Defendant Saldate admits that the Ninth Circuit's ruling contains the language quoted in Paragraph 165 of the SAC. Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 165 of the SAC. Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

166. Responding to Paragraph 166 of the SAC, Defendant Saldate admits that the Ninth Circuit's ruling contains the language quoted in Paragraph 166 of the SAC. Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 166 of the SAC. Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on

33

him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

167. Responding to <u>Paragraph 167</u> of the SAC, Defendant Saldate admits that following the Ninth Circuit's decision, the Maricopa County Attorney refused to drop the charges against Plaintiff. Defendant Saldate further admits that when the Maricopa County Attorney's Office noticed him as a potential witness in the upcoming retrial, Defendant Saldate sought to invoke his Fifth Amendment privilege. Defendant Saldate asserts that to the extent the remaining allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 167</u> of the SAC. Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

168. Defendant Saldate denies the allegations contained in <u>Paragraph 168</u> of the SAC.

169. The allegations contained in <u>Paragraph 169</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 169</u> of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Detective Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 169</u> of the SAC, and therefore denies those allegations and demands strict proof thereof. Defendant Saldate affirmatively alleges that Plaintiff's conviction was not unjust.

170. The allegations contained in <u>Paragraph 170</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies

the allegations contained in Paragraph 170 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the SAC, and therefore denies those allegations and demands strict proof thereof.

171. The allegations contained in Paragraph 171 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate concerning or relating to the investigation of Plaintiff's criminal case, Defendant Saldate denies the allegations contained in Paragraph 171 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the SAC, and therefore denies those allegations and demands strict proof thereof.

172. The allegations contained in Paragraph 172 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 172 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the SAC, and therefore denies those allegations and demands strict proof thereof.

173. The allegations contained in Paragraph 173 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies

the allegations contained in Paragraph 173 of the SAC.  Defendant Saldate specifically denies the allegation that he fabricated Plaintiff's confession.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the SAC, and therefore denies those allegations and demands strict proof thereof.

174.  The allegations contained in Paragraph 174 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 174 of the SAC.  Defendant Saldate specifically denies the allegation that he ignored requests by Plaintiff for an attorney.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the SAC, and therefore denies those allegations and demands strict proof thereof.

175.  Defendant Saldate denies the allegations contained in Paragraph 175 of the SAC.  Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

176.  The allegations contained in Paragraph 176 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 176 of the SAC.  Defendant Saldate specifically denies the allegation that he engaged in sexual improprieties during the investigation of Plaintiff's case.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he

36

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 176</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

177. The allegations contained in <u>Paragraph 177</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 177</u> of the SAC as to whether Plaintiff's trial counsel did nor did not have knowledge of the 1973 incident and whether Plaintiff's trial counsel was "blocked" from obtaining his personnel file during trial, and therefore denies those allegations and demands strict proof thereof. Defendant Saldate admits that the Ninth Circuit issued an opinion related to Plaintiff's habeas petition and that the quoted language in <u>Paragraph 177</u> of the SAC is contained in the Ninth Circuit's ruling. Defendant Saldate disputes the conclusions reached by the Ninth Circuit. Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case. Defendant Saldate denies the remaining allegations contained in <u>Paragraph 177</u> of the SAC.

178. The allegations contained in <u>Paragraph 178</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 178</u> of the SAC and therefore denies those allegations and demands strict proof thereof.

179. The allegations contained in <u>Paragraph 179</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 179</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

180. The allegations contained in Paragraph 180 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the SAC, and therefore denies those allegations and demands strict proof thereof.

181. Defendant Saldate denies the allegations contained in Paragraph 181 of the SAC.

182. The allegations contained in Paragraph 182 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 182 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the SAC, and therefore denies those allegations and demands strict proof thereof.

183. The allegations contained in Paragraph 183 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 183 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the SAC, and therefore denies those allegations and demands strict proof thereof.

184. The allegations contained in Paragraph 184 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate denies the allegations contained in Paragraph 184 of the SAC.

185.   The allegations contained in Paragraph 185 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts based on a letter he received from attorney Keith Manning of the Maricopa County Attorney's Office dated April 11, 2016, his name has been included in the Law Enforcement Rule 15 Disclosure Database.   Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 185 of the SAC, and therefore denies those allegations and demands strict proof thereof.

186.   The allegations contained in Paragraph 186 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the SAC as to who is on the *Brady* list, and therefore denies those allegations and demands strict proof thereof. Defendant Saldate denies the allegation that he fabricated Plaintiff's confession.

187.   The allegations contained in Paragraph 187 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the SAC, and therefore denies those allegations and demands strict proof thereof.

188.   The allegations contained in Paragraph 188 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 188 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the SAC, and therefore denies those allegations and demands strict proof thereof.

39

189.   The allegations contained in <u>Paragraph 189</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 189</u> of the SAC and therefore denies same and demands strict proof thereof.

190.   The allegations contained in <u>Paragraph 190</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct,   Defendant Saldate denies the allegations contained in <u>Paragraph 190</u> of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 190</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

191.   The allegations contained in <u>Paragraph 191</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 191</u> of the SAC.   Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations in <u>Paragraph 191</u> of the SAC regarding the results of the research allegedly performed by Plaintiff's researchers and therefore denies same and demands strict proof thereof.   Defendant Saldate denies the allegation that a state court made findings of misconduct by him in *Rangel*, *Rodriguez*, *Reynolds*, *Conde*, *Yanes*, *Jones*, and *King*.   Defendant Saldate admits that in the *Mahler* case, the Arizona Court of Appeals issued a Memorandum Decision in 1992—two years after Detective Saldate had retired from the Phoenix Police Department—in which it found that he violated Mahler's right to remain silent.   Defendant Saldate affirmatively alleges, however, that the Arizona Court of Appeals did not make an express finding of misconduct

40

on his part. Defendant Saldate further affirmatively alleges that previously, on June 11, 1990, one month before Defendant Saldate retired from the Phoenix Police Department, the trial court in *Mahler* found that the statements made by Mahler to Defendant Saldate were made by Mahler "knowingly, voluntarily and intelligently after [Mahler] had been advised of his rights and after he had waived them, and therefore, the statements are admissible." Defendant Saldate further affirmatively alleges that he accurately reported the details of his interview of Mahler in the report he prepared summarizing his interview of Mahler. Defendant Saldate is without sufficient knowledge or information to admit or deny the allegation in <u>Paragraph 191</u> of the SAC regarding what information was produced by prosecutors to Ms. Milke's counsel and/or what was requested or within MCAO's duty to disclose, and therefore he denies same and demands strict proof thereof. Defendant Saldate admits that on one occasion in August of 1973, when he was a young, married patrol officer, he was found to have engaged in conduct unbecoming an officer when he accepted a female motorist's offer to kiss him as a showing of gratitude for having not arrested her on an outstanding traffic warrant, and then having deliberately made further advances and "taken liberties" with her. Defendant Saldate further admits that when he was interviewed about that incident by his supervisors in August 1973, he denied going to meet the female motorist after completing his shift, after she had offered, and he agreed, to meet later for the purpose of engaging in sexual intercourse, even though he had gone to meet her, and he omitted some details of the incident regarding the liberties he took with the female motorist. Defendant Saldate affirmatively alleges that when a polygraph was administered to him concerning the incident, he admitted the complete details of his involvement in the incident and took full responsibility for his actions. Defendant Saldate denies the allegation that the incident involved a "sexual quid pro quo." Defendant Saldate further denies the allegation that he failed a polygraph test. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 191</u> of the SAC, and therefore denies those

allegations and demands strict proof thereof. Defendant Saldate denies the remaining allegations contained in Paragraph 191 of the SAC.

192. The allegations contained in Paragraph 192 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 192 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the SAC, and therefore denies those allegations and demands strict proof thereof. Detective Saldate affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

193. The allegations contained in Paragraph 193 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 193 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the SAC, and therefore denies those allegations and demands strict proof thereof. Detective Saldate affirmatively alleges that he disputes the Ninth Circuit Court of Appeals' characterization as to his actions in the cases referenced in Paragraph 193 of the SAC. Defendant Saldate further affirmatively alleges that the Ninth Circuit's findings are neither admissible against him nor binding on him, and cannot form a basis for liability against him, as he was not a party to the Ninth Circuit briefing/case.

194.    The allegations contained in Paragraph 194 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 194 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the SAC, and therefore denies those allegations and demands strict proof thereof.   Defendant Saldate affirmatively alleges that Plaintiff's arrest was not wrongful.

195.    The allegations contained in Paragraph 195 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that he is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 195 of the SAC that Eldon Schurz alleged that he and prosecutor Noel Levy intentionally presented fabricated evidence, including faulty forensic evidence, in order to secure his conviction, and therefore Defendant Saldate denies same and demands strict proof thereof.   Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 195 of the SAC.   Defendant Saldate specifically denies the allegations that Plaintiff's arrest was wrongful and/or that he intentionally presented fabricated evidence at Plaintiff's trial.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the SAC, and therefore denies those allegations and demands strict proof thereof.   Defendant Saldate denies the remaining allegations contained in Paragraph 195 of the SAC.   Defendant Saldate affirmatively alleges that he did not present fabricated evidence, including faulty forensic evidence, in order to secure Schurz's conviction.

196.   The allegations contained in Paragraph 196 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate denies the allegation that Plaintiff's conviction was secured based on fabricated evidence.  Defendant Saldate further asserts that to the extent the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 196 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the SAC, and therefore denies those allegations and demands strict proof thereof.

197.   The allegations contained in Paragraph 197 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate denies all allegations regarding his involvement in the investigation of David Hyde.  Defendant Saldate affirmatively alleges, upon information and belief, that the murders of which David Hyde was convicted occurred after Defendant Saldate had retired from the Phoenix Police Department.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the SAC, and therefore denies those allegations and demands strict proof thereof.

198.   The allegations contained in Paragraph 198 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate denies all allegations regarding his involvement in the investigation of David Hyde.  Defendant Saldate affirmatively alleges, upon information and belief, that the murders of which David Hyde was convicted occurred after Defendant Saldate had retired from the Phoenix Police Department.  Defendant Saldate asserts that to the extent the remaining allegations contained in Paragraph 198 of the SAC may be read to concern or

relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 198</u> of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 198</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

199.  The allegations contained in <u>Paragraph 199</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate denies the allegation that Plaintiff was innocent of the crime for which she was convicted. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 199</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

200.  The allegations contained in <u>Paragraph 200</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 200</u> of the SAC and therefore denies same and demands strict proof thereof.

201.  The allegations contained in <u>Paragraph 201</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in <u>Paragraph 201</u> of the SAC and therefore denies same and demands strict proof thereof.

202.  The allegations contained in <u>Paragraph 202</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies

the allegations contained in Paragraph 202 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the SAC, and therefore denies those allegations and demands strict proof thereof.

203. The allegations contained in Paragraph 203 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 203 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the SAC, and therefore denies those allegations and demands strict proof thereof.

204. The allegations contained in Paragraph 204 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate denies all allegations regarding his involvement in the investigation of David Hyde. Defendant Saldate affirmatively alleges, upon information and belief, that the murders of which David Hyde was convicted occurred after Defendant Saldate had retired from the Phoenix Police Department. Defendant Saldate asserts that to the extent the remaining allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 204 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the SAC, and therefore denies those allegations and demands strict proof thereof.

205.   The allegations contained in Paragraph 205 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate admits that Noel Levy was the prosecutor in a number of cases he investigated, including the Milke, Scott and Styers cases.  Defendant Saldate further admits that other prosecutors prosecuted some of the other criminal cases he investigated. Defendant Saldate denies the remaining allegations contained in Paragraph 205 of the SAC, including the allegation that he was involved in the Hyde investigation.

206.   The allegations contained in Paragraph 206 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 206 of the SAC.  Defendant Saldate specifically denies that there are "eight cases resulting in judicial findings of misconduct" by him.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the SAC, and therefore denies those allegations and demands strict proof thereof.  Defendant Saldate is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 206 of the SAC and therefore denies same and demands strict proof thereof.

207.   The allegations contained in Paragraph 207 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 207 of the SAC and therefore denies same and demands strict proof thereof.

208.   The allegations contained in Paragraph 208 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or

omissions of Defendant Saldate, including alleged misconduct,, Defendant Saldate denies the allegations contained in Paragraph 208 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 of the SAC, and therefore denies those allegations and demands strict proof thereof.

209.   The allegations contained in Paragraph 209 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 209 of the SAC and therefore denies same and demands strict proof thereof.

210.   The allegations contained in Paragraph 210 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 210 of the SAC and therefore denies same and demands strict proof thereof.

211.   The allegations contained in Paragraph 211 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 211 of the SAC and therefore denies same and demands strict proof thereof.

212.   The allegations contained in Paragraph 212 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 212 of the SAC and therefore denies same and demands strict proof thereof.

213.   The allegations contained in Paragraph 213 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.  To the extent a

response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 213 of the SAC and therefore denies same and demands strict proof thereof.

214. The allegations contained in Paragraph 214 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 214 of the SAC and therefore denies same and demands strict proof thereof.

215. The allegations contained in Paragraph 215 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 215 of the SAC and therefore denies same and demands strict proof thereof.

216. The allegations contained in Paragraph 216 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 216 of the SAC and therefore denies same and demands strict proof thereof.

217. The allegations contained in Paragraph 217 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 217 of the SAC and therefore denies same and demands strict proof thereof.

218. The allegations contained in Paragraph 218 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. To the extent a response is required, Defendant Saldate is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 218 of the SAC and therefore denies same and demands strict proof thereof.

219.    The allegations contained in Paragraph 219 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct,  Defendant Saldate denies the allegations contained in Paragraph 219 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the SAC, and therefore denies those allegations and demands strict proof thereof.

220.    The allegations contained in Paragraph 220 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 220 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the SAC, and therefore denies those allegations and demands strict proof thereof.

221.    The allegations contained in Paragraph 221 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate.   Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 221 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the SAC, and therefore denies those allegations and demands strict proof thereof.

222. The allegations contained in Paragraph 222 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 222 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the SAC, and therefore denies those allegations and demands strict proof thereof.

223. The allegations contained in Paragraph 223 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 223 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 of the SAC, and therefore denies those allegations and demands strict proof thereof.

224. The allegations contained in Paragraph 224 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations may be read to concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 224 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the SAC, and therefore denies those allegations and demands strict proof thereof.

225. The allegations contained in <u>Paragraph 225</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 225</u> of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 225</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

226. The allegations contained in <u>Paragraph 226</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 226</u> of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 226</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

227. Defendant Saldate denies the allegations contained in <u>Paragraph 227</u> of the SAC.

228. Responding to <u>Paragraph 228</u>, Defendant Saldate admits that Plaintiff is seeking damages. Defendant Saldate denies that Plaintiff is entitled to recover any damages from him. Defendant Saldate also denies that Plaintiff can seek damages going back to the time of her arrest given that she has not brought a claim for wrongful arrest. Defendant Saldate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in <u>Paragraph 228</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

229.    Defendant Saldate denies the allegations contained in <u>Paragraph 229</u> of the SAC.

230.    Defendant Saldate denies the allegations contained in <u>Paragraph 230</u> of the SAC.

231.    Defendant Saldate denies the allegations contained in <u>Paragraph 231</u> of the SAC.

232.    Defendant Saldate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 232</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

233.    Responding to <u>Paragraph 233</u>, Defendant Saldate admits that Plaintiff was on Arizona's death row for approximately 22 years. Defendant Saldate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in <u>Paragraph 233</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

234.    Responding to <u>Paragraph 234</u> of the SAC, Defendant Saldate admits that Plaintiff has brought claims against him alleging acts and omissions arising from his employment with the City of Phoenix. Defendant Saldate denies that he has any liability for the claims alleged in Plaintiff's SAC. Defendant Saldate affirmatively alleges that, in the event that he is found liable for any acts alleged by Plaintiff, he would be entitled to indemnity from the City of Phoenix. Defendant Saldate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in <u>Paragraph 234</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

235.    The allegations contained in <u>Paragraph 235</u> of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 235</u> of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant

53

Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the SAC, and therefore denies those allegations and demands strict proof thereof.

236.    Defendant Saldate denies the allegations contained in Paragraph 236 of the SAC.

## PLAINTIFF'S CLAIMS
### COUNT I
**42 U.S.C. § 1983 claim for deprivation of liberty without due process of law and violation of right to fair trial, under the Fourteenth Amendment**
***Against Defendants Saldate and Ontiveros***

237.    Responding to the allegations contained in Paragraph 237 of the SAC, Defendant Saldate incorporates herein his responses to Paragraphs 1 through 236 of the SAC.

238.    Defendant Saldate denies the allegations contained in Paragraph 238 of the SAC.

239.    Defendant Saldate denies the allegations contained in Paragraph 239 of the SAC.

240.    Defendant Saldate denies the allegations contained in Paragraph 240 of the SAC.

241.    Defendant Saldate denies the allegations contained in Paragraph 241 of the SAC.

242.    Defendant Saldate denies the allegations contained in Paragraph 242 of the SAC.

243.    Defendant Saldate denies the allegations contained in Paragraph 243 of the SAC.

244.    Defendant Saldate denies the allegations contained in Paragraph 244 of the SAC.

245.    Defendant Saldate denies the allegations contained in Paragraph 245 of the SAC.

54

246.	Defendant Saldate denies the allegations contained in Paragraph 246 of the SAC.

## COUNT II
**42 U.S.C. § 1983 claim for violation of Plaintiff's right against self-incrimination in violation of the Fifth, Sixth, and Fourteenth Amendments**
***Against Defendants Saldate and Ontiveros***

247.	Responding to the allegations contained in Paragraph 247 of the SAC, Defendant Saldate incorporates herein his responses to Paragraphs 1 through 246 of the SAC.

248.	Defendant Saldate denies the allegations contained in Paragraph 248 of the SAC.

249.	Defendant Saldate denies the allegations contained in Paragraph 249 of the SAC.

250.	Defendant Saldate denies the allegations contained in Paragraph 250 of the SAC.

251.	Defendant Saldate denies the allegations contained in Paragraph 251 of the SAC.

252.	The allegations contained in Paragraph 252 of the SAC are not directed at Defendant Saldate and require no response from Defendant Saldate. Notwithstanding, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 252 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 of the SAC, and therefore denies those allegations and demands strict proof thereof.

253.	Defendant Saldate denies the allegations contained in Paragraph 253 of the SAC.

254.   Defendant Saldate denies the allegations contained in Paragraph 254 of the SAC.

## COUNT III
### 42 U.S.C. § 1983 Supervisory Liability Claim
### *Against Defendant Ontiveros*

255.   Responding to the allegations contained in Paragraph 255 of the SAC, Defendant Saldate incorporates herein his responses to Paragraphs 1 through 254 of the SAC.

256.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 256 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the SAC, and therefore denies those allegations and demands strict proof thereof.

257.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 257 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 of the SAC, and therefore denies those allegations and demands strict proof thereof.

258.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate denies the allegations contained in Paragraph 258 of the SAC.

259.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate denies the allegations contained in Paragraph 259 of the SAC.

260.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 260 of the SAC.  Defendant Saldate specifically denies the allegations that he fabricated evidence in the investigation into C.M.'s death and/or coerced Plaintiff.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260 of the SAC, and therefore denies those allegations and demands strict proof thereof.

261.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 261 of the SAC.  Defendant Saldate specifically denies the allegations that he fabricated evidence in the investigation into C.M.'s death.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261 of the SAC, and therefore denies those allegations and demands strict proof thereof.

262.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate denies the allegations contained in Paragraph 262 of the SAC.

**COUNT IV**

**42 U.S.C. § 1983 *Monell* claim against the City of Phoenix for failing to supervise, failing to discipline, ratifying, and acquiescing in unconstitutional conduct, including but not limited to the presentation of fabricated evidence and the use of coercive interrogation and interview techniques**
*Against Defendant City of Phoenix*

263.    Responding to the allegations contained in Paragraph 263 of the SAC, Defendant Saldate incorporates herein his responses to Paragraphs 1 through 262 of the SAC.

264.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 264 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 of the SAC, and therefore denies those allegations and demands strict proof thereof.

265.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate,  including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 265 of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the SAC, and therefore denies those allegations and demands strict proof thereof.

266.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant

Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 266 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of the SAC, and therefore denies those allegations and demands strict proof thereof.

267. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 267 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of the SAC, and therefore denies those allegations and demands strict proof thereof.

268. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 268 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of the SAC, and therefore denies those allegations and demands strict proof thereof.

269. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained

in <u>Paragraph 269</u> of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 269</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

270.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 270</u> of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 270</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

271.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.  To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 271</u> of the SAC.  To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 271</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

. . .

. . .

. . .

. . .

. . .

**COUNT V**

**Claim pursuant to 42 U.S.C. § 1983 and Goldstein v. City of Long Beach for failure to supervise and/or discipline regarding non-disclosure of exculpatory and impeachment information and presentation of fabricated evidence, and for failure to create an administrative system for accessing exculpatory and impeachment information**
*Against Defendant Maricopa County*

272. Responding to the allegations contained in Paragraph 272 of the SAC, Defendant Saldate incorporates herein his responses to Paragraphs 1 through 271 of the SAC.

273. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that he is lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273 of the SAC, and therefore denies same.

274. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 274 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274 of the SAC, and therefore denies those allegations and demands strict proof thereof.

275. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 275 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in <u>Paragraph 275</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

276.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.    To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 276</u> of the SAC.    To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 276</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

277.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.    To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 277</u> of the SAC.    To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in <u>Paragraph 277</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

278.    This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.    To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in <u>Paragraph 278</u> of the SAC.    To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 278 of the SAC, and therefore denies those allegations and demands strict proof thereof.

279.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 279 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the SAC, and therefore denies those allegations and demands strict proof thereof.

280.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate asserts that he is lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 of the SAC, and therefore denies same.

281.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 281 of the SAC.   To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281 of the SAC, and therefore denies those allegations and demands strict proof thereof.

282.   This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate.   To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct,, Defendant Saldate denies the allegations contained

in Paragraph 282 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282 of the SAC, and therefore denies those allegations and demands strict proof thereof.

283. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate admits that Rick Romley was the Maricopa County Attorney at the time Plaintiff was convicted. Defendant Saldate denies the allegation that Plaintiff's conviction was wrongful. Defendant Saldate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 283 of the SAC, and therefore denies same.

284. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 284 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284 of the SAC, and therefore denies those allegations and demands strict proof thereof.

285. This claim is not being asserted against Defendant Saldate and thus requires no response from Defendant Saldate. To the extent that is incorrect, Defendant Saldate asserts that to the extent the allegations concern or relate to acts or omissions of Defendant Saldate, including alleged misconduct, Defendant Saldate denies the allegations contained in Paragraph 285 of the SAC. To the extent the allegations concern or relate to acts or omissions of individuals and/or entities other than Defendant Saldate, Defendant Saldate asserts that he lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in <u>Paragraph 285</u> of the SAC, and therefore denies those allegations and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

286.   Numerous defenses, both affirmative and otherwise, may arise as a result of discovery.  Therefore, pursuant to the Federal Rules of Civil Procedure, Detective Saldate reserves all defenses enumerated in Rules 8 and 12.

287.   Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

288.   Plaintiff may have failed to mitigate her damages.

289.   Defendant Saldate states that he acted in good faith and did not knowingly violate any clearly established constitutional rights of the Plaintiff.  Defendant Saldate is therefore entitled to qualified immunity.

290.   Defendant Saldate states that he acted reasonably, in good faith, without malice, and based upon probable cause or reasonable suspicion in the investigation and prosecution of Plaintiff.

291.   Defendant Saldate's actions as they relate to Plaintiff were objectively reasonable under the totality of the circumstances then existing.

292.   At all times during his involvement in the investigation into C.M.'s disappearance and death and the prosecution of Plaintiff, Defendant Saldate acted reasonably and lawfully and with probable cause to believe that Plaintiff had committed a crime under the totality of the circumstances at the time.

293.   Defendant Saldate asserts the collective knowledge doctrine.

294.   Defendant Saldate asserts that during the investigation into the disappearance and murder of C.M., and the subsequent prosecution of Plaintiff for same, he was entitled to rely on the statements and representations made to him by Defendant Ontiveros and by officers, detectives, criminalists and forensic scientists employed by the Phoenix Police Department.

65

295. Defendant Saldate is entitled to all privileges and immunities extended to governmental entities and governmental employees under all federal and state laws.

296. Plaintiff does not have standing to base her claims on the purported or alleged violations of the civil rights of others.

297. Defendant Saldate incorporates by reference the arguments set forth in his Motions to Dismiss and the supporting Replies.

298. The decision to prosecute Plaintiff was made by the Maricopa County Attorney's Office and Defendant Saldate was not the prosecutor.

299. Detective Saldate is entitled to absolute immunity from all claims against him based on his testimony given during any judicial proceeding including preparatory activity related to same.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendant Saldate prays for an order as follows:

A. Dismissing Plaintiff's Second Amended Complaint with prejudice and that Plaintiff take nothing thereby;

B. For recovery of his costs and other remedies afforded under federal law;

C. For recovery of his attorneys' fees; and

D. For such other relief in law or in equity as the Court deems just.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Saldate demands a trial by jury.

DATED this 28th day of August, 2017.

BERKE LAW FIRM, PLLC

By___s/ Jody C. Corbett_____
    Lori V. Berke
    Jody C. Corbett
    Attorneys for Defendant Armando
      Saldate, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Anna Benvenutti Hoffmann | Anna@nsbcivilrights.com |
| Christina Gail Retts | cretts@swlfirm.com |
| | swolford@swlfirm.com |
| Daniel J. O'Connor | caseadmin@occlaw.com |
| James A Eaves | artie.eaves@sandersparks.com |
| | michele.logan@sandersparks.com |
| James Edward Doman, Jr. | eddy.doman@occlaw.com |
| | allison.moore@occlaw.com |
| Jesse Morgan Showalter | jshowalter@hoklaw.com |
| | gzappia@hoklaw.com |
| | jesses@gmail.com |
| | pkelly@hoklaw.com |
| | traymond@hoklaw.com |
| Jody Campbell Corbett | jody@berkelawfirm.com |
| | laine@berkelawfirm.com, |
| | shirley@berkelawfirm.com |
| Kathleen L. Wieneke | kwieneke@swlfirm.com |
| | kpenny@swlfirm.com |
| | lpiasecki@swlfirm.com |
| | mrosenberg@swlfirm.com |
| Lori V. Berke | lori@berkelawfirm.com |
| | laine@berkelawfirm.com |
| | shirley@berkelawfirm.com |
| Michael D. Kimerer | MDK@kimerer.com |
| | jpak@kimerer.com |
| | mwallingsford@kimerer.com |
| Nick J. Brustin | nick@nsbcivilrights.com |
| | david@nsbcivilrights.com |
| | elizabeth@nsbcivilrights.com |
| Rhonda Elaine Neff | rneff@kimerer.com |
| | mwallingsford@kimerer.com |
| | rhondaneff@cox.net |
| Sally Ann Odegard | sodegard@hoklaw.com |
| | gzappia@hoklaw.com |
| Shane Paul Dyet | Shane.Dyet@occlaw.com |

  s/ Jody C. Corbett

67