Nick J. Brustin *(admitted pro hac vice)*
Anna Benvenutti Hoffmann *(admitted pro hac vice)*
Amelia Green (*admitted pro hac vice*)
Mary McCarthy (*admitted pro hac vice*)
**NEUFELD SCHECK & BRUSTIN, LLP**
99 Hudson St., 8th Floor New York, NY 10013
Tel: (212) 965-9081 Fax: (212) 965-9084
nick@nsbcivilrights.com
anna@nsbcivilrights.com
amelia@nsbcivilrights.com
katie@nsbcivilrights.com

Michael D. Kimerer (Bar # 002492)
Rhonda Elaine Neff (Bar # 029773)
**KIMERER & DERRICK, P.C.**
1313 E. Osborn Rd., Suite 100 Phoenix, AZ 85014
Tel: (602) 279-5900 Fax: (602) 264-5566
MDK@kimerer.com
rneff@kimerer.com

Vanessa Buch (Bar # 033553)
1145 N. Mountain Ave
Tucson, AZ 85719
vanessabuch2@gmail.com

Joshua E. Dubin, Esq. PA. (*admitted pro hac vice*)
7413 Fairfax Dr., Bldg. F
Tarmac, Florida 33321

*Attorneys for Plaintiff Debra Jean Milke*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jean Milke,<br><br>                              Plaintiff,<br><br>  v.<br><br>City of Phoenix;<br>Maricopa County; and<br>Detective Armando Saldate, Jr.; and<br>Sergeant Silverio Ontiveros, in their individual capacities,<br><br>                              Defendants. | No. 2:15-cv-00462-ROS<br><br>**JOINT STATUS REPORT REGARDING OUTSTANDING DISCOVERY & DISPOSITIVE MOTIONS** |

Pursuant to the Court's December 6, 2018 Order, Plaintiff Debra Jean Milke, through undersigned counsel, submits this joint status report on behalf of Plaintiff and Defendants Armando Saldate, Silverio Ontiveros, City of Phoenix, and Maricopa County regarding outstanding discovery issues and dispositive motion practice.

**Joint Discovery Status Update**

With respect to the pending privilege dispute, the parties made substantial efforts to narrow that dispute over the last month. On December 7, 2018, via telephonic conference, Plaintiff proposed resolving the dispute by voluntarily producing all attorney-client privileged communications between Plaintiff and Ken Ray, Kirk Fowler, and Anders Rosenquist. The parties have since agreed that Plaintiff will produce these privileged communications subject to the understanding that production alone does not constitute any further waiver of privilege. Although the parties have substantially narrowed the privilege dispute before the Court, a few issues remain: specifically, the scope of work-product waiver, if any, for all criminal counsel and the scope of waiver, if any, with respect to privileged communications between Plaintiff and her habeas counsel, Michael Kimmerer

2

and Lori Voepel. For the reasons explained below, the parties believe that briefing on these issues would be premature at this juncture.

Last month, Defendants timely served journalist Jana Bommersbach with a subpoena for documents relating to the German book she wrote about Plaintiff. It is Defendants' position that Ms. Bommersbach's approach to the subpoena has frustrated efforts to obtain documents more quickly.  Defendants had difficulty serving Ms. Bommersbach, who then did not timely respond or object within the designated time frame.  After the time frame for responding or objecting expired and as part of the meet and confer process, Ms. Bommersbach retained her own counsel in response to the subpoena and has indicated she intends to assert some objections on the basis of journalist privilege.

After being contacted by Ms. Bommersbach's counsel, Plaintiff promptly advised that it was Plaintiff's position that Ms. Bommersbach should produce any responsive documents in her possession that were provided to her by Plaintiff. It is the parties' current understanding that Ms. Bommersbach does possess what has been represented to Defendants' counsel as thousands of pages of certain documents provided to her by Ms. Milke and that some of these documents are relevant to the outstanding privilege issues, including whether there has been a waiver of attorney client privilege relative to information contained in letters exchanged between Ms. Milke and Ms. Voepel.  To the extent that these documents have not been produced before, these documents may also be relevant to other case-related issues

Because Ms. Bommersbach represented that she was traveling for the holidays she would not agree to produce documents until January 4, 2019. The documents she is agreeing to produce will be picked up by a vendor for copying at that time and are reported to include letters, other documents, cassette tapes, and VHS tapes. Ms. Bommersbach has also agreed to produce her notes of an interview she conducted of Jim Styers, which Defendants contend is relevant to the outstanding issue of contempt and his assertion of the Fifth Amendment privilege. Defendants' counsel was advised by Ms. Bommersbach's counsel that she

interviewed approximately 50 people as part of writing the book. Some of those individuals are deceased. Ms. Bommersbach will also produce a list of the individuals interviewed, and her counsel and Defendants will discuss further agreements that may be reached relative to production—such as production of recorded interviews/notes for individuals who are deceased or otherwise unavailable.

The parties will then need time to review the purportedly voluminous production, to follow up on related discovery, if any, and to confer about resolving the remaining privilege issues. Counsel for Defendant City of Phoenix also has a federal civil trial scheduled before Judge Tuchi from January 15, 2019 to January 31, 2019, and will have limited capacity during that time. The parties therefore respectfully request **March 1, 2019**, as the deadline to file briefing on any privilege issues that remain unresolved at that point.

As to other remaining discovery, now that the parties have reached a partial agreement on privilege, Plaintiff will work to segregate out additional documents they contend are protected by the attorney-client and work-product privilege from the "Milke room" in local counsel's office so that Defendants can physically access the documents stored there that Plaintiff agrees are not privileged. Further, by February 1, 2019, Plaintiff will provide her responses to the discovery requests served by Defendants on November 26, 2018, as the initial deadline was deferred by the litigation stay.

The resolution of the remaining privilege issues will have an impact on additional discovery going forward—including the deposition of Ken Ray (and scope of the same), continued deposition of Noel Levy, and continued deposition of Armando Saldate.  These depositions should be competed after the resolution of the privilege issues, as documents produced may be used in the depositions. As a result, the parties request the ability to set any relevant discovery deadlines and a dispositive motion deadline after the resolution of the privilege issue.

**Defendants' Statement of Summary Judgment Issues**

Finally, with respect to dispositive motions, Defendants believe that it is premature to identify all of the bases for summary judgment at this time. Defendants need additional documents to fully set forth the same, including the Jana Bommersbach documents.  In Ms. Bommersbach's book, the English transcription which was disclosed to Defendants on November 15, 2018, Ms. Bommersbach writes that following Ms. Milke's release from prison: "She gave herself jobs. Go through every one of these boxes from prison, pulling out letters and essays and records for the author writing a book. Shred everything else. 'This is not my life anymore,' she kept telling herself as she fed the shredding machine." As a result, Defendants believe that there may be significant material in Ms. Bommersbach's file that impacts the claims made in this case by Ms. Milke.

As a preliminary matter, Defendants identify the following areas for summary judgment:

(1) Unclean hands- during the criminal trial following a Court hearing where Prosecutor Levy discussed obtaining a search warrant for Ms. Milke's letters, Ms. Milke instructed Joe Marino to destroy/hide letters and lie about her existence and their relationship.  These letters were unavailable to the prosecution and to the Ninth Circuit.  These letters contain information about knowledge of Detective Saldate's claimed interrogation practices and admissions by Ms. Milke that corroborate Detective Saldate's testimony as to what took place during his interview of Ms. Milke.  Ms. Milke engaged in a pattern of sending documents to third-parties during the course of her incarceration that were similarly unavailable through subpoena.

(2) The Ninth Circuit's ruling is not binding on the Defendants; Lack of Privity.

(3) Independent prosecutorial discretion operates as a bar to the claims.

(4) Any claim for damages for arrest and detention is barred by the statute of limitations/probable cause.

(5) The Court must determine, as a matter of law, whether any of the claimed *Brady/Giglio* evidence would be admissible to impeach Detective Saldate. If, as a matter of law, the evidence would not be admissible than it could not have changed the outcome of the first criminal trial. This includes lack of substantial similarity.

(6) The Court must determine, as a matter of law, whether Plaintiff had sufficient notice of the claimed *Brady/Giglio* evidence such that her claims fail. Plaintiff need not have actual notice of all cases to meet this standard. *See United Sates v. Gaggi*, 811 F.2d 78 (2nd Cir. 1987) ("No Brady violation occurs if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence."). If Plaintiff had sufficient notice, then her failure to investigate/present evidence at trial operates as an intervening superseding cause breaking causation as well.

(7) The Court must determine, as a matter of law, whether any of the claimed *Brady/Giglio* cases involved a constitutional violation. Without underlying constitutional violations in those cases, there cannot be a *Monell* claim for failure to train/supervise/discipline. For example, the Court must determine if "I think I need a lawyer" is a sufficiently clear invocation of Fifth Amendment rights.

(8) Absolute immunity applies to any claim based upon Grand Jury testimony based upon *Rehburg*. Several of the purported *Brady/Giglio* cases involving Detective Saldate involve purported Grand Jury testimony.

(9) Timing for the *Monell* cases—the Court must determine, as a matter of law, whether alleged actions occurring after Detective Saldate's employment with the City of Phoenix can be a basis for a failure to discipline/policy practice claim. It is Defendants' position that Court decisions occurring after Detective Saldate's retirement are not notice, nor is there any constitutional obligation to investigate or discipline a retired employee.

(10) Plaintiff's *Monell* claims fail as a matter of law because the undisputed evidence does not support a systemwide practice/policy and there is not sufficient notice.

(11) The undisputed facts do not establish a coercive interrogation of Ms. Milke.

(12) There is no evidence that Detective Saldate personally participated in any alleged violation of Ms. Milke's constitutional rights other than the allegedly coerced confession.

(13) There is no evidence that Detective Saldate violated Ms. Milke's right to counsel.

(14) Detective Saldate and Sgt. Ontiveros are entitled to qualified immunity and absolute immunity.

(15) Ms. Milke cannot prove actual innocence based upon her admissions in various sources including the Joe Marino letters, nor can she prove based upon her undisputed admissions that the jury would have returned a different verdict;

(16) There is no evidence that Sgt. Ontiveros personally participated in any alleged violation of Ms. Milke's constitutional rights.

**Plaintiff's Statement of Summary Judgment Issues**

With respect to dispositive motions, Plaintiff may move for summary judgment against Defendant Maricopa County based on the undisputed record and testimony that the Maricopa County Attorney's Office had policies and/or practices that were deficient as a matter of law with respect to tracking and disclosing *Brady/Giglio* material on testifying police officers during the relevant time period and that this deficiency caused Plaintiff's wrongful conviction.

DATED this 4th day of January, 2019

        NEUFELD SCHECK & BRUSTIN, LLP

By   /s/  Mary McCarthy
    Nick J. Brustin (admitted pro hac vice)
    Anna Benvenutti Hoffmann (admitted pro hac vice)
    Amelia Green (admitted pro hac vice)
    Mary McCarthy (admitted pro hac vice)
    99 Hudson St., 8th Floor
    New York, NY 10013

Michel D. Kimerer
Rhonda Elaine Neff
KIMERER & DERRICK, P.C.
1313 E. Osborn Road, Suite 100
Phoenix, AZ 85014

Vanessa Buch
1145 N. Mountain View Ave
Tucson, AZ 85719

Joshua E. Dubin, Esq. PA. (admitted pro hac vice)
7413 Fairfax Dr. Bldg. F
Tarmac, Florida 33321

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 4, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record, including:

| | |
|---|---|
| Amelia Green | amelia@nsbcivilrights.com |
| Anna B. Hoffmann: | Anna@nsbcivilrights.com |
| Amy B. Kraus | amy.krauss@azbar.org |
| Christina G. Retts: | cretts@wienekelawgroup.com |
| Daniel J. O'Connor: | caseadmin@occlaw.com |
| James A. Eaves: | artie.eaves@sandersparks.com |
| | michele.logan@sandersparks.com |
| James E. Doman, Jr.: | eddy.doman@occlaw.com |
| Jody C. Corbett: | jody@berkelawfirm.com |
| | laine@berkelawfirm.com |
| | shirley@berkelawfirm.com |
| Josh Dubin: | jdubin@dubinconsulting.com |
| Julie S. Hall | julieshall@hotmail.com |
| Kathleen L. Wieneke: | kwieneke@wienekelawgroup.com, |
| | kpenny@wienekelawgroup.com, |
| | lpiasecki@wienekelawgroup.com |
| Kelly Gillilan-Gibson | adminlaw@azag.gov |
| | Kelly.Gillilan-Gibson@azag.gov |
| Lori V. Berke: | lori@berkelawfirm.com |
| Mary McCarthy | katie@nsbcivilrights.com |
| Michael D. Kimerer: | MDK@kimerer.com |
| | jpak@kimerer.com |
| | mwallingsford@kimerer.com |
| Nick J. Brustin: | nick@nsbcivilrights.com |
| | mary@nsbcivilrights.com |
| Rhonda E. Neff: | rneff@kimerer.com |
| Robin E. Burgess: | robin.burgess@sanderspark.com |
| Sally A. Odegard: | sodegard@hoklaw.com |
| | gzappia@hoklaw.com |
| Shane P. Dyet: | Shane.Dyet@occlaw.com |
| | erica.meany@occlaw.com |
| Vanessa M. Buch: | vanessabuch2@gmail.com |

                                                /s/ Mary McCarthy