Defense Counsel                                                    Page 4 of 4
February 19, 2019

462 U.S. 19 (1983) (holding that the work product doctrine applied to a subsequent
litigation even though the prior litigation had ended six years earlier)); *In re
Subpoena Served on Cal. Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989).
The language of the Rule itself protects materials prepared for any litigation or trial
as long as they were prepared by or for a party to the subsequent litigation. Fed. R.
Civ. P. 26(b)(3).

        Please let me know Defendants' position regarding these issues. I can be
available for a telephonic conference this week or next.


                                        Sincerely,


                                        Liz Wang


Enclosure

Cc: Josh Dubin, Michael Kimerer, Rhonda Neff, Jon Loevy, Rachel Brady, Danielle
Hamilton

| Correspondence between Debra Milke (DM) and Habeas Counsel, Lori Voepel (LV) and Michael Kimerer (MK) | | | | | | |
|---|---|---|---|---|---|---|
| Document Category | Date | To | From | cc: or bcc: | Privileges Asserted | Contains subject matter as attorney-client letters in Jana Bommersbach production? |
| Letter | 07/23/00 | MK | DM | | attorney-client | Y |
| Letter | 08/28/00 | DM | MK | | | In Jana Bommersbach Production |
| Letter | 04/11/01 | DM | LV | | attorney-client | N |
| Letter | 04/16/01 | LV | DM | | attorney-client | N |
| Letter | 04/24/01 | DM | Tracy McRae, Asst to LV | Renate Janka | attorney-client | N |
| Letter | 04/25/01 | MK | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 05/08/01 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 06/04/01 | LV | DM | | attorney-client | N |
| Letter | 07/13/01 | LV | DM | | attorney-client | N |
| Letter | 07/20/01 | DM | LV | Renate Janka | attorney-client, work product | N |
| Letter | 08/05/01 | LV | DM | | attorney-client | N |
| Letter | 08/31/01 | LV | DM | | attorney-client | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 09/07/01 | LV | DM | | attorney-client | N |
| Letter | 09/17/01 | DM | LV | | attorney-client | N |
| Letter | 10/16/01 | LV | DM | | attorney-client | N |
| Letter | 11/08/01 | LV | DM | | attorney-client | N |
| Letter | 11/12/01 | LV | DM | | attorney-client | N |
| Letter | 12/23/01 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 01/17/02 | DM | LV | | attorney-client | N |
| Letter | 01/21/02 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 01/27/02 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 02/04/02 | LV | DM | | attorney-client | N |
| Letter | 02/14/02 | DM | LV | | attorney-client | N |
| Letter | 02/24/02 | LV | DM | | attorney-client | N |
| Letter | 03/07/02 | LV | DM | | attorney-client | N |
| Letter | 03/15/02 | DM | LV | | attorney-client | N |

| Letter | 03/21/02 | DM | LV | | attorney-client, work product | N |
|---|---|---|---|---|---|---|
| Letter | 03/30/02 | LV | DM | | attorney-client | N |
| Letter | 04/24/02 | DM | Tracy McRae, Asst to LV | | attorney-client | N |
| Letter | 05/07/02 | DM | LV | | attorney-client | N |
| Letter | 05/14/02 | LV | DM | | attorney-client | N |
| Letter | 06/16/02 | LV | DM | | attorney-client | N |
| Letter | 07/07/02 | LV | DM | | attorney-client | N |
| Letter | 07/08/02 | DM | LV | | attorney-client, work product | N |
| Letter | 07/17/02 | LV | DM | | attorney-client | N |
| Letter | 07/18/02 | DM | LV | | attorney-client | N |
| Letter | 07/26/02 | DM | LV | | attorney-client | N |
| Letter | 08/15/02 | DM | LV | | attorney-client | N |
| Letter | 09/05/02 | DM | LV | | attorney-client | N |
| Letter | 09/10/02 | DM | LV | | attorney-client | N |
| Letter | 10/02/02 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 10/06/02 | LV | DM | | attorney-client | N |
| Letter | 10/10/02 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 10/20/02 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |

| Letter | 11/05/02 | DM | LV | MK | attorney-client | N |
|---|---|---|---|---|---|---|
| Letter | 12/01/02 | LV | DM | | attorney-client | N |
| Letter | 12/22/02 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 01/07/03 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 01/13/03 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 01/13/03 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 02/12/03 | DM | LV | | attorney-client | N |
| Letter | 02/17/03 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 02/21/03 | DM | LV | | attorney-client | N |
| Letter | 03/05/03 | DM | LV | | attorney-client; work product | N |
| Letter | 03/06/03 | DM | LV | | attorney-client | N |
| Letter | 03/09/03 | LV | DM | | attorney-client | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 04/04/03 | DM | LV | | attorney-client, work product | N |
| Letter | 05/22/03 | DM | LV | Renate Janka | attorney-client | N |
| Card | 05/26/03 | LV | DM | | attorney-client | N |
| Card | 06/18/03 | LV | DM | | attorney-client; work product | N |
| Letter | 06/23/03 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 07/10/03 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 07/15/03 | DM | LV | | attorney-client | N |
| Letter | 07/29/03 | DM | LV | | attorney-client | N |
| Letter | 08/01/03 | DM | LV | | attorney-client; work product | N |
| Letter | 09/02/03 | DM | LV | | attorney-client; work product | N |
| Letter | 09/05/03 | DM | LV | | attorney-client | N |
| Letter | 09/09/03 | DM | LV | | attorney-client | N |
| Letter | 09/11/03 | DM | LV | | attorney-client | N |
| Letter | 09/26/03 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 10/05/03 | LV | DM | | attorney-client | N |
| Letter | 01/06/04 | DM | LV | | attorney-client | N |
| Letter | 02/29/04 | LV | DM | | attorney-client | N |
| Letter | 04/13/04 | DM | LV | | attorney-client | N |
| Letter | 04/15/04 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Card | 04/18/04 | LV | DM | | attorney-client | N |
| Letter | 06/01/04 | LV | DM | | attorney-client | N |
| Card | 06/06/04 | LV | DM | | attorney-client | N |
| Letter | 06/23/04 | DM | LV | Renate Janka | attorney-client, work product | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 06/24/04 | DM | LV | | attorney-client; work product | N |
| Letter | 07/22/04 | DM | LV | | attorney-client | N |
| Letter | 08/31/04 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 09/02/04 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 09/19/04 | LV | DM | | attorney-client | N |
| Letter | 09/21/04 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 09/30/04 | LV | DM | | attorney-client | N |
| Letter | 10/28/04 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 11/16/04 | DM | LV | | attorney-client; work product | N |
| Letter | 11/18/04 | LV | DM | | attorney-client | N |
| Letter | 11/23/04 | DM | LV | Renate Janka | attorney-client, work product | N |
| Letter | 12/16/04 | LV | DM | | attorney-client | N |
| Letter | 12/21/04 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 01/07/05 | LV | DM | Renate Janka | attorney-client, work product | N |
| Letter | 01/13/05 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 02/17/05 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 02/24/05 | DM | LV | Renate Janka, Steve Drizin, Larry Hammond, Eleanor Eisenberg, Richard Leo; MK | attorney-client | N |
| Letter | 03/01/05 | MK | DM | | attorney-client | N |
| Letter | 03/17/05 | DM | MK | LV | attorney-client | N |
| Letter | 05/25/05 | MK | DM | | attorney-client | N |
| Letter | 06/20/05 | MK | DM | | attorney-client | N |
| Letter | 06/21/05 | DM | MK & LV | Renate Janka | attorney-client | N |
| Letter | 07/03/05 | MK | DM | | attorney-client | N |
| Letter | 07/27/05 | DM | MK | | attorney-client | N |

| Letter | 08/01/05 | DM | MK | | attorney-client | N |
|---|---|---|---|---|---|---|
| Letter | 08/05/05 | DM | MK | | attorney-client | N |
| Letter | 08/14/05 | MK | DM | | attorney-client | N |
| Letter | 09/02/05 | DM | MK | | attorney-client | N |
| Letter | 09/02/05 | DM | MK | | attorney-client | N |
| Letter | 09/16/05 | DM | MK | | attorney-client | N |
| Letter | 11/30/06 | DM | LV | | attorney-client, work product | N |
| Letter | 01/14/07 | LV | DM | | attorney-client | N |
| Letter | 01/28/07 | LV | DM | | attorney-client | N |
| Letter | 02/14/07 | DM | LV | | attorney-client | N |
| Letter | 03/01/07 | DM | LV | | attorney-client | N |
| Letter | 03/04/07 | LV | DM | | attorney-client | N |
| Letter | 04/17/07 | LV | DM | | attorney-client | N |
| Letter | 05/28/07 | MK | DM | | attorney-client | N |
| Letter | 06/01/07 | DM | LV | Renate Janka, MK | attorney-client | N |
| Letter | 06/05/07 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 06/18/07 | MK | DM | | attorney-client | N |
| Letter | 07/05/07 | MK | DM | | attorney-client | N |
| Letter | 07/15/07 | MK | DM | | attorney-client | N |
| Letter | 07/22/07 | MK | DM | | attorney-client | N |
| Letter | 08/21/07 | DM | LV | | attorney-client | N |
| Letter | 09/06/07 | MK | DM | | attorney-client | N |
| Letter | 09/21/07 | DM | LV | Renate Janka, MK | attorney-client | N |
| Letter | 11/01/07 | DM | LV | | attorney-client | N |
| Letter | 11/12/07 | LV | DM | | attorney-client | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 12/17/07 | MK | DM | | attorney-client | N |
| Letter | 12/19/07 | DM | LV | | attorney-client | N |
| Letter | 12/28/07 | DM | LV | | attorney-client | N |
| Letter | 01/02/08 | DM | MK | | attorney-client | N |
| Letter | 02/04/08 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 03/12/08 | DM | LV | | attorney-client | N |
| Letter | 03/17/08 | DM | LV | | attorney-client | N |
| Letter | 03/20/08 | DM | LV | | attorney-client | N |
| Letter | 03/25/08 | DM | LV | | attorney-client | N |
| Letter | 04/03/08 | DM | LV | | attorney-client | N |
| Letter | 04/08/08 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 04/16/08 | DM | LV | | attorney-client | N |
| Letter | 04/22/08 | DM | LV | | attorney-client | N |
| Letter | 05/12/08 | LV | DM | | attorney-client | N |
| Letter | 05/13/08 | DM | LV | | attorney-client | N |
| Letter | 06/16/08 | DM | LV | | attorney-client | N |
| Letter | 06/20/08 | DM | LV | | attorney-client | N |
| Letter | 07/28/08 | MK | DM | | attorney-client | N |
| Letter | 07/29/08 | DM | LV | | attorney-client | N |
| Letter | 08/06/08 | DM | LV | Renate Janka | attorney-client | N |
| Letter | 08/22/08 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 08/22/08 | DM | LV | | attorney-client | N |
| Letter | 08/24/08 | MK | DM | | attorney-client | N |
| Letter | 08/25/08 | DM | LV | | attorney-client | N |
| Letter | 09/04/08 | DM | Nancy Alexander, asst to MK | | attorney-client | N |
| Letter | 09/10/08 | DM | LV | | attorney-client | N |

| Letter | 09/10/08 | DM | LV | | attorney-client | N |
|--------|----------|-----|------------------------|--|------------------------------|---|
| Letter | 09/11/08 | DM | LV | | attorney-client | N |
| Letter | 09/28/08 | MK | DM | | attorney-client | N |
| Letter | 10/14/08 | DM | LV | | attorney-client | N |
| Letter | 10/24/08 | DM | LV | | attorney-client, work product | N |
| Letter | 11/10/08 | DM | LV | | attorney-client | N |
| Letter | 12/15/08 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 12/22/08 | LV | DM | | | In Jana Bommersbach Production |
| Letter | 03/05/09 | DM | LV | | attorney-client, work product | 1st page in Jana Bommersbach production; rest is privileged |
| Letter | 03/08/09 | MK | DM | | | In Jana Bommersbach Production |
| Letter | 03/12/09 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 04/27/09 | LV | DM | | attorney-client | N |
| Letter | 06/03/09 | DM | LV | | attorney-client, work product | N |
| Letter | 07/13/09 | DM | LV | | | In Jana Bommersbach Production |
| Letter | 07/17/09 | DM | LV | | | In Jana Bommersbach Production |
| Letter | 09/28/09 | MK | DM | | attorney-client | N |
| Letter | 10/20/09 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 10/22/09 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 10/26/09 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 11/23/09 | MK | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 12/03/09 | DM | MK | | | In Jana Bommersbach Production |
| Letter | 12/16/09 | DM | LV | | attorney-client | N |
| Letter | 12/31/09 | DM | LV | | attorney-client, work product | N |
| Letter | 01/19/10 | MK | DM | | attorney-client | N |
| Letter | 01/25/10 | DM | LV | Michael Kimerer | attorney-client | N |
| Letter | 01/26/10 | DM | MK | | attorney-client | N |
| Letter | 02/01/10 | DM | LV | | attorney-client | N |
| Letter | 02/02/10 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 03/18/10 | DM | LV | | attorney-client | N |
| Letter | 04/15/10 | DM | LV | | attorney-client | N |
| Letter | 05/21/10 | DM | LV | | attorney-client | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 05/24/10 | MK | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 09/19/10 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 09/21/10 | DM | LV | | attorney-client | N |
| Letter | 10/04/10 | DM | LV | | attorney-client | N |
| Letter | 10/28/10 | DM | LV | | attorney-client | N |
| Letter | 11/16/10 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 01/10/11 | MK | DM | | attorney-client | N |
| Letter | 01/25/11 | DM | MK | | attorney-client | N |
| Letter | 03/06/11 | MK | DM | | attorney-client | N |
| Letter | 03/30/11 | MK | DM | | attorney-client | N |
| Letter | 05/15/11 | MK | DM | | attorney-client | N |
| Letter | 05/16/11 | MK | DM | | attorney-client | N |
| Letter | 05/24/11 | DM | MK | | | In Jana Bommersbach Production |

| Letter | 08/28/11 | MK | DM | | attorney-client, work product | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
|--------|----------|----|----|---|------------------------------|------|
| Letter | 08/31/11 | DM | MK | | attorney-client, work product | N |
| Letter | 09/11/11 | MK | DM | | attorney-client, work product | N |
| Letter | 09/16/11 | DM | MK | | attorney-client | N |
| Letter | 09/22/11 | MK | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 11/08/11 | MK | DM | | attorney-client | N |
| Letter | 11/17/11 | DM | MK | | attorney-client | N |
| Letter | 01/24/12 | MK | DM | | attorney-client | N |
| Letter | 02/08/12 | DM | MK | | attorney-client | N |
| Letter | 04/04/12 | MK | DM | | attorney-client | N |
| Letter | 04/13/12 | DM | MK | | attorney-client | N |
| Letter | 05/16/12 | MK | DM | | attorney-client | N |
| Letter | 06/29/12 | DM | MK | | attorney-client | N |
| Letter | 03/14/13 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 03/18/13 | DM | LV | | attorney-client | N |
| Letter | 04/09/13 | DM | LV | | attorney-client | N |
| Letter | 05/05/13 | MK | DM | | attorney-client | N |

| | | | | | | |
|---|---|---|---|---|---|---|
| Letter | 05/27/13 | MK | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 05/31/13 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 06/02/13 | MK | DM | | attorney-client, work product | N |
| Letter | 06/18/13 | DM | LV | | attorney-client, work product | N |
| Letter | 06/20/13 | LV | DM | | attorney-client | Y |
| Letter | 06/25/13 | LV | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |
| Letter | 07/23/13 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 07/24/13 | LV | DM | | attorney-client | N |
| Letter | 07/25/13 | LV | DM | | attorney-client | N |
| Letter | 07/30/13 | DM | Ginger Stahly, LV's assistant | | attorney-client | N |
| Letter | 04/21/14 | DM | Melissa Wallingsford, legal asst to MK and Rhonda Neff | | attorney-client | N |
| card | 03/xx/07 | DM | LV | | attorney-client | N |
| Card | 12/xx/03 | LV | DM | | attorney-client | N |
| Notes | undated | MK and LV | DM | | attorney-client | N |

| Letter (draft handwritten) | undated | DM | MK | | attorney-client | N |
|---|---|---|---|---|---|---|
| Memo for retrial | undated | MK | DM | | attorney-client | Y in part, N in part; only portions have same subject matter as Bommersbach-disclosed letters; other portions privileged. Can be redacted. |

## Kim Penny

| | |
|---|---|
| **From:** | Christina Retts |
| **Sent:** | Friday, February 22, 2019 2:41 PM |
| **To:** | Elizabeth Wang |
| **Cc:** | Kathleen Wieneke; Lori Berke; Jody Corbett; Sally Odegard; Artie.Eaves@SandersParks.com; Robin E. Burgess; Jon Loevy; Rachel Brady; Danielle Hamilton; Brian Swift; Rhonda Neff; Michael Kimerer; Joshua Dubin (JDubin@dubinconsulting.com) |
| **Subject:** | RE: Milke v. City of Phoenix, et al - letter regarding privilege |

Counsel,

We propose scheduling the conference call on Tuesday at 1:00 Arizona time.

Next, we have set forth our position on implicit waiver in our previous filings with the Court and the Court issued orders relating to this issue and where implicit waiver would be at play. *See* Doc. 362; Doc. 373. We also detailed through numerous emails previously exchanged, our position. Please refer to the same. We are happy to discuss this further at the meet and confer.

As it relates to the Interrogatory Responses, please properly supplement the actual written discovery and provide a verification. An email response is not sufficient.

Additionally, Plaintiffs continue to maintain the position that Plaintiff need not have produced documents that were possessed by a third-party even if the third-party possessed documents that were Plaintiff's own documents (specifically 6000 pages provided to Janna Bommersbach). And, even though the discovery requests specifically asked for documents in any of Plaintiff's representative's possiesion. Plaintiffs' position on what is required to be produced is not in accord with Ninth Circuit precedent, which requires that a party obtain and produce documents that a party has a legal right to control or obtain. *See United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450 (9th Cir. 1989). That Ms. Milke had such a right is clear by the fact that Ms. Bommersbach produced the documents after Plaintiff wrote her a letter that approved of the same. Defendants sent a specific RFP for all information provided to journalists. Plaintiff did not produce the Bommersbach materials, nor did she respond by stating that Ms. Bommersbach had documents so that Defendants could have issued a subpoena at that time (even though Plaintiff should have obtained those documents herself and produced them). At Defendants request and after searching through letters, Defendants identified Jacques, who also appears to be a journalist. He was not listed or identified in response to the same RFP that Janna Bommersbach was responsive to. Under Plaintiff's reading of the rule, all she would have to do would be to hand over all of her documents to third parties and she would have no discovery obligations whatsoever. Indeed, this is what appears to have occurred with the website—that Plaintiff repeatedly calls "my website" and Franke Aue; documents that Plaintiff's mother had in Germany that were shredded by her after litigation commenced; and documents held by Janna. If any other third-parties are holding documents, or did at one point, these parties should be identified to Defendants. The website still needs to be obtained and produced.

Further, in responding to Interrogatories, a party is also required to review any documents in his possession, custody or control, which includes information known by Plaintiff's attorneys. *See Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617 (N.D.Ok. 2009). That Ms. Milke has claimed a lack of memory is not sufficient as she has a litany of her own letters available for her to review which may refresh her recollection so that sufficient records can be provided. Plaintiff must undertake additional investigation to ensure complete responses. The purpose of Interrogatories is also to relieve parties of the cost of proving facts—such as the extensive nature of Plaintiff's contact with third-parties that directly contract her damages. Plaintiff's "supplement" below still isn't accurate as it leaves out additional individuals identified in the letters—such as Ingo. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320 (N.D. Ill 2005) (violation of Rule 33(d)

1

where the responding party required the opposing party to sift through a massive amount of documents to find answers to the interrogatory); *Piling v. General Motors Corp.* 45 F.R.D. 366 (D.Utah 1968) (party cannot unreasonably limit his answer to matters within his own knowledge and ignore information immediately available to him or under his control).

A party responding to interrogatories "cannot meet its discovery obligations by sticking its head in the sand and refusing to look for the answers and then saying it does not know the answer...interrogatires must be answered 'directly and without evasion and in accordance with information that the answering party possesses **after due inquiry**.'" *See Health Grades, Inc. v. MDX Med.*, Inc. 2014 U.S.Dist. LEXIS 802 (D.Co. 2014). Indeed, in Health Grades, the Court found a discovery violation where the party failed to use the documents it had available to it to respond to discovery. When the Defendants agreed to the stay, it was our understanding that the purpose was to allow Plaintiff a month go undertake the reasonable investigation necessary to respond to discovery that was pending. Then, Defendants agreed to an additional extension for Plaintiff to respond past that time. Thus, Plaintiff had almost twelve weeks to respond to the latest set of discovery. Yet, the responses continue to be deficient based upon Defendants' review of documents that Plaintiff didn't even produce, but should have. Months ago we requested that Plaintiff review ALL of the documents produced in this litigation to ensure that the discovery responses were appropriate (which we contend was already ordered by the Court) and to determine the scope of Plaintiff's third-party disclosure of attorney client and work product information directly relevant to the privilege issue. But, as has been the case for the last six months, it is Defendants that are continuously finding new areas where Plaintiff's responses fall short and are incomplete. For example, Plaintiffs' Response to Interrogatory No. 9 is deficient. Plaintiff states that she cannot identify or recall the individuals who sent her money or the amounts. Pat Gailbraith, seemingly using Renata's account, sent money to Plaintiff every month in the form of an allowance up until her release. This is evident from letters Janna Bommersbach had. Mr. Gailbraith also did not send paltry amounts of money. He sent sometimes $200 per month. Given the tremendous deal it is for an inmate to receive funds in prison, it is simply not realistic that Plaintiff is unable to identify a single individual who sent her money when she was incarcerated. Plaintiff also may have had certain responsibilities over her mother's estate and, as such, could obtain records from her bank to identify these transactions. The Response to Interrogatory No. 9 must be supplemented.

As for the Plaintiff's position now that the Court's directive was not to organize the file and to only address the Ken Ray issue, we disagree. At the October 19 hearing we specifically requested that the Plaintiff go through the file and identify privileged and no-privileged material to ensure completeness—not just related to Ken Ray as Plaintiff maintains below: "Ms. Retts: So it's not just Ken Ray, we have asked them to go through the entire file to identify what is privileged and what isn't related to specific RFPs that we're asking for information on. Court: So what's the problem, Miss McCarthy? Ms. McCarthy: You honor, we have, in fact—so there is this room full of documents. We have ---hundreds and hundreds of hours have been expended organizing this room, scanning it. Court: No, You should have done this a long time ago. I'm not going to give you anymore time, otherwise I'm not going to let you continue with this case. . . Court: Ms. McCarthy, you know, you are—you may or may or may not be in hot water here and your other lawyers. But if there have been outstanding requests for production of documents, you need to get on it now and respond to those requests for production of documents. There is no excuse, sine this case has been around since 2015, no excuse that we can't produce these documents. If it's a privileged issue, that's different. But you've got to get them organized, you have to respond by, again, the 31st." Despite this clear guidance, Plaintiff did not identify Janna, produce the transcript, or produce any of the 6000 pages of documents. Nor did Plaintiff offer to have the 30 boxes of documents copied by October 31, nor did Plaintiff produce them. Yet, the Janna documents have critical areas of attorney client privilege that Plaintiff agrees there is waiver on related to Ms. Voepel and Mr. Kimmerer. Had Plaintiff properly reviewed the file, the positions taken on privilege months ago should have been different. Yet, Defendants are the ones bearing the costs and expenses of this work, that should have been done before the filing of this case.

We continue to maintain that there is no work product or attorney client privilege that remains. The existence of privilege is dependent, in part, on Plaintiff's efforts to keep information confidential and protected. There was no effort by Plaintiff to do this. Instead, she used third parties as conduits to give information to her attorneys, shared attorney client and work product information with third-parties (Pat, Janna, Gary Stuart, Frankie, her mother). Indeed, we do not have any communications between Plaintiff and Frankie Aue, or the website. Given the vast disclosures that exist, it is

reasonable to contend that Ms. Milke disclosed attorney client privileged information to Frankie Aue as well, yet Defendants cannot determine the scope because Mr. Aue is outside of the subpoena power. And, Ms. Milke is a poor historian unable to even identify many of the people she was communicating with while incarcerated. Additionally, implicit waiver applies based upon the nature of the claims asserted by Plaintiff as she has put at issue her confession and alleged fabrication of evidence. Plaintiff also recently served RFAs that also put directly at issue her communications with her lawyers. She cannot seek an admission to establish the truth of a matter by putting forth a limited subset of letters, while withholding the rest. The privilege is being used as a sword and a shield.

At the minimum, the information identified by Plaintiff as waived (as set forth in your prior correspondence on all of the subjects identified) should be produced immediately as it never should have been withheld from production in the first place given the explicit waiver. As we have previously agreed, we will not contend that any such production of the subject matters identified as waived in your last correspondence is an additional basis for waiver. Although we contend that there has been an waiver of everything, we would note that the categories outlined by Plaintiff are too narrow. The Court's ruling, DOC. 362, held that "by disclosing privileged communications to third parties Plaintiff waived the privilege on the subject of those communications." This applies to all disclosures made by Plaintiff to a third party, which Plaintiff has not timely or appropriately identified throughout the course of this case. In asserting privilege, it is Plaintiff's burden to determine if there has been third party disclosure, not Defendants. We are certain that the Court would view part of getting the file in order to include a determination of the extent of third-party disclosure to ensure that the position taken on whether there is any privilege is in accord with Ms. Milke's actions (such that all potential third-party disclosures are investigated and identified). The letters possessed by Janna also include the following subject matter that should be produced: contact and communications regarding the documentary team; and contact and communications with Jacques regarding his interviews/investigations; any book deals and/or ghost writing contracts.

Next, Plaintiff continues to not address the issue of search of Mr. Kimmerer and Ms. Voepel's electronic documents. Please confirm that all electronic documents, including email, have been reviewed and are contained on the privilege log that has been previously produced. Second, please let us know your position on production of electronic documents that were exchanged with third-parties. There is no privilege associated with third-parties, there is no reasonable means of obtaining the information (as many of the individuals we know communicated by email are deceased, mentally infirm, or outside the subpoena power—Renata, Reinhard, Frank Aue, Pat Gailbraith). Third, if there is an assertion of some form of protection, please identify the basis for the same.

Finally, Please confirm that Plaintiff has produced all counseling and treatment records. These were requested in a Request for Production and in response to Interrogatory No. 2 Plaintiff refers to the produced records. If Plaintiff has received additional treatment since September, this should have been supplemented. If there has been additional treatment, please produce the records by March 1.

We will be prepared to discuss this further at the meet and confer as we continue to make our way through the documents.

Tina


**From:** Elizabeth Wang <elizabethw@loevy.com>
**Sent:** Thursday, February 21, 2019 5:39 PM
**To:** Christina Retts <cretts@wienekelawgroup.com>
**Cc:** Kathleen Wieneke <kwieneke@wienekelawgroup.com>; Lori Berke <lori@berkelawfirm.com>; Jody Corbett <Jody@berkelawfirm.com>; Sally Odegard <sodegard@hoklaw.com>; Artie.Eaves@SandersParks.com; Robin E. Burgess <robin.burgess@sandersparks.com>; Jon Loevy <Jon@loevy.com>; Rachel Brady <brady@loevy.com>; Danielle Hamilton <hamilton@loevy.com>; Brian Swift <brians@loevy.com>; Rhonda Neff <rneff@kimerer.com>; Michael Kimerer <mdk@kimerer.com>; Joshua Dubin (JDubin@dubinconsulting.com) <jdubin@dubinconsulting.com>
**Subject:** Re: Milke v. City of Phoenix, et al - letter regarding privilege

Counsel,

I am available for a telephonic conference on Monday, Tuesday or Wednesday of next week.

I do not believe I have seen any letters to or from Doug Bice. Likewise with the name Cameron. As Anna Hoffman told you in November 2018, Plaintiff has produced all letters in her possession, custody and control that were either written to her or were from her. Plaintiff already produced several thousand pages of letters. If we find anything else, we will produce it. (But since you have taken all of the boxes that were in the Milke room for scanning/copying, if there are such letters anywhere, it would be in those boxes. We also sent you a log of what was in those boxes a couple weeks ago.)

The fact that a third party (such as Jana Bommersbach) had documents does not mean that Plaintiff did not comply with her objections under Rule 34. Defendants have not provided any legal authority for their position that documents in the possession of Jana Bommersbach were within Plaintiff's control, as contemplated in Rule 34 and the case law interpreting it. *See, e.g., Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("A party may be required to product a document in the possession of a nonparty entity if the party has the legal right to obtain the document."). If you have any legal authority to the contrary, please provide it.

In sum, Plaintiff has and continues to comply with her discovery obligations.

Plaintiff's response to Defendant City's Interrogatory No. 1 stated that she could not possibly name or remember the name of every individual she has ever spoken to about the events of December 2, 1989, her prosecution, or the investigation. In her response, Plaintiff named specific individuals that she could recall and then referred to letters, documents, and prior testimony. This was a sufficient response under Rule 33; in other words, there is nothing improper under the Federal Rules about answering an interrogatory by incorporating documents by reference. Review of documents that are in both parties' possession is as available to Defendants as to Plaintiff. If you have any legal authority to the contrary, please provide it.

Furthermore, we dispute your characterization of the hearing in October 2018 as the court ordering Plaintiff to "get the file in order". What the court ordered at that hearing was to reconstruct the original file of Ken Ray, to the extent Plaintiff could, and to provide that to Ken Ray. Plaintiff has already done that.

Plaintiff's obligations are to respond to discovery and to supplement discovery in accordance with the Federal Rules of Civil Procedure. Plaintiff has complied with her discovery obligations and continues to do so.

Plaintiff supplements her response to Defendant City's interrogatory no. 1 with the following names of individuals: Doug Bice, Wendi Andriano, Trivia Thompson, Marguirite Garcia, Shante Jones, Cheryl Caliguire. Monica and Jessica are Marguirite's daughters and Plaintiff does not recall their last names.

Plaintiff supplements her response to Defendant City's interrogatory no. 9 with: Jacques Secretan.

With respect to the issue of attorney-client privilege with respect to habeas counsel, Defendants have not identified what additional subject matters, if any, should be included in the list of subject matters I set forth in my 2/19/19 letter.

Furthermore, with respect to implicit waiver, it is not clear what subject matter(s) Defendants are asserting has been implicitly waived between Plaintiff and her habeas counsel, Mike Kimerer and Lori Voepel. We are unable to consider your position until you actually set forth what subject matter(s) you are asserting have been implicitly waived with respect to habeas counsel communications.

Elizabeth Wang
Loevy & Loevy
2060 Broadway | Ste. 460

Boulder | CO 80302
T 720.328.5642
F 312.243.5902
www.loevy.com


On Thu, Feb 21, 2019 at 3:38 PM Christina Retts <cretts@wienekelawgroup.com> wrote:

Counsel,


We have not heard back on any availability next week for a phone call, or the additional items mentioned below.


Additionally, further review of documents from Janna Bommersbach identifies further deficiencies in Plaintiffs responses to discovery.  Please supplement the responses to include Doug Bice from Texas, who Plaintiff communicated regularly with—phone and written (although we have not yet found any letters).  If Plaintiff has any letters to/from Mr. Bice, those letters should be produced.  Plaintiff tells Pat Gailbraith in multiple letters to tell Doug that she loves him and he is like the peanut butter to her jelly.  The Court ordered Plaintiff to get this file in order in October of 2018.  Yet, new people who Plaintiff had pretty lengthy and substantive contact with ("He knows everything about my case" Bommersbach5334) continue to not be properly disclosed in response to specific discovery requests narrowly tailored to identify this precise information. These letters and the identities of the individuals run directly contrary to opinions expressed by Dr. Agharkar relative to Plaintiff's damages. Plaintiffs ability to and participation in letter writing that appears to have proceeded to a romantic level with multiple different men—James (last name still not disclosed and who Plaintiff stated that she might marry), Doug Bice (tell him I love him), Ingo Hassleback (plans to marry), and Frankie Aue (romantic according to Ms. Bommersbach's book)—is directly relevant to the damages she claims including isolation, inability to form relationships, trust, etc.. And these are only the identities that Defendants have identified in documents not that Plaintiff has voluntarily identified in response to discovery. The Federal Rules do not impose upon Defendants the burden of ferreting through thousands of pages of letters written in Plaintiff's own hand to identify multiple previously unidentified individuals that Plaintiff was writing to and/or contributing to financially in prison.


Tina


From: Christina Retts
Sent: Wednesday, February 20, 2019 11:40 AM
To: 'Elizabeth Wang' <elizabethw@loevy.com>; Kathleen Wieneke <kwieneke@wienekelawgroup.com>; Lori Berke <lori@berkelawfirm.com>; Jody Corbett <Jody@berkelawfirm.com>; Sally Odegard <sodegard@hoklaw.com>; Artie.Eaves@SandersParks.com; Robin E. Burgess <robin.burgess@sandersparks.com>
Cc: Jon Loevy <Jon@loevy.com>; Rachel Brady <brady@loevy.com>; Danielle Hamilton <hamilton@loevy.com>; Brian Swift <brians@loevy.com>; Rhonda Neff <rneff@kimerer.com>; Michael Kimerer <mdk@kimerer.com>; Joshua Dubin

(JDubin@dubinconsulting.com) <jdubin@dubinconsulting.com>
**Subject:** RE: Milke v. City of Phoenix, et al - letter regarding privilege


Counsel,


We are still reviewing the thousands of pages of Bommersbach materials and in that review there are more disclosures than are referenced in your letter. These disclosures include Ms. Milke's communications of confidential information to Pat Galbraith, including attaching emails exchanged between Lori and Mike and detailing conversations she had. *See*, for example, Bommersbach4707-08. There **are more than 6000 thousand pages** of Bommersbach materials that **should have been turned over by Plaintiff long ago. Indeed, years ago as directly responsive to discovery**. From the Bommersbach materials, it is clear that Ms. Bommersbach was involved with Ms. Milke beginning at least as early as 2012 and perhaps earlier and that Ms. Milke's criminal lawyers were aware of Ms. Bommersbach's involvement. We are furiously reviewing these materials in an extremely compressed time frame. As a result, we would suggest a phone call early next week. Will everyone please provide their availability on Monday, Tuesday, and Wednesday for a phone conference.


Before the conference, we would note that Plaintiffs' position on waiver only addresses explicit waiver. Please provide your position on implicit waiver given the claims made in this litigation.

Next, we made a request regarding Plaintiff searching Mr. Kimmerer and Ms. Voepel's email to identify emails that were sent/exchanged/copied to third parties (including Frankie Aue, Ingo Hasselback, Patti Gailbraith, Pat Gailbraith, Janna Bommersbach, Renata Janka, Reinhard, Alex Janka, Paul Heubel, Jacuqes). Please let us know what your position is on this as well.


Finally, the continued review of documents from Ms. Bommersback reveals that Plaintiff's recent discovery responses are incomplete (ROG No. 1 and No. 9). Please supplement with the full identify of Jacques. If Plaintiff cannot remember his identity, Mr. Kimmer and Ms. Voepel are aware of the same as he is mentioned in email communication exchanged between them (and produced with the Janna materials) related to a recorded interview. *See* Bommersbach4543. This is waiver also. Plaintiff's Response to ROG No. 9 is also insufficient. There are numerous inmates identified in Plaintiffs letters—sometimes by first name only—that Plaintiff wrote letters to—sometimes they were passed by guards, sometimes they were sent by subverting the mail system and Piggybacking, or sometimes they were sent out to a third-party (usually Pat Gailbraith) using a system designed expressly to subvert prison rules and regulations. This appears to have been occurring for several years and as late as 2013. Plaintiff also directed Pat Gailbraith to provide "allowance" money to these inmates from her in addition to the "allowance" money she was receiving. She also directed books and CDs to be sent to other inmates. Substantial amounts of money were provided regularly to inmates from Ms. Milke using a third-party conduit. Please supplement your response to include all of the inmates that Plaintiff correspondence with including the full identities of: Wendi, Trivia (Tree-Vee), Marguirite, Shante', Monica, Jess, and Cheryl. As Ms. Milke was directing Mr. Gailbraith to send Money Orders to inmates, including these, she has knowledge of their names and inmate numbers. *See, for example*, Bommersbach4524; 4532-34;4618-9; 4693. This information is directly relevant to Plaintiff's damages, claims that she was isolated in prison and cannot maintain friendships, and to impeach Plaintiff's damages expert's testimony. To the extent that Plaintiff possesses letters addressed to CAMERON, Ms. Milke has identified Cameron as her alias to avoid detection by prison authorities so please produce those as well. *See* Bommersbach4621-23. If Plaintiff is unwilling to provide this information, please let us know immediately if Plaintiff objects so that we may prepare a discovery dispute statement to the Court.

Tina

**From:** Elizabeth Wang <elizabethw@loevy.com>
**Sent:** Tuesday, February 19, 2019 10:48 AM
**To:** Christina Retts <cretts@wienekelawgroup.com>; Kathleen Wieneke <kwieneke@wienekelawgroup.com>; Lori Berke <lori@berkelawfirm.com>; Jody Corbett <Jody@berkelawfirm.com>; Sally Odegard <sodegard@hoklaw.com>; Artie.Eaves@SandersParks.com; Robin E. Burgess <robin.burgess@sandersparks.com>
**Cc:** Jon Loevy <Jon@loevy.com>; Rachel Brady <brady@loevy.com>; Danielle Hamilton <hamilton@loevy.com>; Brian Swift <brians@loevy.com>; Rhonda Neff <rneff@kimerer.com>; Michael Kimerer <mdk@kimerer.com>; Joshua Dubin (JDubin@dubinconsulting.com) <jdubin@dubinconsulting.com>
**Subject:** Milke v. City of Phoenix, et al - letter regarding privilege

Dear Counsel

Please see attached

Elizabeth Wang

Loevy & Loevy

2060 Broadway | Ste. 460

Boulder | CO 80302

T 720.328.5642

F 312.243.5902

www.loevy.com

CONFIDENTIAL COMMUNICATION: E-mails from the WIENEKE LAW GROUP, PLC normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you. Please be advised that the Firm does not give tax advice.