# Exhibit 8

Nick J. Brustin *(admitted pro hac vice)*
Anna Benvenutti Hoffmann *(admitted pro hac vice)*
Amelia Green (*admitted pro hac vice*)
Mary McCarthy (*admitted pro hac vice*)
**NEUFELD SCHECK & BRUSTIN, LLP**
99 Hudson St., 8th Floor New York, NY 10013
Tel: (212) 965-9081 Fax: (212) 965-9084
nick@nsbcivilrights.com
anna@nsbcivilrights.com
amelia@nsbcivilrights.com
katie@nsbcivilrights.com

Michael D. Kimerer (Bar # 002492)
Rhonda Elaine Neff (Bar # 029773)
**KIMERER & DERRICK, P.C.**
1313 E. Osborn Rd., Suite 100 Phoenix, AZ 85014
Tel: (602) 279-5900 Fax: (602) 264-5566
MDK@kimerer.com
rneff@kimerer.com

Vanessa Buch (Bar # 033553)
1145 N. Mountain Ave
Tucson, AZ 85719
vanessabuch2@gmail.com
Tel: (756) 516-3635

Joshua E. Dubin, Esq. PA. (*admitted pro hac vice*)
7413 Fairfax Dr., Bldg. F
Tarmac, Florida 33321
jdubin@dubinconsulting.com
Tel: (917) 523-0124

*Attorneys for Plaintiff Debra Jean Milke*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Debra Jean Milke,

                                    Plaintiff,

            v.                                             No. 2:15-cv-00462-ROS

City of Phoenix;
Maricopa County; and
Detective Armando Saldate, Jr.; and
Sergeant Silverio Ontiveros, in their individual
capacities,

                                    Defendants.

**PLAINTIFF'S FIFTH SUPPLEMENTAL RESPONSE TO DEFENDANT CITY OF PHOENIX'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, through counsel, supplements her response to Defendant City of Phoenix's First Request for Production of Documents to Plaintiff, as per the Federal Rules of Civil Procedure, upon information and belief. Plaintiff provides a cumulative response to the City's First Request for Production with new information appearing in **bold** and deletions appearing in ~~strikethrough~~.

**PRELIMINARY STATEMENT**

Plaintiff's file in this case comprises the work of multiple attorneys and law firms, spanning more than twenty-five years.  It contains numerous boxes of records from Plaintiff's criminal trial and appeal, post-conviction proceedings, federal habeas, retrial proceedings, and civil lawsuit—records that, over the years, have been intermingled.  The following responses are a product of Plaintiff's best attempts to compile and organize the file, and they reflect Plaintiff's current understanding, upon information and belief, of what it contains.  Plaintiff's review of the file is ongoing.  Plaintiff expressly reserves the right to supplement, clarify, revise or correct any and all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      Plaintiff objects to each of Defendant's demands to the extent that they call for production of information and documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privilege or protection.  Such objection may be made in the short form "privileged."  To the extent Plaintiff ultimately produces documents in this lawsuit, no privileged or similarly protected documents will be produced, and the inadvertent production of any document protected by an applicable privilege or doctrine is not intended to constitute, and shall not constitute, a waiver in whole or in part of such privilege, doctrine, or objections.

2.      Plaintiff objects to the extent that the demands call for production of information protected by any individual's right of privacy.

3.      Plaintiff objects to each of the Defendant's demands to the extent that they seek documents that are not relevant to the claims or defenses of any party to this lawsuit.  Such objection may be made in the short form, "irrelevant" or "not calculated to lead to the discovery of admissible evidence."

4.      Plaintiff objects to the Defendant's demands overall, and each of them individually, to the extent that they are vague, overly broad and unduly burdensome.  Such objection may be made in the short form, "vague, overly broad and unduly burdensome."  Plaintiff further objects to Defendant's demands to the extent they seek materials that are not in Plaintiff's current possession, custody or control, or to the extent they seek the production of documents and information already in the possession of, publicly available to, or readily obtainable by Defendant and Defendant's counsel. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendant as Plaintiff.

5.      Plaintiff objects to each of Defendant's demands to the extent they seek information duplicative of information that has already been ordered produced to Defendants, either earlier in this litigation or in another request for production. Such objection may be made in the short form,

3

"duplicative."

6.      Plaintiff objects to each of Defendant's demands to the extent they seek information relating to the intended subject of Plaintiff's experts. Such objection may be made in the short form "seeking expert disclosures or testimony." Such expert disclosures will be produced in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona, and the schedule set by the Court in this matter.

7.      Plaintiff objects to each of Defendant's demands to the extent they call for the production of documents that contain confidential medical, personal, or financial information.   Plaintiff objects to the production of such confidential documents unless pursuant to a Protective Order entered by the Court.

8.      Plaintiff will produce copies of responsive documents or make them available for inspection at a time, place, and in a manner that is mutually agreed upon by the parties.

9.      Plaintiff objects to the Defendant's demands as premature as investigation and fact and expert discovery are ongoing in this action, and reserves the right to supplement and/or amend all responses subsequent to the completion of discovery.

10.      Each of the foregoing General Objections is applicable to each of Defendant's demands. The failure specifically to assert one or more of the General Objections in response to a particular demand shall not be deemed a waiver thereof.  Subject to, and without waiving her general and specific objections to Defendant's demands, Plaintiff will provide a response to these requests in compliance with her obligations under the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona, any other applicable law, and any governing stipulations and/or understandings with counsel for the Defendants.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to Definition No. 4 regarding "document" or "documents" in that it includes documents "known of by Plaintiff."  The Definition is overbroad and unduly burdensome to the extent that it calls for the production of documents not within Plaintiff's possession, custody and/or control.

2.      Plaintiff objects to Definition No. 22 regarding "representative" as overbroad and unduly burdensome to the extent that it includes people who have "been requested or solicited to act" on Plaintiff's behalf but who never acted in such a manner.

3.      Plaintiff objects to Instruction No. 9 on the grounds that it calls for the production of "any and all drafts and copies of each document that is responsive to any request." To the extent that the Instruction calls for the production of identical copies, it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Instruction No. 9 as unreasonable and unduly burdensome to the extent that it requires the identification of the author(s) of all hand-written notes.

4.      Plaintiff objects to Instruction No. 11 as unreasonable and unduly burdensome to the extent it calls for production of a privilege log that imposes obligations greater than those set forth in Federal Rule of Civil Procedure 26(b)(5).

5.      Plaintiff objects to Instruction No. 17 as unreasonable, overly broad, and unduly burdensome. It would be unduly burdensome for Plaintiff to identify with the specificity required by this Instruction documents which, by their nature as lost or destroyed, are no longer in Plaintiff's possession, custody, or control.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all materials (including but not limited to documents, transcripts, and/or recordings) in your possession, your representative's possession, your attorney's possession and/or any other person's possession obtained by your "post-conviction and habeas team" during their review of Maricopa County Superior Court Clerk files, including, but not limited to, all materials obtained regarding the criminal matters identified in paragraphs 193, 195, 197, 198, 199, 200, 201, 204, 209, 210, 211, 212, 213, 214, 215, and 216 of your Second Amended Complaint and all documents obtained regarding any criminal cases where you allege Detective Saldate was involved, in any way, in the investigation.

**RESPONSE**:

Plaintiff objects to this request as vague, overly broad, and unduly burdensome to the extent that it seeks documents and records that are not in Plaintiff's possession, including records in the possession of "any . . . person."  Plaintiff further objects to the extent this request seeks documents unrelated to the issues in this litigation, including any documents, regardless of subject matter,  ever obtained by Plaintiff's post-conviction or habeas counsel from the Maricopa County Superior Court Clerk files, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent that it calls for the production of information and documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privilege. Plaintiff further objects that the request is ambiguous and unintelligible as written. Plaintiff interprets this request as seeking Maricopa County Superior Court Clerk materials pertaining to criminal cases involving Detective Saldate that were obtained by Plaintiff's post-conviction and habeas counsel and are currently in Plaintiff's possession. To the extent the request seeks documents beyond this, Plaintiff objects to the request as overly broad and unduly burdensome.

Subject to and without waiving these and the above-stated objections, Plaintiff directs Defendant to the following Bates ranges containing documents in Plaintiff's possession relating to Detective Saldate obtained from the Maricopa County Superior Court Clerk files, including exhibits from Plaintiff's post-conviction proceedings containing such documents: MILKE_NSB0012392–16659.

In addition to the above referenced Bates ranges, Plaintiff has multiple boxes of additional records obtained from the Maricopa County Superior Court Clerk files and will make them available for inspection at Plaintiff's counsel's offices at a mutually agreeable time. *See* MILKE_NSB16660–16708 for cover sheets of those files.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the above-stated objections, Plaintiff further directs Defendant to the following bates ranges containing Maricopa County Superior Court files obtained by Plaintiff's

6

1   counsel   during   the   course   of   this   civil   litigation:   MILKE_NSB023573–   23853,

2   MILKE_NSB029462–30300, MILKE_NSB030611–031820, MILKE_NSB032139-032143.

3

4   **REQUEST FOR PRODUCTION NO. 2:**

5       Produce   all   medical,   mental   health,   substance   abuse   and/or   other   healthcare   provider

6   records for providers seen at any time between December 2, 1988 and the present.  In addition,

7   produce an executed authorization for each provider.  A blank form of the authorization is attached

8   hereto.  Please fill in the Plaintiff's date of birth and social security number, as well as the name

9   and contact information for each provider.

10       **RESPONSE**:

11       Plaintiff objects to this request as overbroad to the extent that it seeks documents and

12   records unrelated to the issues in this litigation and not reasonably calculated to lead to the

13   discovery of admissible evidence.  Plaintiff further objects to this request to the extent that it calls

14   for the production of information and documents that are protected from disclosure by the attorney-

15   client privilege, the attorney work-product doctrine, and/or other applicable privilege or protection.

16       Plaintiff further objects to this request to the extent that it requires the production, prior to

17   entry of a Protective Order by the Court, of potentially confidential medical and/or treatment

18   information in violation of Plaintiff's right to privacy.

19       Subject to these and the above-stated objections, Plaintiff will produce medical and

20   healthcare provider records in her possession that are relevant to the issues in this litigation and

21   completed authorizations once a proper Protective Order is in place.

22       **SUPPLEMENTAL RESPONSE:**

23       Subject to and without waiving the above-stated objections, Plaintiff directs Defendant to

24   the following Bates ranges with medical and healthcare provider records and authorizations, which

25   Plaintiff designates as "Confidential" and subject to the Protective Order entered by the Court on

26   March   22,   2017:   MILKE_AZDOCHealth000001–000322,   MILKE_NSB025898–26040,

27   MILKE_NSB026122–26126,   MILKE_NSB029250-29261,   MILKE_NSB029291-29343,

7

1  MILKE_AZDOC001008-001030,   MILKE_AZDOCHealth000323-638,   MILKE_NSB031880-
2  031918.

3     Plaintiff further designates as "Confidential" and subject to the Protective Order any
4  material or records that Defendant may obtain directly from Plaintiff's medical and healthcare
5  providers as a result of her execution of the enclosed authorizations.

6

7  **<u>REQUEST FOR PRODUCTION NO. 3:</u>**

8     Produce all employment records for all of your employers for the five (5) years prior to
9  December 2, 1989 to your response date.  In addition, produce an executed authorization for each
10  employer.  A blank form of the authorization is attached hereto.  Please fill in Plaintiff's date of
11  birth and social security number, as well as the name and contact information for each provider.

12  **<u>RESPONSE</u>**:

13     Plaintiff objects to this request as overbroad and unduly burdensome to the extent that it
14  seeks documents and records that are not in Plaintiff's possession but rather uniquely within the
15  possession or control of third parties ("all employment records for all of your employers"). Plaintiff
16  further objects to this request as premature.  Plaintiff further objects to this request to the extent
17  that it seeks documents unrelated to the issues in this litigation, and is therefore not reasonably
18  calculated to lead to the discovery of relevant evidence.

19     Plaintiff further objects to this request to the extent that it requires the production, prior to
20  entry of a Protective Order by the Court, of potentially confidential personal and/or financial
21  information in violation of Plaintiff's right to privacy.

22     Subject to and without waiving these and the above-stated objections, Plaintiff will produce
23  relevant employment records in her possession and completed authorizations once a proper
24  Protective Order is in place.

25  **<u>SUPPLEMENTAL RESPONSE:</u>**

26     Subject to and without waiving the above-stated objections, Plaintiff directs Defendant to
27  the following Bates ranges with relevant employment records in her possession and completed

authorizations: MILKE_NSB026041–26107, MILKE_NSB026117–26119, MILKE_NSB026127–26131. Plaintiff designates the employment documents and authorizations at the following Bates ranges as "Confidential" and subject to the Protective Order entered by the Court on March 22, 2017: MILKE_NSB026045–26052, MILKE_NSB026054–26101, MILKE_NSB026117–26119, MILKE_NSB026127–26131, **MILKE_NSB033073-033151**, and **MILKE_NSB033152–033182**. Plaintiff further designates as "Confidential" and subject to the Protective Order any material or records that Defendant may obtain directly from Plaintiff's former employers as a result of her execution of the enclosed authorizations.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all letters, emails, correspondence, cards, memos or any other form of written communication—regarding the death of C.M., Detective Saldate, your criminal charges, your civil lawsuit—and/or any other communications with Jim Styers, Roger Scott, friends, witnesses, investigators, journalists, media outlets and/or family members during your incarceration at Maricopa County Jail and Arizona Department of Corrections up to your response date.  This request is intended to exclude all attorney-client communications, provided that they were not shared with a third-party who was not acting as a legal representative for the Plaintiff.

**RESPONSE:**

Plaintiff objects to this request as vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence in that it seeks *any person's* communications with Jim Styers, Roger Scott, friends, witnesses, investigators, journalists, media outlets and/or family members, regarding *any subject matter*.  Plaintiff further objects to this request as vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence to the extent that it seeks communications to or from *any person* "regarding the death of C.M., Detective Saldate, your criminal charges, your civil lawsuit."  Plaintiff further objects to this request as vague and unduly burdensome to the extent that is seeks written communications not in Plaintiff's possession, custody, or control.  Plaintiff further objects that the request is ambiguous

and unintelligible as written.

Plaintiff further objects to this request to the extent that it requires the production, prior to entry of a Protective Order by the Court, of potentially confidential personal, medical and/or financial information in violation of Plaintiff's right to privacy.

Subject to and without waiving these and the above-stated objections, Plaintiff responds that she will produce relevant written communications to and/or from Plaintiff for which Plaintiff maintains hard copies in her possession and control once a proper Protective Order is in place.

With regard to Plaintiff's email account, Plaintiff objects that it would be unduly burdensome for Plaintiff to review every email she has sent or received since her release. Plaintiff invites Defendant to confer with Plaintiff to identify appropriate search terms and criteria in order to isolate potentially responsive results for review. Plaintiff further responds discovery is ongoing and she therefore reserves the right to supplement and/or amend her response.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the above-stated objections, Plaintiff directs Defendant to the following Bates ranges with written communications to and/or from Plaintiff for which Plaintiff maintains hard copies in her possession: MILKE_NSB003211–4237, MILKE_NSB026132–29175, MILKE_NSB029262–029282. Plaintiff designates the documents at the following Bates ranges "Confidential" and subject to the Protective Order entered by the Court on March 22, 2017: MILKE_NSB003211–4237, MILKE_NSB026132–27702, MILKE_NSB027715–28888, MILKE_NSB029262–029282, MILKE_NSB031919-032087, **MILKE_NSB03878–032897, MILKE_NSB033387-033398**, and **MILKE_NSB033386**.

In addition to the above-referenced Bates ranges, Plaintiff has a box of written communications, drawings, and cards received by Plaintiff during her incarceration. These materials are available for inspection at Plaintiff's counsel's offices at a mutually agreeable time.

After conferring with Defendant regarding email search criteria, Plaintiff has searched her email account for emails referencing the following matters (as requested by Defendant): "Detective Saldate, any of the individuals who were originally named as Defendants in this action, Christopher

Milke, Jim Styers, Roger Scott, any of the other cases set forth in Plaintiff's Complaint, and any communications with the media regarding Plaintiff's criminal trial proceedings or civil lawsuit." As a result of this search, Plaintiff directs Defendant to the following Bates ranges with non-privileged emails to and/or from Plaintiff for which Plaintiff maintains copies in her possession: MILKE_NSB030366–30397. Plaintiff designates these emails as confidential and subject to the Protective Order entered by the Court on March 22, 2017.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all news articles, interviews, interview transcripts, audio files, movie files, broadcasts and/or any other form of media documenting your conversations with and/or your criminal prosecution and civil lawsuit with journalists, press, news media, press corps, reporters, investigators, commentators and/or any other news medium in your possession or your representative's possession.

**RESPONSE**:

Plaintiff objects to this request as vague, ambiguous and unintelligible as written. Plaintiff further objects to this request as overly broad and unduly burdensome to the extent that it seeks documents and things that are a matter of public record and equally available to Defendants. It would be unduly burdensome to require Plaintiff to identify and produce every publicly available article or broadcast related to Plaintiff's criminal prosecution or civil lawsuit.  To the extent they are not already in Plaintiff's possession, publicly available records including, but not limited to, newspaper articles, videos and/or other documents available on the Internet, will not be produced. Plaintiff further objects to this request in that it is vague and overly broad to the extent that it seeks documents or things that are beyond the scope of this present litigation ("any other news medium in your possession or your representative's possession").  Plaintiff further objects to this request to the extent that it calls for the production of information and documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privilege or protection. Plaintiff interprets this request as seeking all news articles,

11

interviews, interview transcripts, audio files, and broadcasts in Plaintiff's possession relating to Plaintiff's criminal prosecution and civil lawsuit. To the extent this request seeks a broader category of documents, Plaintiff objects to the request as overly broad and unduly burdensome.

Subject to and without waiving these and the above-stated objections, Plaintiff directs Defendant to the following Bates ranges: MILKE_NSB0016709–17403. In addition, Plaintiff directs Defendant to the audio and video recordings included in the folder titled "Response to Request 5_audio and video."

Plaintiff further responds that she is continuing to review documents and records in her possession and will produce any additional responsive documents as they are located.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the above-stated objections, Plaintiff further directs Defendant to the documents and recordings at the following Bates ranges: MILKE_NSB020257–20273, MILKE_NSB029179, MILKE_NSB029283–029290, MILKE_NSB030413–030415, MILKE_NSB031825. Plaintiff additionally directs Defendant to recordings at the following bates ranges, which Plaintiff does not believe are responsive to the Defendant's request but which Plaintiff is disclosing in the abundance of caution given the ambiguity of the request: MILKE_NSB031822–031823, MILKE_NSB031828.


**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all defense interviews of any and all witnesses and/or individuals with knowledge of the allegations in your Second Amended Complaint to include, but not be limited to, audio files, video files, transcripts, statements, declarations, affidavits, etc.

**RESPONSE**:

Plaintiff objects to this request on the ground that it is vague and unintelligible as to the meaning of the term "defense interviews." Plaintiff interprets this request as seeking transcripts and/or recordings of witness interviews conducted by defense counsel during Plaintiff's criminal proceedings and signed witness affidavits. To the extent the request seeks production of documents

beyond this category of documents, Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff also objects to the extent this request calls for the production of documents protected by the attorney work-product doctrine, the attorney-client privilege, and/or other applicable privilege or protection.  Plaintiff further objects to this request as unduly burdensome to the extent it requests documents already in the possession of Defendant.

Subject to and without waiving these and the above-stated objections, Plaintiff directs Defendant to the following Bates ranges: MILKE_NSB0017404–18338. In addition, Plaintiff directs Defendant to the audio recordings included in the folder titled "Response to Request 6_audio."

Plaintiff further responds that she is continuing to review documents and records in her possession and will produce any additional responsive documents as they are located.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the above-stated objections, Plaintiff further directs Defendant to the documents and recordings at the following Bates ranges: MILKE_NSB004651–4736, MILKE_NSB06051–6107, MILKE_NSB018092–18151, MILKE_NSB023939–23996, MILKE_NSB029181–29185,       MILKE_NSB30398,       MILKE_NSB030399–031412, MILKE_NSB030415–030477,       MILKE_NSB030516–030610,       MILKE_NSB031821, MILKE_NSB031824, MILKE_NSB031826–031827, and **MILKE_NSB033538–033545.**

**REQUEST FOR PRODUCTION NO. 7:**

Produce the complete files for any and all experts retained by you or your representatives during your criminal trial, post-conviction proceedings and/or this civil matter.

**RESPONSE**:

Plaintiff objects to this request as premature as discovery is ongoing and the request calls for the disclosure of expert material in advance of the time set forth in the Federal Rules of Civil Procedure and the Court's schedule in this case.  Plaintiff further objects that this request is vague

("complete files"), unduly burdensome, and seeking expert material protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving these and the above-stated objections, Plaintiff directs Defendant to the following Bates ranges containing expert material which, to the best of Plaintiff's knowledge, was previously disclosed during the course of Plaintiff's criminal proceedings: MILKE_NSB0018339–569.  *See also* C_13667–13678

Plaintiff further responds that discovery is ongoing and she therefore reserves the right to supplement and/or amend her response. Additionally, Plaintiff will disclose expert material as required by the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona, and the Court's schedule.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the above-stated objections, Plaintiff further directs Defendant to the following Bates ranges containing expert material which, to the best of Plaintiff's knowledge, was previously disclosed during the course of Plaintiff's criminal proceedings: MILKE_NSB022584–22590, MILKE_NSB022600–22625.


**REQUEST FOR PRODUCTION NO. 8:**

Produce a compressed file containing the entire history of any social media profiles maintained by you including, but not limited to, blogs, Facebook, Twitter, MySpace, Instagram, SnapChat and/or any other social media/media sharing platform identified by you in response to Interrogatory Number 8 by downloading all content, including photos, ads, timelines, wall and information from your user and account history file.

**RESPONSE**:

Plaintiff objects to this request as vague ("social media profile"), overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as confusing and unintelligible in that Defendant has not served any

Interrogatories on Plaintiff to date, nor has Plaintiff responded to any.  Subject to and without waiving these and the above-stated objections, Plaintiff responds that Plaintiff does not maintain any social media profiles and therefore is not aware of any documents responsive to Request No. 8.  Plaintiff further responds that discovery is ongoing and she therefore reserves the right to supplement and/or amend her response.

**REQUEST FOR PRODUCTION NO. 9:**

Produce your complete Arizona Department of Corrections inmate, medical and psychological files, and/or any jail telephone recordings.  In the alternative, execute the attached release for medical records so Defendant can obtain these records through subpoena *duces tecum*.

**RESPONSE**:

Plaintiff objects to this request as vague ("any jail telephone recordings") and unduly burdensome in that it seeks recordings not in Plaintiff's custody and not released to Plaintiff as part of her DOC inmate file.  Plaintiff further objects as this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privilege or protection.

Plaintiff further objects to this request to the extent that it requires the production, prior to entry of a Protective Order by the Court, of potentially confidential personal, medical and/or treatment information in violation of Plaintiff's right to privacy.

Subject to and without waiving these and the above-stated objections, Plaintiff responds that she has requested her inmate file and medical file from the Arizona Department of Corrections. Plaintiff will produce these records and completed authorizations once a proper Protective Order is in place. Plaintiff further responds that discovery is ongoing and she therefore reserves the right to supplement and/or amend her response.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the above-stated objections, Plaintiff directs Defendant to Plaintiff's inmate file and medical files received from the Arizona Department of Corrections and

inmate file received from the Maricopa County Sheriff's Office, and medical files received from the Maricopa County jail, which Plaintiff designates as "Confidential" and subject to the Protective Order entered by the Court on March 22, 2017:   MILKE_AZDOCHealth000001–000322, MILKE_AZDOC000001–001007,   MILKE_NSB024151–24188,   MILKE_NSB026120–26121, MILKE_AZDOC001008-001030,          MILKE_AZDOCHealth000323-000638,          and **MILKE_NSB032898–033072**.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents and things requested and obtained by you or your representatives in response to any public records request under Arizona law or FOIA to the City of Phoenix, Maricopa County Superior Court, Maricopa County, Maricopa County Attorney's Office and/or any other entity regarding the allegations contained in your Second Amended Complaint.  (If some of these items have already been provided to Defendants through disclosure, please provide a list of said documents and things provided to Plaintiffs in lieu of just referring Defendants to Plaintiffs' disclosure statement.)

**RESPONSE**:

Plaintiff objects on the grounds that this request is vague, unduly burdensome, seeks documents and information protected by the attorney work-product doctrine, is not calculated to lead to the discovery of admissible evidence, and calls for information and records within the possession of Defendant.  Subject to and without waiving these and the above-stated objections, Plaintiff responds that, upon information and belief, Plaintiff has not requested or obtained any documents pursuant to public records requests and therefore is not aware of any documents that are responsive to this request.  Plaintiff directs Defendant to her response to Request No. 1, including documents obtained from the Maricopa County Superior Court.  Upon information and belief, those documents were not obtained through a formal public records request but rather by directly accessing the Clerk's public records system.

Plaintiff further responds discovery is ongoing and she therefore reserves the right to

1    supplement and/or amend her response.

2

3    **REQUEST FOR PRODUCTION NO. 11:**

4    Produce all impeachment exhibits you possess.

5    **RESPONSE**:

6    Plaintiff objects to this request as premature as discovery is ongoing and the request seeks

7    disclosure of impeachment material in advance of the time period set forth in the Federal Rules of

8    Civil Procedure.  Plaintiff further objects that this request is vague, overly broad and unduly

9    burdensome to the extent it requests impeachment exhibits not related to this litigation ("all

10   impeachment exhibits").  Plaintiff further objects on the grounds that this request seeks documents

11   and information protected by the work-product doctrine and the attorney-client privilege. Subject

12   to and without waiving these and the above-stated objections, Plaintiff responds that all documents

13   or things that Plaintiff intends to use as impeachment exhibits in this litigation will be provided as

14   required by Federal Rules, the Local Rules of the District of Arizona, and the Court's schedule.

15

16   **REQUEST FOR PRODUCTION NO. 12:**

17   Produce any and all documents, materials, files, exhibits, transcripts, photographs,

18   psychological reports and records, interviews, audio and/or any other materials that were provided

19   to Attorney Gary L. Stuart, who wrote the book: Anatomy of a Confession.

20   **RESPONSE**:

21   Plaintiff objects to this request as vague, unduly burdensome, and not calculated to lead to

22   the discovery of admissible evidence.  Subject to and without waiving these and the above-stated

23   objections, Plaintiff responds that, upon information and belief, Gary Stuart was permitted to

24   review materials from the trial, appeal, post-conviction, and federal habeas proceedings, but he did

25   not review files containing documents or things that are protected under the attorney work-product

26   doctrine, the attorney-client privilege, and/or any other applicable privileges. It would be unduly

27   burdensome for Plaintiff to determine and specifically identify all the documents and materials that

Mr. Stuart reviewed, as the records that Mr. Stuart was permitted to access have been intermingled with other records and are no longer maintained in the same form. The information Defendant seeks regarding the material Mr. Stuart reviewed would be more appropriately addressed by taking his deposition.

Plaintiff further responds that she is currently reviewing the file to identify responsive documents and will make them available for inspection at Plaintiff's counsel's offices at a reasonable time in the future.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving the above-stated objections, Plaintiff directs Defendant to the specific documents identified on by Plaintiff's habeas counsel, Lori Voepel, as having been sent directly to Gary Stuart in August 2014: **MILKE_NSB033183–033385.**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all materials (including but not limited to police reports, transcripts, audio recordings, and/or witness statements) that Plaintiff or her criminal trial counsel, Ken Ray and/or his paralegal/office staff, possessed between December 2, 1989, and December 2, 1991, regarding any other criminal investigation that Detective Saldate was involved in, including but not limited to, the reference made by Ken Ray, in Plaintiff's criminal trial, to an interrogation occurring on December 19, 1987 at 3:40 in the afternoon.  *See* COP11692-3.

**RESPONSE**:

Plaintiff objects to this request as vague and unduly burdensome.  Plaintiff's file is no longer maintained in the form that it was created and maintained by Ken Ray between 1989 and 1991. The information Defendant seeks would be more appropriately addressed by way of deposition testimony. Subject to and without waiving these and the above-stated objections, Plaintiff responds that it is her belief and understanding that the reference made by Ken Ray was to the case State v. Running Eagle, CR 87-11508.  Plaintiff further responds that discovery is ongoing and she therefore reserves the right to supplement and/or amend her response.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving the above-stated objections, Plaintiff directs Defendants to the following communications, which Plaintiff designates as "Confidential" and subject to the Protective Order entered by the Court on March 22, 2017: **MILKE_NSB033387-033398** and **MILKE_033386.**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all materials (including but not limited to police reports, transcripts, audio recordings, and/or witness statements) that Plaintiff or her criminal trial counsel, Ken Ray and/or his paralegal/office staff, possessed between December 2, 1989, and December 2, 1991, that pertain to the following statement in Plaintiff's letter to Ken Ray: "Anyhow—as far as I see—the only thing we have to work out is Saldate's report. That pig cop should be reprimanded for what he did and I don't understand how he got away with it before…" *See* C_05518.

**RESPONSE**:

Plaintiff objects to this request as vague ("pertain to"), unduly burdensome, not calculated to lead to the discovery of admissible evidence, and seeking documents or things that are protected under the attorney work product doctrine and/or the attorney-client privilege.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving the above-stated objections, Plaintiff directs Defendants to her answer to Request for Production No. 13 above.

DATED: October 31, 2018

NEUFELD SCHECK & BRUSTIN, LLP


By ____/s/ Katie McCarthy_____
     Nick J. Brustin (admitted pro hac vice)
     Anna Benvenutti Hoffmann (admitted pro hac vice)
     Amelia Green (admitted pro hac vice)
     Mary McCarthy (admitted pro hac vice)
     99 Hudson St., 8th Floor
     New York, NY 10013

     Michael D. Kimerer
     Rhonda Elaine Neff
     KIMERER & DERRICK, P.C.
     1313 E. Osborn Road, Suite 100
     Phoenix, AZ 85014

     Vanessa Buch (Bar # 033553)
     1145 N. Mountain Ave
     Tucson, AZ 85719

     Joshua E. Dubin, Esq. PA. (admitted pro hac vice)
     7413 Fairfax Dr., Bldg. F
     Tarmac, Florida 33321

1

2

## **<u>CERTIFICATE OF SERVICE</u>**

3

I certify that on October 31, 2018 a true and accurate copy of *Plaintiff's Fifth Supplemental Response to Defendant City of Phoenix's First Request for Production of Documents* was served via electronic mail to counsel for all Defendants.

4

5

6

7

_____/s/ Katie McCarthy_____
Katie McCarthy

8

*Attorney for Plaintiff Debra Jean Milke*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27