**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jean Milke, | No. CV-15-00462-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

On September 20, 2019, the Court resolved numerous discovery disputes, including disputes involving Plaintiff's and habeas counsel's emails. (Doc. 583). Shortly after that Order, Plaintiff sought clarification as well as an extension of time to produce documents. (Doc. 584). Defendants oppose that motion, claiming there is no need for clarification. Having reviewed the motion and response, the Court will provide clarification and grant an extension of time.

**A. Plaintiff's Emails**

The Court ordered Plaintiff to "produce all of her non-privileged emails." (Doc. 583 at 4). Plaintiff seeks clarification whether she must produce "every single non-privileged email Plaintiff has in her possession, custody, or control, that she has ever sent or received (including all spam emails), or whether [she must produce only] non-privileged emails responsive to the City's RFP #4." (Doc. 584 at 2-3). Neither option is correct.

The Court's Order contained no mention of limiting Plaintiff's email production to RFP #4 and there is no basis to read that limitation into the Court's order. In fact, Plaintiff's

reference to RFP #4 raises concerns about her prior discovery responses.[1] At this point, Plaintiff should have already produced all of her emails that were responsive to RFP #4. But in any event, the Court's Order was not intended to require Plaintiff to produce every single non-privileged email, including spam emails. Rather, Plaintiff must produce every non-privileged email that is relevant to the claims or defenses in this case. This means Plaintiff need not produce "vet appointment reminders" or "spam emails." (Doc. 584 at 2). But she might need to produce "bank and credit card notifications and statements" given that Plaintiff's financial situation could be relevant to her damages. (Doc. 584 at 2).

### B. Habeas Counsel's Emails

In ruling which of habeas counsel's email Plaintiff should produce, the Court explained that Defendant's position was that Plaintiff should "review all of Michael Kimerer and Lori Voepel's emails that include the word 'Milke' and either produce each email or list each email on a privilege log." (Doc. 583 at 2). The Court agreed and ordered Plaintiff "to produce all non-privileged responsive emails and produce a privilege log regarding any withheld emails." Plaintiff seeks clarification whether she must produce

> all of Mr. Kimerer's emails relating to the civil case (containing the word "Milke") which are not privileged, and to privilege log (and produce for in camera inspection) all of Mr. Kimerer's emails (containing the word "Milke") relating to the civil case that are privileged, such as emails with his staff or co-counsel
>
> or
>
> all of Mr. Kimerer's non-privileged emails containing the word "Milke" only with respect to his involvement in the habeas/retrial proceedings (and privilege logging and in camera inspection of any privileged emails from his involvement in the habeas/retrial proceedings).

(Doc. 584 at 3-4). Perhaps unintentionally, the two options proposed by Plaintiff are not accurate. The Court interprets Plaintiff as seeking guidance on whether to produce Mr. Kimerer's non-privileged emails from the habeas/retrial proceedings *and* the present civil

---

[1] During her deposition, Plaintiff was asked whether she uses "e-mail to correspond with anybody." Plaintiff responded "Um, not really, no." Given that answer, it is surprising that Plaintiff has at least 4,300 emails.

case or *only* emails from the habeas/retrial proceedings.[2] Plaintiff must produce Mr. Kimerer's non-privileged emails from the habeas/retrial proceedings and the present civil case.

Plaintiff also seeks clarification whether she must log and produce emails that contain the word "Milke" but are "not about the Milke case at all." (Doc. 584 at 4). No, Plaintiff need not produce those emails.

Finally, Plaintiff's counsel contacted the Court regarding the form in which to submit documents for *in camera* review. Those documents may be submitted in electronic form. The Court understands the documents at issue will be voluminous. While the Court will have possession of the documents, it will not review them until, based on the privilege log, Defendants identify documents where there are genuine questions regarding the documents' status as privileged.

**C. Extension of Time and Resetting of Deadline for Sanctions Motion**

In a previous Order, Plaintiff was directed to produce a privilege log by September 25, 2019. Plaintiff seeks an extension of that deadline to October 11, 2019. That request will be granted.

Based on the delay in Plaintiff's production of discovery materials, Defendants seek an extension of the October 11, 2019, deadline for filing their Second Motion for Sanctions. (Doc. 588). Plaintiff has no objection to that request. (Doc. 591). The requested extension will be granted.

Defendants request the Court reset the deadline for their sanctions motion during a status hearing. The Court will require the parties file a joint statement indicating the status of discovery and a proposed briefing schedule for the motion for sanctions. After reviewing that joint statement, the Court will determine whether a status conference is necessary.

**D. Motion for Reconsideration**

---

[2] The fact that Plaintiff does not reference emails from Ms. Voepel, who only represented Plaintiff during her habeas/retrial proceedings, indicates that Plaintiff knows the emails from her habeas/retrial proceedings must be produced.

Maricopa County seeks reconsideration of the Court's order prohibiting the parties from filing dispositive motions. It is no longer clear that dispositive motions would be futile but it would be premature to set a dispositive motion deadline. Therefore, the Court will deny the motion for reconsideration but will consider setting a deadline for dispositive motions if the second motion for sanctions does not result in dismissal of this case.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 500) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Extension of Time and Motion for Clarification (Doc. 584) is **GRANTED** as set forth above.

**IT IS FURTHER ORDERED** the Motion for Leave to File Non-Electronic Exhibits (Doc. 587) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Vacate Order (Doc. 588) is **GRANTED IN PART** and **DENIED IN PART**. The October 11, 2019, deadline for filing the second motion for sanctions is **VACATED**.

**IT IS FURTHER ORDERED** no later than **October 23, 2019**, the parties shall file a joint status report setting forth the status of the discovery relevant to Defendants' motion for sanctions. That status report shall include proposed deadlines for briefing the motion for sanctions.

**IT IS FURTHER ORDERED** the Motions for Leave to File Excess Pages (Doc. 594, 599) are **GRANTED**.

Dated this 11th day of October, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge