Elizabeth C. Wang (admitted *pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460, Boulder, CO 80302
O: 720.328.5642; F: 312.243.5902
elizabethw@loevy.com

Jon Loevy (admitted *pro hac vice*)
Rachel Brady (admitted *pro hac vice*)
Danielle Hamilton (admitted *pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607
O: 312.243.5900; F: 312.243.5902
jon@loevy.com
brady@loevy.com
hamilton@loevy.com

Michael D. Kimerer (Bar # 002492)
Rhonda Elaine Neff (Bar # 029773)
KIMERER & DERRICK, P.C.
1313 E. Osborn Rd., Suite 100, Phoenix, AZ 85014
Tel: 602.279.5900; Fax: 602.264.5566
mdk@kimerer.com
rneff@kimerer.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Debra Jean Milke,<br><br>        Plaintiff,<br>v.<br><br>City of Phoenix;<br>Maricopa County;<br>Detective Armando Saldate, Jr.; and<br>Sergeant Silverio Ontiveros, in their<br>individual capacities.<br><br>        Defendants. | No. 2:15-cv-00462-ROS<br><br>**PLAINTIFF'S SUPPLEMENT TO RESPONSE TO DEFENDANTS' SECOND MOTION FOR SANCTIONS [Dkt. 631] IN LIGHT OF COURT'S PROPOSED ORDER** |

1

## INTRODUCTION

For the reasons that Plaintiff has explained in her response to Defendants' second motion for sanctions (Dkt. 642) (and as supported by the numerous other briefs and filings of record in this case), there is no basis to dismiss Plaintiff's case as a sanction for any discovery violations.

This case is about Defendant Saldate's fabrication of Plaintiff's confession, whether the City of Phoenix should have disciplined him for his repeated violations of criminal defendants' constitutional rights, and whether the Maricopa County Attorney's Office should have had a method of tracking and disclosing other instances of Saldate's misconduct. It is about how these unconstitutional behaviors caused Plaintiff to sit wrongfully on death row for over two decades. None of Defendants' arguments casts any doubt on Plaintiff's innocence or the fact that she was wrongfully imprisoned.

Plaintiff files this supplement in response to the Court's proposed order entered yesterday afternoon at 1:51 p.m. and in advance of the oral argument this morning at 10:00 a.m.

This supplement addresses just one specific issue in the Court's proposed order. The Court stated in its order that the proposed lesser sanction of dismissing Plaintiff's Fifth Amendment involuntary/coerced confession claim would be a "weak" and insufficient sanction because "that claim is already gravely undermined by Milke's own statements acknowledging Saldate read her *Miranda* warnings twice and, after the second reading, Milke state she understood. Dismissing a facially weak claim would be a very minor sanction." Dkt. 657 at 43.

The Court cannot, at this stage, make a credibility determination that a reasonable jury could not credit Plaintiff's testimony over Saldate's and that therefore Plaintiff's Fifth Amendment claim is weak and Defendants would be likely to win. Credibility

determinations are for the jury to make. *Cruz v. City of Anaheim*, 765 F.3d 1076, 1080 (9th Cir. 2014) ("We make no determination about the officers' credibility, because that's not our determination to make. We leave it to the jury."); *Longoria v. Pinal Cty.*, 873 F.3d 699, 710 (9th Cir. 2017) ("A jury must determine [Officer] Rankin's credibility in light of conflicting accounts from his partner, other officers, Longoria's expert, and the videos in real-time."). But if the argument is that Plaintiff's Fifth Amendment claim is weak and that dismissing it would be an insufficient sanction, that determination necessarily requires a review of *Saldate's prior statements and testimony* and numerous inconsistent statements. Thus, Plaintiff supplements the record with evidence (attached as Exhibits 1 through 15) that supports that Plaintiff's Fifth Amendment claim is not weak and that Saldate's version of events has been thoroughly impeached.

Moreover, for decades, the City of Phoenix and Maricopa County hid exculpatory information from Plaintiff, even though her trial attorney requested exculpatory information before trial. Plaintiff was tried and sentenced to death and she continued to pursue that exculpatory information of Saldate's prior misconduct. Despite the clear and unambiguous constitutional obligation to turn that information over, the City of Phoenix *destroyed* information from Saldate's personnel and internal affairs files. *See, e.g.,* Exs. 13, 14.

Although Plaintiff disagrees that her destruction of any documents threatens to interfere with Defendants' ability to have a rightful decision of the case, if that applies, it applies equally to Defendants. They destroyed Saldate's personnel and Internal Affairs files, despite their constitutional obligation not to and pending requests. We can never know what was in those files, but the evidence that we do have (much of which was discussed in the Ninth Circuit's opinion and in Saldate's deposition (Ex. 1)) shows that there was likely much more misconduct of Saldate in those files that Defendants destroyed. As the Ninth Circuit held, "The court documents Milke presented in post-

3

conviction proceedings showing Saldate's misconduct—misconduct that should have been disclosed by the state—suggested that the personnel file would contain even more." *Milke v. Ryan*, 711 F.3d 998, 1006 (9th Cir. 2013).

Respectfully submitted,


/s/ Elizabeth C. Wang


Elizabeth C. Wang (admitted *pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460, Boulder, CO 80302
O: 720.328.5642; F: 312.243.5902
elizabethw@loevy.com

Jon Loevy (admitted *pro hac vice*)
Rachel Brady (admitted *pro hac vice*)
Danielle Hamilton (admitted *pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607
O: 312.243.5900; F: 312.243.5902
jon@loevy.com
brady@loevy.com
hamilton@loevy.com

Michael D. Kimerer (Bar # 002492)
Rhonda Elaine Neff (Bar # 029773)
KIMERER & DERRICK, P.C.
1313 E. Osborn Rd., Suite 100, Phoenix, AZ 85014
Tel: 602.279.5900; Fax: 602.264.5566
mdk@kimerer.com
rneff@kimerer.com

# **CERTIFICATE OF SERVICE**

I, Elizabeth Wang, hereby certify that on September 18, 2020, I filed the foregoing Plaintiff's Supplement via CM/ECF, which was electronically delivered to all counsel of record, including:

| | |
|---|---|
| Christina G. Retts | cretts@wienekelawgroup.com |
| James A. Eaves | artie.eaves@sandersparks.com |
| | michele.logan@sandersparks.com |
| Jody C. Corbett | jody@berkelawfirm.com |
| | laine@berkelawfirm.com |
| | Shirley@berkelawfirm.com |
| Whitney Harvey | whitney@berkelawfirm.com |
| Josh Dubin | jdubin@dubinconsulting.com |
| Kathleen L. Wieneke | kwieneke@wienekelawgroup.com |
| | kpenny@wienekelawgroup.com |
| | lpiasecki@wienekelawgroup.com |
| Lori V. Berke | lori@berkelawfirm.com |
| Michael D. Kimerer | mdk@kimerer.com |
| | mwallingsford@kimerer.com |
| Rhonda E. Neff | rneff@kimerer.com |
| Robin E. Burgess | robin.burgess@sanderspark.com |
| Sally A. Odegard | sodegard@hoklaw.com |
| | gzappia@hoklaw.com |

/s/ Elizabeth C. Wang
Counsel for Plaintiff