**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jean Milke, | No. CV-15-00462-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

On October 30, 2020, the Court entered judgment against Plaintiff, which Plaintiff appealed. (Doc. 684, 686). Defendants then submitted bills of costs, to which Plaintiff filed objections as well as a "Motion to Stay Defendants' Bills of Costs." (Doc. 684, 686, 696). That motion requests a "stay of adjudication or **enforcement** of [Defendants'] bill[s] of costs." (Doc. 696 at 3) (emphasis added). Defendants oppose that motion, arguing the Federal Rules of Civil Procedure set out a procedure for obtaining a stay of a money judgment pending appeal. (Doc. 697). Because Plaintiff's motion did not reference or present any argument under that procedure, Defendants argue a stay is not merited. In her reply, Plaintiff claims Defendants "misunderstand [her] motion." (Doc. 701 at 2). According to the reply, Plaintiff is seeking only "to stay adjudication of or ruling on Defendants' bills of costs, not to stay *execution of a yet-to-be-entered monetary judgment for taxable costs.*" (Doc. 701 at 2) (emphasis in original).

Defendants' confusion regarding the relief Plaintiff is seeking is understandable. Despite Plaintiff's position in her reply, her original motion sought to stay adjudication or

"enforcement" of the imminent judgment on the bills of costs. The motion referenced a stay of "enforcement" multiple times and included the following statement:

> Given the economic disparity between the parties and the lack of prejudice to Defendants resulting from a stay of enforcement of the cost bill pending appeal, the public interest would be served by holding payment on the cost bill in abeyance.

(Doc. 696 at 3). Plaintiff does not explain how Defendants should have known her request to "stay . . . enforcement of the cost bill pending appeal" was not, in fact, a request to stay enforcement of a judgment pending appeal. (Doc. 701 at 2).

But accepting Plaintiff's new position that she is seeking a stay of adjudication of the bills of costs and not a stay of the imminent judgment regarding those bills, she is not entitled to such relief. The normal procedure, outlined in Local Rule 54.1 and Federal Rule of Civil Procedure 62, is for the prevailing parties to file their bills of costs, the losing party to file her objections, and the Clerk of Court to tax the costs. Local Rule 54.1(b). If a party is dissatisfied with the taxation judgment, that party may file a motion seeking review by the Court. *Id.* Once the Court resolves such a motion, the non-prevailing party may automatically obtain a stay of the judgment by posting a bond. Fed. R. Civ. P. 62(b). Alternatively, that party may request the Court allow some other form of security or, in "unusual circumstances," no security at all. *Estate of Casillas v. City of Fresno*, No. 1:16-CV-1042-AWI-SAB, 2020 WL 3802749, at *1 (E.D. Cal. July 7, 2020).

The only basis Plaintiff offers for deviating from the normal procedure is that "it would not be a good use of judicial resources" to resolve the bills of costs at this point. But, as Plaintiff recognizes, the costs that are taxable are dictated by statute and Local Rule. Thus, it will not require a substantial amount of work by the Clerk of Court to resolve the bills of costs. Therefore, the Court will not stay adjudication of the bills of costs. The primary case Plaintiff cites supports this conclusion.

In *Green v. Kanazawa*, a magistrate judge was faced with a motion for attorneys' fees and a bill of costs from prevailing defendants. No. CV 16-00054 LEK-KSC, 2018 WL 6592045, at *1 (D. Haw. July 2, 2018). The fees motion sought over three million

dollars while the bill of costs sought approximately fifty thousand dollars. The losing plaintiff had appealed the underlying judgment and the magistrate judge determined "the pendency of the appeal before the Ninth Circuit" meant "judicial economy will be served by deferring the ruling" on the fees motion and bill of costs until the appeal was resolved. *Id.* Plaintiff cites this decision as establishing it is permissible to stay adjudication of a bill of costs pending appeal. Plaintiff also claims *Green* establishes that when a court issues such a stay, there is no need to discuss whether adequate security should be required for the future judgment. (Doc. 701 at 2-3). The subsequent history of *Green* shows Plaintiff is mistaken.

The defendants in *Green* appealed the magistrate judge's decision to the district judge. *Green v. Kanazawa*, No. CV 16-00054 LEK-KSC, 2018 WL 5621953, at *1 (D. Haw. Oct. 30, 2018). On appeal, the district judge determined the magistrate judge's decision to stay consideration of the motion and bill of costs "did not sufficiently address the potential prejudice to Defendants and the potential hardship or inequity to Plaintiffs." *Id.* at *6. After considering those factors, the district judge determined a stay without security was inappropriate. *Id.* Thus, the plaintiffs were "ordered to post a supersedeas bond" of over three million dollars. *Id.* at *7. If the plaintiffs posted the bond, the court would stay consideration of the fees motion and bill of costs. But if no bond was posted, consideration of the fees motion and bill of costs would not be stayed pending appeal. *Id.*

The complete history of *Green* confirms the normal procedure, or something very close to it, should be followed. That procedure allows for the orderly resolution of bills of costs and, when appropriate, a stay of any money judgment upon posting of adequate security. Plaintiff has not identified any convincing reason to deviate from the normal procedure. In exceptional circumstances, staying consideration of a bill of costs might be merited. But as illustrated by the district court's decision in *Green*, even that type of stay would likely necessitate the posting of security. A stay of the consideration of the bills of costs, without security, is not appropriate.

Finally, once the bills of cost are resolved and judgment is entered, Plaintiff is free

to seek a stay of that judgment. But if Plaintiff chooses to seek a stay, and she represents she lacks the ability to provide *any* security, she should address whether the Court can accept that representation given her past conduct. Throughout the sanctions proceedings, Plaintiff repeatedly shifted positions regarding her ability to pay monetary sanctions. As recounted in the October 30, 2020 Order, Plaintiff has alternatively claimed she has no funds or that she may have access to substantial funds, depending on the needs of the argument she is making at the time. (Doc. 683 at 43-45). Assuming Plaintiff has very limited funds, any motion to stay the judgment should identify the amount of security she can provide, even if she cannot post a bond in the full amount. In short, the Court is unlikely to grant a stay of a money judgment without any form of security.

Accordingly,

**IT IS ORDERED** the Motion for Extension of Time (Doc. 692) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Stay (Doc. 696) is **DENIED**.

Dated this 15th day of December, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge